COPY

1   THE LAW OFFICES OF STEVEN C. VONDRAN PC
    steve@vondranlaw.com
2   Steven C. Vondran, Esq. (SBN# 232337)
    620 Newport Center Drive, Suite 1100
3   Newport Beach, California 92660
    Telephone: (949) 945-8700
4   Facsimile: (888) 551-2252

5   Attorneys for Plaintiff(s):
    LORI STEELE
6

FILED
CLERK, U.S. DISTRICT COURT

JAN - 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LORI STEELE, an individual<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF SAM CHANDRA, a professional corporation; and WEDGEWOOD COMMUNITY FUND II, LLC, a California limited liability company and DOES 1 through 10 Inclusive,<br><br>Defendants. | Case No.: CV13-00005-GAF (SHx)<br><br>**VERIFIED COMPLAINT:**<br><br>1. **Federal Fair Debt Collection Practices Act – 15 U.S.C. 1692 et. Seq. ("FDCPA");**<br>2. **Violation of Cal.Bus. & Profession Code §17200**<br>3. **Tort in Se**<br>4. **Intrusion on Seclusion and Solitud (Right of Privacy)**<br>5. **Intentional Infliction of Emotional Distress**<br>6. **Injunction**<br>7. **Declaratory Relief**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.   This is an action for actual and statutory damages, and attorney fees

brought by Plaintiff LORI STEELE ("STEELE" and/or "Plaintiff"), an

1

individual consumer, against Defendants LAW OFFICES OF SAM CHANDRA ("CHANDRA") and WEDGEWOOD COMMUNITY FUND, II, LLC ("WEDGEWOOD") for violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices and for other causes of action set forth herein. Plaintiff hereby seeks actual and statutory damages, attorney fees and other relief that may be just and proper.

## II. JURISDICTION

2. Jurisdiction of this court arises under *15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.* Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202.* Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Lori Steele ("STEELE" and/or "Plaintiff"), is a natural person and consumer residing currently residing at 1048 West Newhill Street, Glendora, CA 91741. Ms. Steele is foster mom for young girls.

4. Defendant, Law Offices of Sam Chandra, a Professional Corporation ("CHANDRA" and/or "Defendant") is a California corporation and a law firm that routinely engages in the business of collecting debts on behalf of another in the state of California, and in Los Angeles County, with its principal place of business located at 710 S. Myrtle Avenue, Suite 600, Monrovia, California

1    91016.   On information and belief CHANDRA is authorized, and acts as an

2    authorized agent on behalf of Wedgewood Community Fund II, LLC

3

4    ("WEDGEWOOD" and/or Defendant), as its principle, and is engaged in a joint

5    venture with WEDGEWOOD to conduct contingency-based debt collection

6    activities on behalf of WEDGEWOOD in the instant case, (as well as in other

7

8    cases on their behalf).  CHANDRA has previously represented that is a debt

9    collector in a prior filing with the Superior Court, County of Los Angeles by

10   giving a FDCPA notice as referenced in Attached **Exhibit "A" (see bottom**

11

12   **p.2)**, which is incorporated herein by reference.

13        5.   Defendant   Wedgewood   Community   Fund   II,   LLC

14   ("WEDGEWOOD") is a California limited Liability Company that conducts

15

16   business in California, including business in the County of Los Angeles

17   involving real estate foreclosure activities.

18        6.   Defendant CHANDRA, on behalf of WEDGEWOOD, are engaged

19

20   in the collection of debts from consumers using means of interstate commerce,

21   including the mail and telephone, and on information and belief regularly

22

23   attempts to collect consumer debts alleged to be due and owed to another.  As

24   such, Defendant is a "debt collectors" as defined by the FDCPA, *15 U.S.C. §*

25   *1692a(6)*.

26

27        7.   Plaintiff is ignorant of the true names and capacities of Defendants

28   sued herein as Does 1-10, inclusive (including an individual known only as

3

"Michael" who is on information and belief is an employee and/or agent of CHANDRA and who was authorized and instructed to takes action that violates the FDCPA) and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiffs are informed and believe that each of said fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of each.

8. Plaintiff is informed and believes and thereon alleges that Defendants, including DOE defendants, and each of them, were the agents, servants, employees and were acting within the knowledge of each other and within the purpose, scope and course of their agency, service, employment and with the express and/or implied knowledge, permission, and consent of the other and each conspired, approved, aided, abetted, encouraged, incentivized and ratified the acts of the other Defendants as such are alleged further below.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff incorporates the allegations of Paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. Plaintiff is a foster mom who takes care of young girls.

11. Plaintiff had previously been involved in retaining, for a *substantial fee*, certain companies and individuals to help her with a pending foreclosure

4

1   matter. These companies and individuals represented to Plaintiff that they were

2
3   knowledgeable and experienced, and knew how to help her defend her property

4   from foreclosure.

5       12. During the course of such representation and retaining these

6
7   individuals and companies, Plaintiff was misled and taken advantage of by

8   several persons, (including attorneys), who promised foreclosure assistance but

9   delivered only questionable services (including filing a lawsuit on her behalf)

10
    which in fact caused her more problems than benefit, and which was ultimately
11
12  dismissed.

13      13. Plaintiff was eventually served a summons for an unlawful detainer

14
15  eviction action (Case# 12U00920) filed and served by CHANDRA in the Los

16  Angeles Superior Court in regard to Plaintiffs property located in Glendora,

17  California, in Los Angeles County.

18
    ## CHANDRA IS A DEBT COLLECTOR SUBJECT TO THE FDCPA
19

20      14. CHANDRA'S law firm website admits he is a debt collector that

21  seeks to collect rents and states:

22
    **"After we have regain possession of property, we seek a Money
23  Judgment for the <u>rent costs</u> and attorney fees owed to the Landlord
    by the tenant. From there our <u>In-house Collection Department</u> will
24  begin the process of tracking down the tenant's employer or assets
    and <u>collect the monies</u> using proven channels and techniques.**
25

26      See attached **Exhibit "B"** which is a true and correct copy of a page from

27
28  CHANDRA'S website which is incorporated herein by reference.

15.   As set forth in **Exhibit "A"** (P.2.) Defendant CHANDRA holds himself out and represents that he is a debt collector subject to the FDCPA by indicating the following in his summons:

> **Notice from the Law Offices of Sam Chandra, APC:** **Notice:** **Pursuant to the Fair Debt Collection Practices Act.** *If this or the* *attached documents demand any sum of money,* **we hereby inform you** **that unless you notify this office within 30 days after receiving this** **notice that you dispute the validity of this debt or any portion thereof,** **this office will assume this debt is valid.  If you notify this office in** **writing within 30 days from receiving this notice, this office will:** **obtain verification of the debt or obtain a copy of a judgment and** **mail you a copy of such judgment or verification. If you request this** **office in writing within 30 days after receiving this notice, this office** **will provide you with the name and address of the original creditor, if** **different from the current creditor.** **This is an attempt to collect a** **debt and any information obtained will be used for this purpose.** (emphasis added).

16.   Given the notice provided in the summons in paragraph 13 above, CHANDRA represents that he is a debt collector under the FDCPA.

17.   WEDGEWOOD has actual knowledge of the language included in the summons set forth in **Exhibit "A"**.

18.   WEDGEWOOD has actual knowledge that CHANDRA is a debt collector.

19.   WEDGEWOOD has actual knowledge that CHANDRA is a debt collector.

20. The summons set forth in **Exhibit "A"** is a true and correct copy of the summons served on STEELE.

21. The summons set forth in **Exhibit "A"** did not demand that Plaintiff pay any Defendant any amount of money.

22. CHANDRA contends this summons is an "*initial communication*" within the meaning of the FDCPA.

23. On or around December 18, 2012 CHANDRA sent Plaintiff's counsel a letter (via FAX and US MAIL) indicating: "*the first contact regarding any debt that I am aware of was the summons.*"

24. The letter described in paragraph 21 is attached for reference as **Exhibit "C"** and is a true and correct copy of the letter CHANDRA sent Plaintiff's counsel on or around December 18, 2012, which is incorporated herein by reference.

25. CHANDRA has actual knowledge that the summons did not reference any debt or any amount of money owed by Plaintiff to any Defendants.

26. CHANDRA has actual knowledge that there was no debt owed to any Defendant at the time the summons was served on Plaintiff.

27. CHANDRA has actual knowledge that there was no debt owed to any Defendant at the time the unlawful detainer complaint was served on Plaintiff.

28. Given CHANDRA'S "notice" to Plaintiff set forth in **Exhibit "A"**

7

and described in paragraph 13 above, CHANDRA is *estopped* from denying that he is a "debt collector" under the FDCPA.

29.    Given CHANDRA'S letter sent to Plaintiff's counsel (set forth in **Exhibit "C"** and described in paragraph 21 above), CHANDRA is *estopped* from denying that he is a "debt collector" under the FDCPA.

30.    Defendant WEDGEWOOD is aware that CHANDRA filed an unlawful detainer complaint against STEELE.

31.    Defendant WEDGEWOOD authorized CHANDRA to file an unlawful detainer complaint against STEELE.

32.    Defendant WEDGEWOOD is aware that CHANDRA served a summons for unlawful detainer against STEELE.

33.    Defendant WEDGEWOOD is aware that the summons served on Plaintiff did not request or demand that Plaintiff pay (any Defendant) any amount of money.

34.    Plaintiff alleges on information and belief, that CHANDRA has been authorized by WEDGEWOOD to collect on the judgment against STEELE issued in the unlawful detainer action.

**UNLAWFUL CONTACTS BY CHANDRAWITH AN INDIVUAL KNOWN TO BE REPRESENTED BY COUNSEL.**

35.    Plaintiff alleges that CHANDRA is an attorney licensed to practice law in California.

36.     As an attorney, CHANDRA is bound to uphold his ethical obligations and to comply with the Rules of Professional Conduct for Attorneys, which are incorporated into statutes.

37.     On or around August 2012 STEELE retained the Law Offices of Steven C. Vondran, to represent her.

38.     A letter informing CHANDRA that STEELE was represented by Counsel was sent to CHANDRA on or around August 15, 2012.  See attached **Exhibit "D"** which is a true and correct copy of the letter sent to CHANDRA at his office (fax confirmation included) which is incorporated herein by reference.

39.     The letter of representation set forth in paragraph 38 (Exh. D) was in regard to a civil action which STEELE found herself in at the advice of others.

40.     The letter of representation set forth in paragraph 38 (Exh. D) acknowledged the unlawful detainer action and stated (onP.5):

> *"we would request that the eviction action (unlawful detainer) immediately halt and that my client be dismissed with prejudice from the eviction action (Case#CIT12U00920)"*

41.     Defendant CHANDRA received this letter at his law office.

42.     By receiving the letter, set forth in **Exhibit "D"**, CHANDRA had actual knowledge that STEELE was represented by legal counsel.

43.     CHANDRA never responded to this letter.

44.     On or around August 17th, 2012 (two days after the Exhibit "D"

9

1   communication) another letter was sent to CHANDRA'S office in reference to

2   the unlawful detainer hearing and made a written request to meet and confer

3

4   with CHANDRA.

5       45.    The August 17th letter is attached as **Exhibit "E"** and is a true and

6   correct copy of the SECOND letter sent to CHANDRA at his office (fax

7

8   confirmation included) which is incorporated herein by reference

9       46.    In the letter set forth in **Exhibit "E"** (on page 1) it was made clear to

10  CHANDRA that STEELE was represented by Counsel, and specifically stated:

11

12      *"As you are probably aware, my office represents Ms. Lori Steele, the*
        *foster mom who was recently foreclosed on by Wells Fargo and its agent*
13      *Cal-Western Reconveyance."*

14

15      47.    In the letter set forth in **Exhibit "E"** (on page 1) it was made clear to

16  CHANDRA that:

17

18      *"I am hoping to speak to you regarding a potential settlement opportunity*
        *to the unlawful detainer case as set forth above"*
19

20      48.    In the letter set forth in **Exhibit "E"** (on page 1) CHANDRA was

21  made aware that Plaintiff counsel had made several attempt to contact

22  CHANDRA regarding the unlawful detainer case by pointing out that:

23

24      *"I have left several phone messages with your office and unfortunately, I*
        *have not heard back from you"*
25

26      49.   The letter set forth in **Exhibit "E"** was faxed to CHANDRA at his

27  fax number (626) 305-0556 and was received by CHANDRA.

28

50. Given attached exhibits "D" and "E" and the referenced phone calls made to CHANDRA, it was clear that CHANDRA had notice that STEELE was represented by Counsel in regard to the unlawful detainer action.

51. CHANDRA made no response, either oral or written to STEELE'S counsel in regard to the letters and made no response to the phone calls.

52. WEDGEWOOD hired CHANDRA to represent them as their agent in the unlawful detainer proceeding.

53. On or around August 23, 2012 a THIRD written letter was sent to CHANDRA'S office which is attached as **Exhibit "F"** and is a true and correct copy of the THIRD letter sent to CHANDRA at his office (fax confirmation included) which is incorporated herein by reference.

54. The letter referenced in Exhibit "F" was faxed to CHANDRA'S law office fax number at (626) 305-0556.

55. CHANDRA'S law office fax number is (626) 305-0556.

56. The letter referenced in Exhibit "F" made it clear to CHANDRA that STEELE was represented by Counsel in regard to a monetary judgment obtained in the Unlawful Detainer case referenced above.

57. The letter referenced in Exhibit "F" made it clear to CHANDRA that STEELE *"would request that your client waive the $5,332.00 judgment against her in the unlawful detainer case."*

58. CHANDRA received the letter set forth in Exhibit "F" at his law

11

1  office.

2  59.    Given the letter referenced in Exhibit "F" CHANDRA was aware
3
4  that STEELE was represented by legal counsel in regard to the unlawful detainer
5  judgment.

6  60.    On August 22, 2012 the Court ordered judgment against STEELE in
7
8  the unlawful detainer case in the amount of $5,333.12 for *rent* and damages. See
9  attached **Exhibit "G'** for a true and correct copy of the money judgment in the
10
11  unlawful detainer case which is incorporated herein by reference.

12  61.    As Exhibit "G" references, the total amount of the judgment entered
13  on August 22, 2012 was $5,711.12.

14  62.    The judgment set forth in Exhibit "G" was entered one day prior to
15
16  the THIRD letter sent to CHANDRA as referenced by Exhibit "F".

17  63.    The final hearing in the unlawful detainer matter was attended by a
18
19  special appearance attorney (Armen Garabedian, Bar#260502) who attempted to
20  make a special appearance for The Law Offices of Steven C. Vondran and for
21  STEELE.

22  64.    The minutes of the Court in the unlawful detainer matter should
23
24  reflect the appearance made by Mr. Garabedian, on behalf of STEELE.

25  65.    CHANDRA'S office was represented by legal Counsel at the final
26
27  hearing in the unlawful detainer matter and this made clear to CHANDRA that
28  STEELE was represented by legal counsel.

12

66.    Mr. Garabedian, Esq. reported that the judge in the unlawful detainer proceeding awarded judgment against STEELE for back rent calculated at approximately $83.00 per day for 64 days, totaling $5,332.00.

67.    As such, on or around August 21, 2012 was the first time STEELE owed any legal debt to WEDGEWOOD.

68.    On or around September 4th, 2012, (after the judgment was entered in the unlawful detainer case and after multiple letters and phone calls were made to CHANDRA'S office – each unanswered) a FOURTH letter was sent to CHANDRA'S office which informed CHANDRA of his *professional obligation to show civility to opposing counsel* as per the California State bar.

69.    The letter referenced in paragraph 68 is attached as **Exhibit "H"** and is a true and correct copy of the letter sent to CHANDRA (without the state bar civility guidelines and without signature as this is a copy) which is incorporated herein by reference.

70.    The letter referenced in Exhibit "H" was faxed to CHANDRA at his office at (626) 305-0556.

71.    CHANDRA received the letter set forth in Exhibit "H"

72.    CHANDRA was aware of the existence of each of the letters set forth in Exhibits D-H to this verified complaint.

73.    CHANDRA did not respond to any of the letters set forth in Exhibits D-H.

13

74.     After obtaining the judgment in the unlawful detainer action for rent, damages and costs CHANDRA, on information and belief, was hired by WEDGEOOD to collect on the debt in the unlawful detainer action.

75.     Plaintiff alleges on information and belief that WEDGEWOOD and CHANDRA are engaged in a joint venture whereby CHANDRA and WEDGEWOOD each seek to profit from collection of the debt on a contingency fee basis as set forth on CHANDRA'S website (See Exhibit "B").

76.     Plaintiff also alleges on information and belief that CHANDRA is the agent of WEDGEWOOD, the principle, in the debt collection matter referenced herein.

77.     On or around November 20, 2012, a representative of CHANDRA'S law office contacted Plaintiff at her place of employment by phone.

78.     Plaintiff alleges that the call made on or around November 20, 2012 to Plaintiff's place of employment was made to collect on the judgment for back rent, costs, and damages in the unlawful detainer action.

79.     Plaintiff alleges back-rent is a consumer debt under the FDCPA and is the bulk of the Court's award of judgment against her.

80.     Plaintiff alleges that the CHANDRA representative identified himself as "Michael" who is alleged on information and belief to be an employee at the CHANDRA law office.

81.     Plaintiff alleges that the phone call made to Plaintiffs place of employment on or around November 21, 2012 was made to harass, intimidate and embarrass her and to jeopardize her employment.

82.     Plaintiff alleges she hired counsel to assist her in handling the unlawful detainer judgment and that counsel assisted her in that effort to no avail with CHANDRA'S office.

83.     Plaintiff alleges she hired counsel to assist her with the legal judgment in the unlawful detainer matter, for one reason being that she did not wish to be contacted at her office and place of employment, which she felt could risk employment opportunities, and risk her means of supporting her foster kids.

84.     Plaintiff has suffered serious emotional and mental trauma, stress, and anxiety as a result of this attempt to collect the debt at her place of employment while being represented by counsel to handle the matter.

85.     Plaintiff alleges that CHANDRA, and WEDGEWOOD (as principle and in pursuit of their joint venture), contacted Plaintiff at her place of employment while knowing she was represented by legal counsel in regard to the consumer debt at issue which resulted from a consumer transaction involving back rent payments.

86.     Plaintiff alleges this attempt to contact Plaintiff at her place of employment, while being represented by counsel, was an *"initial communication"* within the meaning of the FDCPA triggering disclosure and

15

*mini-miranda* notices under the FDCPA.

87. Plaintiff alleges she failed to receive any written notices from CHANDRA informing her of her right to challenge the debt within 30 days, and failed to receive other required notices under the FDCPA.

88. Plaintiff alleges that "Michael" failed to identify himself as a debt collector as required under the FDCPA.

89. Plaintiff alleges on information and belief that "Michael" is an employee and agent of CHANDRA who is authorized and instructed to contact STEELE at her place of employment while CHANDRA had full knowledge and awareness that STEELE was represented by legal counsel in regard to the debt for back rent, cost and damages.

90. Plaintiff then informed her counsel of the attempt to collect the debt at her place of employment, and counsel for STEELE contacted "Michael" by phone, on or around November 21, 2012 (shortly after CHANDRA'S office contacted STEELE at her place of employment) and informed CHANDRA'S representative that STEELE was represented by counsel in regard to the debt at issue.

91. CHANDRA'S representative, "Michael," then stated that given the Thanksgiving Holiday, it would be more appropriate to discuss the matter the following week.

92. Instead of discussing the matter with counsel, CHANDRA proceeded *to levy on the bank account of Plaintiff and one of her foster kids account (total $700).*

93. On or around December 18, 2012, CHANDRA sent STEELE a letter directly, (again with full knowledge that she was represented by counsel in regard to the debt at issue) demanding that she pay the amount of $6,016.38 with a payment coupon attached, or that she may face further legal action.

94. The letter referenced in paragraph 93 is attached as **Exhibit "I"** and is incorporated herein by reference.

95. Attached Exhibit "I" again confirms that CHANDRA is a debt collector as his letter states:

**"THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

96. Given this affirmative representation by CHANDRA, Plaintiff alleges Defendants are *estopped* from denying that they are debt collectors under the FDCPA.

97. Plaintiff alleges that this written contact as set forth in Exhibit "I" and demand for payment on the debt also violates the FDCPA by contacting a person known to be represented by counsel.

98. Plaintiff alleges that this written contact as set forth in Exhibit "I" and demand for payment on the debt also violates the FDCPA by overstating the

17

1    amount owed as per the judgment (Exh. G).

2        99.   On or around December 13, 2012 and within 30 days of the *"initial*
3
4    *communication"* by "Michael" (alleged to be an agent and representative of the
5    CHANDRA firm acting in the course and scope his employment), counsel for
6
7    STEELE sent a letter to CHANDRA indicating STEELE had never received her
8    notices under the FDCPA and the letter included a "debt validation" request to
9    CHANDRA, requesting, among other things, for verification and proof that
10
11   CHANDRA was acting as an agent for the creditor and to provide proof of any
12   agency relationship.

13       100.   A copy of this "debt validation" letter under the FDCPA is attached
14
15   as Exhibit "J" and incorporated herein by reference. Proof of fax confirmation is
16   attached.

17       101.   CHANDRA received a copy of this letter identified as Exhibit "J."

18       102.   CHANDRA failed to provide the requested information requested
19
20   in Exhibit "J", providing little more than a copy of the judgment to STEELE'S
21   counsel.

22       103.   WHEREFORE, Plaintiff alleges Defendants have violated California
23
24   law in the following particulars:

25                    *V. FIRST CAUSE OF ACTION*
26
27              *(Violation of FDCPA against all Defendants)*
28       104.   Plaintiff incorporates the allegations of Paragraphs 1 through 103 of

18

this Complaint as though fully set forth herein.

105. Plaintiff alleges that Defendant CHANDRA directly, by and through its employees and agents, have violated the Federal Fair Debt Collection Practices Act ("FDCPA").

106. Plaintiff alleges on information and belief that WEDGEWOOD and CHANDRA have entered into a written agreement to collect on the consumer debt on a contingency fee basis, and have formed a joint venture. Each of the violations set forth below are in the course and scope of the joint venture and WEDGEWOOD is liable under a principle-agency theory and vicariously liable for CHANDRA'S violations.

107. Further, for each violation set forth in all sections below, Plaintiff alleges on information and belief that WEDGEWOOD has instructed, directed, ratified, and/or approved of each of the acts and omissions of CHANDRA and are therefore liable for each.

108. Defendants are liable for violating the FDCPA as follows:

(a)   Contacting a consumer whom the debt collector had actual knowledge was represented by an Attorney in regard to the debt at issue (California Rules of Professional Conduct for attorneys, Rule 2-100, prohibits these types of contacts as embodied in California law and statutes as set forth below and incorporated herein). *15 U.S.C. §1692c(a)(2)*.

19

(b) The initial communication to collect the consumer debt by "Michael", an agent and employee for CHADRA, acting in the alleged course and scope of his employment, failed to identify CHANDRA as a debt collector under *15 U.S.C. §1692e(11)* and failed to identify that any information collected would be used for that purpose.

(c) *CHANDRA*, an admitted "debt collector," failed to send the consumer a validation notice within five days of the initial communication to STEELE at her place of employment. *15 U.S.C. §1692g.*

(d) *CHANDRA*, as admitted "debt collector," contacted a person whom he had ample and continuous notice was represented by legal counsel in regard to the consumer debt at issue, and nevertheless contacted her at her place of employment for the sole purpose of harassing, oppressing, and abusing her in connection with the collection of the alleged debt. *15 U.S.C. §1692d.*

(e) *CHANDRA*, as admitted "debt collector," has made attempts to collect on debt in excess of that amount stated in the judgment and believed to be in excess of the amount of the debt owed. *15 U.S.C. §1692f(1).*

(f) CHANDRA has failed to properly validate the debt after receiving

20

written notification from the consumer that debt validation was required, and failed to show proof he was legally entitled to collect the debt on behalf of WEDGEWOOD. *15 U.S.C. §1692g.*

109. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI. SECOND CAUSE OF ACTION

### (Violation of Cal. B&P 17200 against all Defendants)

110. Plaintiff incorporates the allegations of Paragraphs 1 through 109 of this Complaint as though fully set forth herein.

111. The conduct of California attorneys is governed by the Rules of Professional Responsibility, the California Constitution (art. VI, § 9); the State Bar Act (Cal. Bus. & Prof. Code §§ 6000 et seq.); and state and local ethics opinions; and state and local rules of court.

112. Rule 2-100 governs communications with a represented party. This section states:

"(A) While representing a client, a member *shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.*" (emphasis added)

1    The rule further states:

2        "As used in paragraph (A), "the subject of the representation," "matter,"
3        and "party" are *not limited to a litigation context*." (emphasis added).

4    113.   This section makes clear that a lawyer may not contact a party
5
6    directly, even a debtor, when that attorney knows the person is represented by

7    Counsel.   Here, Defendants never had any legal consent or authorization by

8    STEELE'S counsel to speak with her directly, much less at her place of
9
10   employment.  As such, CHANDRA has no defense and has violated various

11   statutes.

12       114.   Moreover, according to RULE 1–110 (disciplinary authority of the
13   state bar):

14       "A member shall comply with conditions attached to public or private
15       reprovals or other discipline administered by the State Bar pursuant to
16       *Business and Professions Code sections 6077* and 6078 and rule 956,
         California Rules of Court." (emphasis added)
17

18   California ***Business and Professions Code Section 6077*** states:

19       "The rules of professional conduct adopted by the board, when approved
20       by the Supreme Court, are *binding upon all members of the State Bar*. For
         a wilful breach of any of these rules, the board has power to discipline
21       members of the State Bar by reproval, public or private, or to recommend
22       to the Supreme Court the suspension from practice for a period not
         exceeding three years of members of the State Bar."
23

24       115.   Clearly the rules of Professional Conduct were violated by

25   CHANDRA, and under *Business and Professions Code Section 6077*, the law is
26
     binding upon CHANDRA who has violated the statute. This violation of statute
27

28   makes CHANDRA liable under B& P 17200 on two separate legal theories:

22

(1) CHANDRA has committed violation of statutes that serve as statutory violations (ex. B&P 6077, 15 U.S.C. 1692 et. Seq., and Cal. Civ. Code §43 as set forth below and incorporated herein) and these statutory violations serve as a basis for liability under 17200 as an *unlawful* activity.

(2) CHANDRA has engaged in grossly *unfair* conduct under the "unfairness prong" of 17200. His acts of contacting an individual that he was repeatedly and continuously informed was represented by counsel (in both letters and phone calls directed to him at his law office) in an effort to collect on a consumer debt is both harmful and abusive and there is no substantial justification for his acts, which are grossly outweighed by the utility of his act.

116.    Each of these violations above have caused money damages to Plaintiff in lost time at work and attorney fees paid to counsel to seek to stop the impermissible contacts.

117. As a result of the foregoing violations of the B&P 17200, defendants are liable to the plaintiff for declaratory judgment that Defendants' conduct violated the 17200, actual damages, restitution, and attorney fees under *Cal. Code. Civ. Pro. Section 1021.5.*

## *VII. THIRD CAUSE OF ACTION*

### *(Tort in Se against all Defendants)*

118.    Plaintiff incorporates the allegations of Paragraphs 1 through 117 of this Complaint as though fully set forth herein.

23

119. To the extent the above referenced statutes, including California Business and Professions Coe Section 6077 do not provide a remedy to Plaintiff, Plaintiff alleges that such statutory violations make Defendants liable for all damages proximately caused, in an amount to be proven at trial under the *Tort in Se Doctrine.*

## VIII. FOURTH CAUSE OF ACTION

### (Right of Privacy Violation - Intrusion on Seclusion and Solitude against all Defendants)

120. Plaintiff incorporates the allegations of Paragraphs 1 through 119 of this Complaint as though fully set forth herein.

121. CHADRA knew Plaintiff was represented by legal counsel in regard to the alleged debt at issue.

122. Nevertheless, CHANDRA authorized and instructed his employee and agent ("Michael") to contact Plaintiff at her place of employment to seek to collect on the debt.

123. Plaintiff hired counsel to represent her in regard to the debt for the specific purpose to avoid contacting her at her place of employment, where she maintained a reasonable expectation of privacy under the circumstances.

124. Defendants, by making a call to a person known to be represented by counsel, substantially intruded into Plaintiff's zone of privacy and breached here reasonable privacy and seclusion and solitude expectations.

24

125.    The breach of her privacy is protected under California law, and under the California constitution.

126.    Plaintiff has suffered humiliation and embarrassment, and was forced to incur additional legal fees (monetary damages) to contact CHANDRA'S office *in yet another attempt* to get them to stop contacting Plaintiff personally, and at her place of employment, (which jeopardizes not only employment opportunities, but her ability to support her foster kids).

127.    This intrusion substantially affects Plaintiffs seclusion and solitude and is highly offensive to the reasonable person.

128.    Defendants each agreed to, and ratified the conduct at issue, and the acts of Defendant CHANDRA are intentional and in callous disregard for the rights of Plaintiff, including her right to privacy.

130.    Plaintiff alleges the motives of Defendant were simply greed, intimidation, harassment and to cause under embarrassment in the hopes she would pay the alleged consumer debt.

131.    Plaintiff further alleges Defendant's have violated *Cal. Civ. Code §43* which protects a person from personal insult.

132.    Plaintiff's allege Defendants intentional conduct in contacting her at work, knowing she was represented, and given the motives set forth above, and despite the repeated attempts to reign CHANDRA in and notify him that STEELE was represented by counsel, these acts are both insulting and degrading

25

1     and also support a violation of B&P 17200 as set forth above.

2         133.    Plaintiff alleges that Plaintiff, by hiring an attorney, had the right to
3
4     exclude Defendants from contacting her at her place of employment.

5         134.    Plaintiff alleges Defendant's acts and omissions are malicious and
6
7     oppressive, and constitute a serious breach of the social norms expected and

8     required of Attorneys and undermine the reasonable privacy rights of Plaintiff

9     and others similarly situated.

10        135.    Plaintiff alleges Defendants acts and omissions breach a duty owed
11
12     to Plaintiff and to the profession in refraining from contacting persons known to

13     be represented by counsel.

14        136.    WHEREFORE, Plaintiff seeks all damages actually and proximately
15
16     caused by Defendants intentional acts and omissions, and punitive damages,

17     including damages under *Cal. Civ. Code Section 3294.*

18
19                  *IX. FIFTH CAUSE OF ACTION*

20      *(Intentional Infliction of Emotional Distress against all Defendants)*

21

22       137. Plaintiff incorporates the allegations of Paragraphs 1 through 136 of
23     this Complaint as though fully set forth herein.

24       139. Plaintiff alleges Defendants acts of contacting a person known to be
25
26     represented by counsel in regard to a consumer debt, at her place of

27     employment, after repeated attempts to inform Defendant that STEELE was

28

represented by counsel is *"extreme and outrageous"* and beyond all bounds of decency.

140.   Plaintiff alleges that Defendants acts were intentional, callous, oppressive, malicious and designed to cause severe emotional distress, embarrassment, trauma and humiliation.

141.   Plaintiff has suffered serious mental and emotional distress as a result of Defendant's acts and omissions, each of which were ratified, condoned, authorized, and made during the course and scope of the alleged joint venture between CHANDRA and WEDGEWOOD.

142.   Plaintiff alleges that in vindicating her rights herein, and as is set froth in this complaint, she is conferring a *substantial benefit on the public* at large who should not be forced to deal with debt collectors at their place of employment while represented by legal counsel,

143.   WHEREFORE, Plaintiff seeks her actual damages according to proof at trial, and punitive damages pursuant to *Cal. Civ. Code. 3294.*

## X.  REQUEST FOR RELIEF

WHEREFORE, given the above referenced allegations and causes of action, Plaintiff STEELE respectfully requests that judgment be entered against defendants CHANDRA and WEDGEWOOD as follows:

1

## FOR THE FIRST CAUSE OF ACTION ("FDCPA"):

2

3

A. Declaratory judgment that defendants' conduct violated the FDCPA;

4

B. Actual damages;

5

C. Statutory damages pursuant to *15 U.S.C. § 1692k*;

6

D. Costs and reasonable attorney fees pursuant to *15 U.S.C. §§ 1692k*

7

8

E. For such other and further relief as the Court may deem just and

9

proper.

10

## FOR THE SECOND CAUSE OF ACTION (B&P 17200):

11

A. Declaratory judgment that defendants' conduct violated the B&P

12

17200;

13

B. Actual damages;

14

15

C. Reasonable attorney fees pursuant to CCP 1021.5

16

D. Punitive damages under *Cal Civ. Code 3294*

17

18

E. For such other and further relief as the Court may deem just and
proper.

19

## FOR THE THIRD CAUSE OF ACTION (TORT IN SE):

20

21

A. All damages proximately caused by Defendants acts and omissions in

22

an amount to be proven at trial.

23

B. Reasonable attorney fees pursuant to *CCP 1021.5*

24

25

C. Punitive damages under *Cal Civ. Code 3294*

26

D. For such other and further relief as the Court may deem just and

27

proper.

28

## FOR THE FOURTH CAUSE OF ACTION (PRIVACY):

A. All damages proximately caused by Defendants acts and omissions in an amount to be proven at trial.

B. Reasonable attorney fees pursuant to *CCP 1021.5*

C. Punitive damages under *Cal Civ. Code 3294*

D. For such other and further relief as the Court may deem just and proper.

## FOR THE FIFTH CAUSE OF ACTION (IIED):

A. All damages proximately caused by Defendants acts and omissions in an amount to be proven at trial.

B. Reasonable attorney fees pursuant to *CCP 1021.5*

C. Punitive damages under *Cal Civ. Code 3294*

D. For such other and further relief as the Court may deem just and proper.

A. PLAINTIFF ALSO REQUESTS AN INJUNCTION FROM DEBT COLLECTION UNTIL THE RIGHT TO COLECT THE DEBT IS PROPERLY VALIDATED

B. PLAINTIFF HEREBY DEMANDS A JURY TRIAL

VERIFIED COMPLAINT

1  RESPECTFULLY SUBMITTED

2

3  Dated:      December 28, 2012          THE LAW OFFICES OF STEVEN C.
                                          VONDRAN, P.C.

4

5                                         By:        /s/ Steven C. Vondran
                                                     Steven C. Vondran, Esq.

6

7                                              620 Newport Center Drive, Suite
                                               1100
8                                              Newport Beach, CA 92660
                                               Telephone: (949) 945-8700
9                                              Facsimile: (888) 551-2252
                                               steve@vondranlaw.com
10
                                               Attorney for Plaintiff
11                                             LORI STEELE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT

1

## VERIFICATION

2    I, LORI STEELE, Plaintiff, hereby declare as follows:

3    1. I am the Plaintiff in this action and I have personal knowledge of the facts

4 about the facts and activities set forth in the foregoing Complaint and if called

5 on to testify as to these matters would do so competently.

6    2. I verify that I have reviewed the Complaint and are familiar with its

7 contents.

8    3. I declare under penalty of perjury under the laws of the United States of

9 America and under the Law of the State of California that the foregoing is true

10 and correct.

11    Executed on December 28 2012 at _____ Xmas _____ (place).

12

13

14                 Lori Steele ("Plaintiff")

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 'A"

SUM-130

## SUMMONS
### (CITACION JUDICIAL)
**UNLAWFUL DETAINER—EVICTION**
*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** Lori Steele
*(AVISO AL DEMANDADO):*

and Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:** WEDGEWOOD COMMUNITY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* FUND II, LLC,

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| 1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA,<br>*(El nombre y dirección de la corte es):* COUNTY OF LOS ANGELES | CASE NUMBER:<br>*(Número del caso):* |

1427 West Covina Parkway
West Covina, CA 91750      EAST JUDICIAL DISTRICT

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sam Chandra SBN 203942      LAW Offices of Sam Chandra, APC
                             710 S. Myrtle Ave., # 600
(626) 258-4999               Montovia, CA 91016-2171

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: _____ (Fecha)

Clerk, by _____ , Deputy
*(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED: You are served**
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)              [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

**SUM-130**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF (Name): Wedgewood Community Fund II, LLC, | |
| DEFENDANT (Name): Lori Steele, et al | |

6.  Unlawful detainer assistant *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

a.  Assistant's name:

b.  Telephone no.:

c.  Street address, city, and zip:

d.  County of registration:

e.  Registration no.:

f.  Registration expires on *(date):*

Notice from the Law Offices of Sam Chandra, APC: Notice: Pursuant to the Fair Debt Collection Practices Act. If this or the attached documents demand any sum of money, we hereby inform you that unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for this purpose.

SUMMONS—UNLAWFUL DETAINER—EVICTION

EXHIBIT 'B"

# Law Offices of Sam Chandra
A Professional Corporation

### EVICTIONS AND COLLECTIONS IN CALIFORNIA

Home | About Us | Log In



**Affiliates**

California Apartment Association

AAGLA

Apartment Association of Greater Los Angeles

Apartment Association of California Southern Cities

Apartment Association of Orange County

**Contact Info**

Address:
710 S. Myrtle Ave. #500
Monrovia CA 91016

Telephone:
626-305-0555

Fax:
626-305-0556



## Collections

After lockout your case is not over. If the evicted tenant owes you money, our Collection Department takes action to recover funds owed to you. This includes rents, hold-over damages, court costs and attorney's fees. We typically conduct collection work on a contingency basis. If there is no recovery, you pay no fees.

WE MOVE SWIFTLY TO COLLECT BEFORE THE TENANT INSULATES ITSELF

1. Our Collection Department begins with an application for Money Judgment (if not already entered at trial).
2. A search is made for the assets of the Debtor, employer or other valuable information.
3. Simultaneously our Collection Department will both negotiate with or demand funds from the Debtor and instruct the Sheriff to seize any assets we were able to locate.
4. After receipt of the monies, our Collection Department will send you, on a monthly basis, a collection check along with a report of collection activities.

*Acknowledged.*

*Tenacious.*

*Established.*

A Result Oriented Firm

EXHIBIT 'C"

# LAW OFFICES OF SAM CHANDRA, APC

710 S. Myrtle Ave., # 600, Monrovia, CA 91016

Tel. (626) 305-0555
Fax. (626) 305-0556

## FACSIMILE TRANSMISSION SHEET

Date: December 18, 2012

To: Steven C. Vondran, Esq.

Telephone:                    Facsimile No.: (888)551-2252

From: Law Offices of Sam Chandra

Re: 12U00920, Wedgewood Community Fund II, LLC, judgment entered 08/22/2012

TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET: 9

The information contained in this transmission is confidential. It is intended only for the use of the individual or entity named above. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU ARE NOT AUTHORIZED TO REVIEW THE FOLLOWING PAGES AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage. Thank you.

If an error occurs during the transmission of this fax, or if you do not receive all of the pages as indicated, please contact the sender at (626) 305-0555

## LAW OFFICES OF SAM CHANDRA, APC

710 S. Myrtle Ave. # 600
Monrovia, CA 91016

Tel. (626) 305-0555
Fax. (626) 305-0556

December 18, 2012

The Law Offices of Steven C. Vondran, P.C.
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660

Via U.S. Mail and
Via Fax to 888-551-2252

Re:     12U00920, Wedgewood Community Fund II, LLC v Steele, judgment entered 8/22/2012.

Mr. Vondran:

I have received your letter dated December 13, 2012 in which you make a wide litany of
accusations against me and this firm. Said accusations boil down to a few relevant claims by you.

1. This office contacted a represented party, your client, directly;
2. This office failed to provide the "mini Miranda" as required under the FDCPA.
3. This office cannot validate the debt and no such validation was provided to your client.

The remainder of the accusations all stem from and are dependent upon the above. I respond as
follows:

First and foremost, I have attached three documents. They are: a. The Summons in case number
12U00920 ( I apologize that I do not have a conformed copy of the Summons immediately
available, but it available to the parties at the clerk's office); b. Your client's Answer in case
number 12U00920; c. The Judgment (and attached proof of service) entered on 8/22/12 in case
number 12U00920.

Now let me address the above accusations:

1. You accuse this office of contacting a represented party, your client, directly. This issue is
addressed by those two documents. In each document your client is acting in proper has
her own attorney. You will note the clerk's proof of service as to the judgment. It reflects
notice sent to your client directly as she is the party entitled to receive notice.

At this point I am going to ask that you formally substitute into this action before making
any further attempts to contact this office. It is unfair to demand that we not contact your
client and at the same time maintain your client's right to be noticed. Moreover, if I were
to fail to contact your client as the attorney of record for any issue required in this matter, I

would be in breach of my duty to notice a party. So please, become the attorney of record and eliminate this issue.

2. You allege that this office failed to provide the "mini Miranda". You also are quick to point out that the five days runs from the first contact. The first contact regarding any debt that I am aware of was the Summons. I have attached an uninformed copy, scanned before the document went out for filing. You will find the "mini Miranda" as required by the FDCPA printed on the Summons. Please note that the same "mini Miranda" is also incorporated into the verification page of the complaint. As your client answered (in pro per) service of the documents is conceded. As service is conceded, so is delivery of the "mini Miranda" warning.

3. You allege that this office cannot validate the debt and no such validation was provided to your client. I would ask that you please turn your attention to the Clerk of the Court's proof of service as to the Judgment entered against your client acting as her own attorney in pro per. You will note that the Clerk of the Court independently insured that your client was served with the ultimate validation of the debt, the reduction to judgment.

I hope this clears up all the confusion. If you wish to discuss this case any further I will ask again that you file a substitution of attorney.

Very Truly Yours,

Law Offices of Sam Chandra, APC
By: Sam Chandra, Esq.
cc: Client

SC: kem

# EXHIBIT 'D"



# THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

August 15th, 2012

Anglin, Flewelling, Rasmussen,
Campbell & Trytten, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-4529
C/O Andrew Wheaton, Esq.
FAX: (626) 577-7764

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

VIA FACSIMILE: (FAX: (626) 577-7764 / FAX: (626) 305-0556)

**Re: *Trustee Sale#1330499-55 and request for reversal of trustee sale for Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.***

THIS IS A CONFIDENTIAL SETTLEMENT OFFER UNDER STATE AND FEDERAL RULES OF EVIDENCE AND IS NOT ADMISSIBLE IN ANY LEGAL PROCEEDING FOR ANY PURPOSE – CENTRAL DISTRICT COURT CASE#2:12-CV-02531.

Gentleman,

Please be advised that my firm has been retained by Ms. Lori Steele, the above referenced former homeowner in regard to assisting her in trying to save her house *(the same house her mother died in, and where her mother's ashes are buried) so that she can keep a roof over the head of her foster kids.* This is therefore a proposal to set aside a foreclosure sale for the above referenced property. I would ask you each to please forward a copy of this letter to your respective clients for consideration. I believe you are both generally aware of the facts of this case so I will only summarize them briefly here and ask you each to urge your client to do the right thing.

**Phoenix:** 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | **Beverly Hills:** 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212 **Newport Beach:** 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660. | **San Diego:** 8880 Rio San Diego Drive, 8th Floor, San Diego CA 92108 **San Francisco:** 101 California, Suite 2450, San Francisco, CA 94111

**AZ Lic.** #025911    **CA Lic.** #232337    **Phone:** (877) 276-5084    **Fax:** (888) 551-2252

- My Client is a single Foster Mom who was the victim of the "pick-a-pay" loan. When I say victim, it is because no person without a PHD in finance and economics could ever truly understand these types of loans, the disclosures under which it is marketed, and including the various monthly and escrow statements that are provided to the borrower. Just by way of example, see **Exhibit "A"** and compare that with **Exhibit "B".**

   Exhibit "A" was sent to my Client on 4/1/12. This statement indicated my client owed a monthly payment of $1,500.66 (w/o escrow payments) and this statement indicated the monthly payment would not change, although the interest rate could. (See the underlined portion of this representation made in the statement). Then, FOUR DAYS LATER on 4/05/12 my client gets another statement (Exhibit "B") which this time informs her 'YOUR HOME LOAN PAYMENT MAY BE CHANGING" and now indicates that her monthly payment (the one that was not supposed to change) was now $1,395.97 plus escrow ($104.88), making her new payment $1,500.85. This contradicts the previous statement. These are the kind of things you deal with when you have a "pick-a-pay" loan.

- At some point, my client sought *legal assistance* to help her in dealing with Wachovia/Wells Fargo, and she hired not one, but two different law firms plus a company that claimed to be a law firm but instead turned out to be a scam company, to assist her. This is where her fortunes took a turn for the worse. Instead of helping her, these entities made matters worse and took substantial amounts of money from her to try to "help her stop foreclosure."

- Please keep in mind the main reasons my client sought legal assistance was:

   (1) she did not understand why her loan amount went from $325,000 as set forth in her "pick-a-pay" note (See **Exh. "C"**), to an "unpaid debt" of $380,720.67 as set forth in (See **Exh. "D"**) the trustee's deed upon sale recorded on 6/12/12. This is a $55,760 discrepancy.

   Moreover, it must be noted that on 7/15/11 (roughly 9 and a ½ months before the trustee sale on 5/29/12) the recorded Notice of Default indicated there were only arrears in the amount of **$8,311.04 (See Exhibit "E").** **However, the Notice of Sale (just 6 months later, recorded on 2/27/12 – see Exhibit "F") indicated the total amount of the unpaid balance was $377,241.92.**

   So, somehow, magically, my client's arrearages went from $8,311.04 on 7/15/11 (at the time of the Notice of Default) to over $52,000 in a 6-month period. In other words, how did she go from being $8,311.00 in default on 7/15/11 and then another $44,000 delinquent in just 6 months at the time the Notice of Sale recorded on 2/27/12. This, on average, means she

incurred approximately $7,000 in new arrearages each and every month leading up to the Notice of Sale (even at the stated payment amount of $1,500 per month makes absolutely no sense). This is false, fraudulent, and predatory and literally designed to force her out of the house and into foreclosure (chewing up her equity in the property) and is the reason she sought legal assistance.

(2) The other reason for seeking legal assistance, was she was *instructed by Wells Fargo NOT TO MAKE HER SCHEDULED LOAN PAYMENTS* in order to be considered for a loan modification/loan workout. My client relied on this, and followed Wells advice and literally watched the arrearages rack up each month – which on information and belief appears to have been part of the master to strip my client of her equity cashing out on a host of junk fees following foreclosure, and following the trustee sale which yielded $403,000 apparently paid by Wedgewood Community Fund II, LLC., who know seeks to evict my client from the property.

* Seeking out legal assistance to address the above issues provided no relief to my client, and only led to more misery. She relied on various persons and companies to assist her and was literally *skinned and fleeced* by each company. By way of examples:

(A) **Gordon Law Firm** – whom my client hired to help her with a modification. To my knowledge, there assets have been frozen and they are under investigation for their peculiar activities (See **Exhibit "G"**)

(B) **Twin Builder's Foundation Corp** – Which my client was falsely informed was a law firm. They were the company that filed lawsuits on her behalf, lawsuits which as you are probably both aware, were not worth the paper they were written on. Again, my client is not sophisticated and she was paying in excess of $10,000 to assist her in filing the lawsuits, and filing a chapter 13 bankruptcy on her behalf (and then not showing to defend her, not filing the required documents etc.). In short, although she was merely seeking assistance to try to work out a resolution, what she go instead, was a series of shams designed to take her money. (Our information shows this company is now in Chapter 11 seeking to save its own hide) – See **Exhibit "H"**).

(C) **Attorney Linda Z. Voss** (Attorney at Law) was also being paid. In reviewing Ms. Voss, who was also being paid by my client, she is currently facing investigation by Alameda County District Attorney's office (indictment filed on 29 counts along with 4 other people). Ms. Voss was apparently being paid through Twin Builder's Foundation Corporation (See **Exhibit "I"**).

3

(D) **Attorney Peter Nisson** – This attorney was also hired to assist my client in reorganizing her financial affairs in a chapter 13. Mr. Nisson substituted into the bankruptcy case on or around 6/6/12 and then was suspended by the state bar only a month later, on or around July Fourth (See **Exhibit "I"**). This is more money spent in reliance on attorneys, and another serious loss to my client.

(E) **Another Attorney** - During the Chapter 13 bankruptcy adversary proceeding, there was also an attorney (whom for the mean time will not be named) who made a declaration to the Bankruptcy judge (Judge Zumzolo) on or around 5/31/12 that my client could not be reached for a meet and confer and **had "no answering machine or voicemail."** This in an obvious effort to thwart the adversary and allow the recent foreclosure sale to stand. In fact my client _did_ have and answering machine and _did_ have voicemail, and in fact the attorney _did_ leave a phone message which has been preserved as evidence. This is another example of an attorney breaching his oath, violating ethical duties, and breaching the ultimate duty to the Court to be candid and forthright, and will be raised as an issue if civil litigation is necessary. This merely highlights our belief that Wells Fargo was willing to do anything or say anything to ensure my client's equity was stripped through the non-judicial foreclosure process.

Gentleman, I know it is easy for everyone to say my client should have "just paid her bills." _Yet keep in mind she was told not to make her loan payments by Wells Fargo foreclosure specialist representatives._ In fact, it is fairly well-known and understood that this is a tactic pursued not only by Wells Fargo, but many other banks as identified in various Attorney General settlements, OCC and HUD findings and the like. In other words, fairly common and standard bank practices in the loss mitigation field.

>>>

>>>

4

## OUR PROPOSAL TO SETTLE THE FEDERAL CIVIL LAWSUIT

Given that my client has foster kids, and is merely seeking to keep a roof over her head in the house where her mom died, we would request the following, in good faith, in order to resolve the lawsuit which is currently pending in the Federal District Court, Central District Court of California, (again, a civil lawsuit filed by one of the so-called "attorneys" that were supposed to help my client), which complaint, of course, would need to be amended to add all the proper claims outlined above):

(1) We would request that the eviction action (unlawful detainer) immediately halt and that my client be dismissed with prejudice from the eviction action (Case#CIT12U00920), with no demand for costs or attorney fees;

(2) We would request that Wells Fargo re-purchase the property from Wedgewood (and pay them any compensation/profit as required and negotiated by and between them);

(3) Title would be put back in the name of my Client, whereafter my Client would seek to negotiate directly with Wells Fargo to achieve resolution. My firm will not be handling that piece of it as we are retained only to respond to the civil litigation on record with the Central District Court, and to advance and resolve this case as needed.

(4) My Client would agree to dismiss her case with prejudice and bear all costs and fees associated with the above case.

(5) My client hereby requests a full, detailed, and complete life of loan accounting under RESPA, as she disputes the amount of her monthly payment, each of the charges assessed and collected against her, and disputes the amounts sent to her as her "equity" following the foreclosure sale. This response can be sent to me directly, and in compliance with RESPA section 6. Please keep in mind this request was also sent to Wells Fargo on 12/13/10 by the Gordon Law Firm, and to my knowledge, there has never been a formal or proper response.

Please present this offer to your respective clients. Time is of the essence, and I would request a response to this offer by day's end tomorrow, 8/16/12. If an acceptable response is not obtained we will have no choice but to go public with the case and amend the civil lawsuit as necessary, and, a forensic accounting examination will be performed and other appropriate action taken. In a sense of fairness and decency I make this plea to your conscience. If necessary, we will take the legal aspects to Court and litigate accordingly. This is also a demand to preserve all evidence relevant to this case. Should you wish to discuss, I can be reached at (877) 276-5084.

Very truly yours,

Steven C. Vondran, Esq.

Cc: Ms. Lori Steele

6

## The Law offices of Steven C. Vondran, P.C.

| | |
|---|---|
| **From:** | MetroFax <faxbounce@fax.metrohispeed.com> |
| **Sent:** | Wednesday, August 15, 2012 11:09 AM |
| **To:** | lisa@vondranlaw.com |
| **Subject:** | Your fax has been successfully sent to 626-305-0556. RE: Attn: Mr. Sam Chandra |



From:            lisa@vondranlaw.com

To Name:

To Number:        626-305-0556

Subject:         Attn: Mr. Sam Chandra

**Attempt 1:**

| | |
|---|---|
| Date/Time: | **8-15-2012 11:13:19 AM (GMT-06:00)** |
| Pages: | **73** |
| Transmission Time: | **50:32** |
| Reason: | **Successful Send** |

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

EXHIBIT 'E"

# THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

620 Newport Center Drive, Suite 1100 Newport Beach, CA 92660

August 17th, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

VIA FACSIMILE: (626) 305-0556

*Re: Unlawful detainer hearing #CIT12U00920 and request to meet and confer regarding potential settlement for Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.*

Dear Mr. Chandra,

As you are probably aware, my office represents Ms. Lori Steele, the foster mom who was recently foreclosed on by Wells Fargo and its agent Cal-Western Reconveyance. I have left several phone messages with your office and unfortunately, I have not heard back from you.

I am hoping to speak to you regarding a potential settlement opportunity to the unlawful detainer case as set forth above. Here is what my client is willing to offer:

(1)     SHE WILL AGREE TO SETTLE THE UNLAWFUL DETAINER CASE WITH YOUR CLIENT OBTAINING A WRIT OF POSSESSION;

(2)     SHE WOULD SEEK EACH PARTY TO BEAR ITS OWN COSTS AND ATTORNEY FEES;

(3)     SHE WOULD LIKE TO DISCUSS LEASING THE PROPERTY BACK FROM YOUR CLIENT FOR EITHER THE SHORT TERM, OR FOR A LONGER TERM DEPENDING UPON YOUR CLIENT'S PLANS;

(4)     IN THE EVENT YOUR CLIENT IS SEEKING TO "FLIP" THE PROPERTY, WE WOULD LIKE TO DISCUSS A "CASH-FOR-KEYS" SCENARIO THAT WOULD ALLOW FOR A GRACEFUL EXIT FROM THE PROPERTY,

As you may know from my previous letter to your firm, my client has been *schwamboozled* by no less than three attorneys whom she paid substantial sums to assist her in dealing with Wells Fargo, who informed her not to make her loan payments leading to the final default. There are also issues involved with putting foster kids on the street if a deal cannot be worked out here.

Please contact me to discuss. A reasonable settlement would resolve the unlawful detainer case, and bring closure to what has been a huge nightmare for my client. It would also be a strong demonstration of humanity by both you and your client and, although I cannot guarantee it, would likely bring "good karma" to everyone involved.

We ask respectfully request that you present this offer to your client immediately and give it serious consideration. My client also has other items that she would be willing to barter, if needed, such as a valuable old 1908 George Ames Alrich painting and small parcels of land in Alabama. She is willing to do whatever it takes to keep a roof over her head in this devastating period in her life. Hopefully you can see fit to accommodate a fair resolution to this matter.

Please contact me at your earliest convenience to discuss, I can be reached directly at (949) 945-8700.

Very truly yours,

/s/ **Steven C. Vondran**

Steven C. Vondran, Esq.

Cc: Ms. Lori Steele

## The Law offices of Steven C. Vondran, P.C.

**From:** MetroFax <faxbounce@fax.metrohispeed.com>
**Sent:** Friday, August 17, 2012 4:54 PM
**To:** lisa@vondranlaw.com
**Subject:** Your fax has been successfully sent to 626-305-0556. RE: Attn: Mr. Sam Chandra, Esq.



From: **lisa@vondranlaw.com**

To Name:

To Number: **626-305-0556**

Subject: **Attn: Mr. Sam Chandra, Esq.**

**Attempt 1:**
Date/Time:            **8-17-2012 5:43:21 PM (GMT-06:00)**
Pages:                **0**
Transmission Time:    **00:00**
Reason:               **Fax number busy**

**Attempt 2:**
Date/Time:            **8-17-2012 5:53:36 PM (GMT-06:00)**
Pages:                **2**
Transmission Time:    **00:31**
Reason:               **Successful Send**

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

EXHIBIT 'F"



## THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

August 23, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

<u>VIA FACSIMILE</u>: (626) 305-0556

*Re: Cash for keys offer for Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.*

Dear Mr. Chandra,

I am writing to inform you that my client has found a place she will be moving to (it was not easy to find a place that would accept foster kids) but the property is not available until **Friday, September 14th**. As such, we are respectfully requesting that your client not seek eviction until this date. My client will peacefully vacate the premises if she can get this amount of time.

In addition, she is not requesting any money as part of a "cash-for-keys" offer, but she **would request that your client waive the $5,332.00 judgment** against her as she needs this money to pay her new rent. Again, please realize she was "talked into" filing the demurrer by a Pseudo-law firm that has ripped her off so we respectfully ask that your client take this into consideration and allow Ms. Steele to start her new life without a cloud hanging over her head.

Please present this to your client and contact me at your earliest convenience to discuss, I can be reached directly at (949) 945-8700.

Very truly yours,

Steven C. Vondran, Esq.

*Cc: Ms. Lori Steele*

**Phoenix:** 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | **Beverly Hills:** 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212 **Newport Beach:** 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660 | **San Diego:** 8880 Rio San Diego Drive, 8th Floor, San Diego CA 92108 **San Francisco:** 101 California, Suite 2450, San Francisco, CA 94111

AZ Lic. #025911    CA Lic. #232337    Phone: (877) 276-5084    Fax: (888) 651-2252

# The Law offices of Steven C. Vondran, P.C.

| | |
|---|---|
| **From:** | MetroFax <faxbounce@fax.metrohispeed.com> |
| **Sent:** | Thursday, August 23, 2012 4:41 PM |
| **To:** | lisa@vondranlaw.com |
| **Subject:** | Your fax has been successfully sent to 626-305-0556. RE: Attn: Mr. Sam Chandra, Esq. |

☒

From: lisa@vondranlaw.com

To Name:

To Number: 626-305-0556

Subject: Attn: Mr. Sam Chandra, Esq.

**Attempt 1:**

Date/Time: 8-23-2012 5:40:03 PM (GMT-06:00)

Pages: 1

Transmission Time: 00:45

Reason: Successful Send

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

EXHIBIT 'G"

12U00926

JUDGMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
EAST DISTRICT, WEST COVINA COURTHOUSE (-19430- )
1427 WEST COVINA PKWY., WEST COVINA, CA 91790
Telephone: (626) 813-3236

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT JUDGMENT BE ENTERED AS FOLLOWS:

FOR: WEDGEWOOD COMMUNITY FUND II LLC

AGAINST: STEELE, LORI

$ 5333.12      Rent+Damages,
$ 378.00       costs as provided by law (as taxed or ascertained.)

FOR A TOTAL OF: $      5711.12

RESTITUTION AND POSSESSION OF THE PREMISES LOCATED AT:
641 CRESTVIEW DRIVE,
GLENDORA, CA 91741

THIS JUDGMENT OF POSSESSION APPLIES TO ANY AND ALL UNNAMED OCCUPANTS OF THE PREMISES
PURSUANT TO C.C.P. 415.46,
AND THAT THE LEASE OR AGREEMENT UNDER WHICH THE AFORESAID PROPERTY IS HELD BE, AND
THE SAME IS HEREBY DECLARED, FORFEITED.

This judgment conforms to the order of the court.

DATED: 08/22/2012              MATTHEW TORRES
                               DEPUTY CLERK

I CERTIFY THE FOREGOING MINUTES, AND ALL CIVIL
JUDGMENTS AS SHOWN THEREIN, WERE DULY ENTERED
ON _____ AUG 22 2012 _____, DEPUTY CLERK
              M. TORRES
           DEPUTY CLERK

FILED AND ENTERED ON: 08/22/2012              JOHN A. CLARKE
BY MATTHEW TORRES                             Executive Officer/Clerk
   DEPUTY CLERK

CIV 4                          JUDGMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
EAST DISTRICT, WEST COVINA COURTHOUSE (-19430- )
1427 WEST COVINA PKWY., WEST COVINA, CA 91790
TELEPHONE: (626) 813-3336

WEDGEWOOD COMMUNITY FUND II        VS.                           Case Number: 12U00920
STEELE, LORI

CLERK'S NOTICE OF ENTRY OF JUDGMENT AND NOTICE RE EXHIBITS/DEPOSITIONS

To the parties and their attorneys of record: You are hereby notified that
pursuant to section CCP 664.5, the attached copy of the judgment in the above
entitled case was entered on 08/22/2012 . Further, Exhibits/Depositions,
if any, will be destroyed at the end of 60 days from expiration of appeal time.

                                    JOHN A. CLARKE, Executive Officer/Clerk

                                    By MATTHEW TORRES , Deputy
                                       Clerk of the above named Court

*Costs determined by Memorandum of Costs (1033 CCP et seq.)

_____

                        CLERK'S CERTIFICATE OF MAILING
I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify
that I am not a party to the cause herein, and that on this date I served the
Clerk's Notice of Entry upon each party or counsel
named below by depositing in the United States mail at the
courthouse in WEST COVINA, CALIFORNIA,
one copy of the original filed/entered herein in a separate sealed envelope to each
address as shown below with the postage thereon fully prepaid.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        STEELE, LORI                          SAM CHANDRA
                                              LAW OFFICES OF SAM CHANDRA, APC
        641 CRESTVIEW DRIVE                    710 S. MYRTLE AVE., #800
        GLENDORA, CA 91741                     MONROVIA, CA 91016




                                         JOHN A. CLARKE, Executive Officer/Clerk


                                         BY MATTHEW TORRES , Deputy

    Dated 08/22/2012

# EXHIBIT 'H"

September 4, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

VIA FACSIMILE: (626) 305-0556

*Re: Right to take possession, location of keys for Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.*

Dear Mr. Chandra,

I have left multiple phone calls, and letters to your office over the past few weeks, each call being unreturned and letters ignored. As you know, as a lawyer, you have a *professional obligation to cooperate and act with civility with other attorneys.* Apparently this is not your top priority. For the purposes of reference, I have attached a printout showing what the state bar expects of us as Attorneys. As they mention on their website, *extending civility to opposing counsel is not a sign of weakness* and in fact makes the profession more respectable. In other words, you can still be a power eviction attorney and extend courtesy to opposing counsel at the same time.

*At any rate, I am writing to inform you that my client has left the keys to her house in her mailbox, and your client may now take possession of the property.* Should you wish to discuss resolving the judgment recorded against my client, I can be reached directly at (949) 945-8700. Please let me know if your office has been retained for that purpose, (resolving the judgment). If not, and if I do not hear from you within 7 days of this letter, I will assume you do not handle that aspect of the case, and I will accept your silent as consent to contact the judgment creditor directly. Thank you for your anticipated cooperation.

Very truly yours,

Steven C. Vondran, Esq.

Cc: Ms. Lori Steele

## The Law offices of Steven C. Vondran, P.C.

**From:**   MetroFax <faxbounce@fax.metrohispeed.com>
**Sent:**   Tuesday, September 04, 2012 11:54 AM
**To:**   lisa@vondranlaw.com
**Subject:**   Your fax has been successfully sent to 626-305-0556. RE: 641 Crestview Drive, Glendora, CA 91741



From:   lisa@vondranlaw.com

To Name:

To Number:   626-305-0556

Subject:   641 Crestview Drive, Glendora, CA 91741

**Attempt 1:**

Date/Time:   9-4-2012 12:52:05 PM (GMT-06:00)
Pages:   2
Transmission Time:   01:47
Reason:   **Successful Send**

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

EXHIBIT "I"

Law Offices of Sam Chandra, APC
710 S. Myrtle Ave. # 600
Monrovia, CA 91016
(626) 256-4999



12/11/2012

REGARDING YOUR ACCOUNT WITH OUR CLIENT:

Wedgewood Community Fund LLC

Lori Steele
641 Crestview Drive
Glendora, CA  91741
ACCOUNT # 15061
CASE NUMBER: 12000920

TOTAL AMOUNT DUE:  $6016.38

ATTENTION: Lori Steele

The Superior Courts of California entered a money judgment against you.  Amount accrues
interest at the legal rate of 10% per year. Respond within 10 days of receipt of this
letter to avoid possible further legal action(i.e. Wage Garnishments, Bank Levies,Court
Appearances or Property Liens). If you can not tender a payment in full contact this
office to arrange payment immediately. Said payments shall be made to Sam Chandra
Client Trust and delivered to 710 S. Myrtle Ave #600 Monrovia CA, 91016.
Upon total payment, this office will file a satisfaction of judgment with the Superior
Court of California.

   This is to notify you that this account is past due.
   Unless you notify this office within 30 DAYS after receiving
   this notice that you dispute the validity of this debt or any
   portion thereof, this office will assume  that this debt is
   valid. If you notify this office in writing within 30 DAYS from
   receiving  this notice, this office will: obtain verification
   of the debt or obtain a copy of a judgement and mail you a  copy of
   such  judgement  or verification. If you request this office in
   writing within 30 DAYS after  receiving this notice, this
   office will  provide you  with the  name and address of the
   original creditor, if different from the current creditor.

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.
-------------------------------------------------------------------
          THANK YOU IN ADVANCE FOR YOUR ATTENTION TO THIS MATTER
ACCOUNT # 15061
          Lori Steele                       DATE:  12/11/2012
          641 Crestview Drive          ACCOUNT #:  15061
          Glendora, CA  91741             BAL DUE:  $   6016.38

          AMT ENCLOSED:  $_____
ALL PAYMENTS MUST BE MADE DIRECTLY TO THIS OFFICE TO INSURE PROPER CREDIT TO THIS ACCOUNT

          Return this portion to:
          Law Offices of Sam Chandra, APC
          710 S. Myrtle Ave. # 600
          Monrovia, CA 91016
          (626) 256-4999

OFFICE HOURS: Monday - Friday 10:00 a.m. to 4:00 p.m.  Our telephone number is (626) 256-4999

EXHIBIT "J"



## THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

December 13, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
Attn: Sam Chandra

FAX: (626) 305-0556

VIA FACSIMILE AND CERTIFIED MAIL: (626) 305-0556)

### Re: Violation of the Fair Debt Collection Practices Act (FDCPA) against Ms. Lori Steele and contacting a represented client. DEBT VALIDATION LETTER.

Dear Mr. Chandra,

Your office has been previously advised, both in writing and by phone, that my firm represents Ms. Lori Steele. Nevertheless, a representative of your firm ("Michael") contacted my client over the telephone at her office on or around November 21st, 2012 seeking to collect on a legal judgment obtained in an unlawful detainer court that relates to a consumer debt (relates to money awarded as *back rent* which is recognized as a consumer debt). See *Romea v. Heiberger & Associates*, 163 F. 3d 111 - Court of Appeals, 2nd Circuit (1998). As you may recall my client was charged $83 a day for rent totaling $5,332.00 for this back rent. There are several problems with the acts taken by your firm

First off, you are not permitted to contact my client directly as you were at all times aware that she is represented by a law firm:

### CALIFORNIA RULES OF PROFESSIONAL CONDUCT (RULE 2-100)

"(A) While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."

Phoenix: 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | Beverly Hills: 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212
Newport Beach: 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660 | San Diego: 8880 Rio San Diego Drive, 8th Floor, San Diego CA 92108
San Francisco: 101 California, Suite 2450, San Francisco, CA 94111

AZ Lic. #025911     CA Lic. #232337     Phone: (877) 276-5084     Fax: (888) 551-2252

We at all times have represented Ms. Steele, and made this clear to you and your firm via several prior correspondences, both oral and written. Your representative "Michael", (and your office vicariously), never had my consent to speak directly with my Client for any purpose or under any circumstance. It is believed that "Michael" is a California licensed attorney. As such, your firm as principle, and Michael as agent, have violated your professional obligations and duties due to the overly aggressive actions you have taken to seek to collect on the above referenced debt. YOU ARE HEREBY DEMANDED TO STOP CONTACTING MY CLIENT, AND TO STOP CONTACTING HER AT HER PLACE OF EMPLOYMENT. ANY COMMUNICATIONS IN REGARD TO COLLECTING ON THIS DEBT MUST COME THROUGH MY OFFICE.

Next, in acting as a debt collector of a consumer debt for back rent, you have failed to provide the proper notices to my client. Your website admits to the fact that you are a debt collector:

> "After we have regain possession of property, we seek a Money Judgment for the rent costs and attorney fees owed to the Landlord by the tenant. From there our In-house Collection Department will begin the process of tracking down the tenant's employer or assets and collect the monies using proven channels and techniques.

> After lockout your case is not over. If the evicted tenant owes you money, our Collection Department takes action to recover funds owed to you. This includes rents, hold-over damages, court costs and attorney's fees. We typically conduct collection work on a contingency basis. If there is no recovery, you pay no fees. WE MOVE SWIFTLY TO COLLECT BEFORE THE TENANT INSULATES ITSELF

1. Our Collection Department begins with an application for Money Judgment (if not already entered at trial).

2. A search is made for the assets of the Debtor, employer or other valuable information.

3. Simultaneously our Collection Department will both negotiate with or demand funds from the Debtor and instruct the Sheriff to seize any assets we were able to locate.

4. After receipt of the monies, our Collection Department will send you, on a monthly basis, a collection check along with a report of collection activities."

A *"debt collector"* is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c); see *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). There is no question you are a debt collector, and you are collecting this debt on behalf of your client who took possession of Ms. Steele's property. The call by Michael to my client constitutes an initial debt collection communication with my client, and yet you firm failed to send her the required notices under the FDCPA. As case law dictates:

> "A Debt collector's **telephone call to consumer, rather than its letter sent to consumer, was "initial communication"** within meaning of FDCPA, *requiring collector to send written notice to consumer at valid address within five days of initial communication*, where collector's letter was sent to address at which consumer had not lived for over eight months." See Fair Debt Collection Practices Act, § 809(a); 15 U.S.C.A. § 1692g(a); *Ponce v. BCA Financial Services, Inc.*, 467 Fed. Appx. 806 (11th Cir. 2012).

Under the *Fair Debt Collection Practices Act* ("FDCPA"):

§ 1692G. VALIDATION OF DEBTS

(a) Notice of debt; contents. *Within five days after the initial communication* with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty–day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty–day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

My client has not received any of these required notices. This is a violation of the Act. In addition, "Michael", your agent, made false and deceptive representations to me stating your client wished to negotiate the judgment, this came only after he was notified of his improper attempt to contact my client while she was represented. This is a failure to supervise the acts of your agent, and is a false and deceptive collection practice, which was an untrue statement when made, and is prohibited by the FDCPA.

Today I have learned that your firm has moved forward to garnish my client's wages instead of negotiating the judgment, and has also levied on her bank account in the amount of $700. As this account was strictly private, it is not clear how you obtained her account information, (which we believe to be in violation of the law, and a violation of her right to financial privacy) and which will also be alleged as a cause of action against all appropriate parties.

Given the foregoing, your firm is subject to civil liability under the FDCPA and under other statutes. As you are obviously engaged in a *joint venture with the new owner of the property*, (working on a contingency fee basis to collect the debt) you will both be held liable for your legal violations as set forth herein.

## DEBT VALIDATION LETTER

In addition, this letter is a DEBT VALIDATION LETTER under *15 U.S.C. 1692g* and you are hereby demanded to respond to this letter by providing written response to my Newport Beach office set forth below.

As referenced above, this demand is being sent to you in response to recent communications made to my Client that seek to collect on the consumer debt for back rent payments. Be advised that this letter should not be construed as a refusal to pay any amounts claimed owed, but rather, a notice sent pursuant to the Fair Debt Collection Practices Act, *15 USC 1692g Sec. 809 (b)* that your claim is disputed and that validation is hereby demanded.

This is NOT a request for "verification" or proof of my Client's mailing address, but a request for VALIDATION made pursuant to the above named legal authorities of which your compliance is required.

## *IN COMPLYING WITH THIS LEGAL DEMAND, WE HEREBY DEMAND THAT YOU PROVIDE WITH EACH OF THE FOLLOWING REQUESTED ITEMS:*

(1) Provide an itemized breakdown of the total amount of money you claim my Client owe your company/entity and/or its agents in the form of a *"life of loan" accounting* that represents the total amount claimed owed, and deducting any amounts actually paid and/or collected by you and/or your agents.

(2) Provide me with legally sufficient proof that a legal obligation exists to pay money to your company/entity and/or its agents.

(3) Identify who the legal owner of the alleged debt is, and when that person became the legal owner of the debt.

(4) If you are acting as an agent to collect the debt on behalf of another party/entity, provide legally sufficient proof of the agency arrangement in the form of a signed written document to this effect;

4

(5) Identify the original creditor of my Client's obligation, and any intermediary creditors, if any for all loan(s) identified above;

(6) Prove with legal sufficiency that the Statute of Limitations has not expired on this claim;

(7) Provide proof that you are legally licensed to act as a debt collector in the State of California including providing me with your applicable license numbers and the names and addresses of any registered agents you may have in California;

**NOTE: If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.**

If your offices fail to respond to this debt validation request within 30 days from the date of your receipt, all references to this account, and all collection efforts (including but not limited to any further acts of wage garnishment) must immediately cease and stop. In addition, all negative and improperly reported credit must be immediately deleted and completely removed from my Client's credit file and a copy of such compliance with this deletion request shall be sent to me at the address below.

Please forward all of the above-requested information in LEGIBLE hard copy format, to my California office address as follows:

*The Law Offices of Steven C. Vondran, P.C.*
*620 Newport Center Drive, Suite 1100*
*Newport Beach, CA 92660*

## REMEDIES RECOGNIZED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT FOR YOUR WILLFUL FAILURE TO RESPOND TO THIS LAWFUL REQUEST

### Civil Liability - 15 U.S.C. § 1641(f)(2) / Section 813

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of

(1) **Any actual damage** sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such **additional damages** as the court may allow, but not exceeding $1,000; or

5

(B) In the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of **$500,000** or 1 per centum of the net worth of the debt collector; and

(3) In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a **reasonable attorney's fee** as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors --

(1) In any individual action under subsection (a)(2)(A), **the frequency and persistence** of noncompliance by the debt collector, the **nature of such noncompliance, and the extent to which such noncompliance was intentional.**

You should also note that Courts have also recognized *punitive damages* for blatant violations of the Act. See *Rubin v. Account Control Technology*, 865 F. Supp. 1443 (D. Nev. 1994). In addition, following a nine day trial in the United States District Court for the Northern District of California, the jury awarded Plaintiffs, Manuel and Luz Fausto, $500,000 in their suit against Crediligy Services Corporation. The verdict consisted of $100,000 in actual damages and $400,000 in punitive damages. An important win and it appears to be the largest under the FDCPA for a consumer that had debt.

At any rate, I will be expecting your response within the time frames required by law. If you fail to respond in a timely manner, and/or fail to produce the requested information, we will add these violations to the civil lawsuit. In the event your office wants to follow through on negotiating the judgment, in addition to responding to this debt validation letter, you may set forth any proposal you have in writing.

<<<

<<<

6

If not, we will set forth our violations, including a violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), which likewise prohibits creditors and debt collectors from, among other acts, making false, deceptive, or misleading representations in an effort to collect a debt. *Cal. Civ. Code §* *1788*, et seq.  My client also reserves the right to reopen her bankruptcy case to include the alleged debt, and/or to file a new chapter 13 case as may be warranted.

Regards,

Steven C. Vondran, Esq.

Cc: *Ms. Lori Steele*

7

## Lisa vondran

**From:** MetroFax <faxbounce@fax.metrohispeed.com>
**Sent:** Thursday, December 13, 2012 1:32 PM
**To:** lisa@vondranlaw.com
**Subject:** Your fax has been successfully sent to 626-305-0556.



From: lisa@vondranlaw.com

To Name:

To Number: 626-305-0556

Subject:

**Attempt 1:**
Date/Time: **12-13-2012 1:29:30 PM (GMT-07:00)**
Pages: **8**
Transmission Time: **02:27**
Reason: **Successful Send**

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 5 GAF (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>LORI STEELE | DEFENDANTS<br>LAW OFFICES OF SAM CHANDRA, a professional corporation; and WEDGEWOOD COMMUNITY FUND II, LLC, a California limited liability company and DOES 1 through 10 Inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.<br>620 Newport Center Drive, Suite 1100, Newport Beach, CA 92660<br>Telephone: (877) 276-5084 Fax: (888) 551-2252 Email Law@attorneysteve.net | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ FDCPA $1,000 + other damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1692 Fair Debt Collection Practices, contacting a party known to be represented, Invasion of Privacy, IIED, 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-00005**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

        ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact, or

        ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges, or

        ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign County, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (CHANDRA)<br>Unknown (WEDGEWOOD) | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign County |
|---|---|
| Los Angeles | |

***  Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____          Date  December 28, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |