1  THE LAW OFFICES OF STEVEN C. VONDRAN PC
   Steven C. Vondran, Esq. (SBN# 232337)
2  law@attorneysteve.net
   620 Newport Center Drive, Suite 1100
3  Newport Beach, California 92660
   Telephone: (877) 276-5084
4  Facsimile: (888) 551-2252

5  Attorney for Plaintiff: LORI STEELE

6

7               UNITED STATES DISTRICT COURT

8       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9

| | |
|---|---|
| LORI STEELE, an individual | Case No.: 2:13-cv-00005 GAF |
| Plaintiff, | Assigned to Hon. Judge Gary Allen Fee |
| v. | **PLAINTIFF LORI STEELE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| LAW OFFICES OF SAM CHANDRA, a professional corporation; and WEDGEWOOD COMMUNITY FUND II, LLC, a California limited liability company and DOES 1 through 10 Inclusive, | *[Declarations and Requests for Judicial Notice filed and Notice of Unpublished Opinions concurrently herewith]* |
| Defendants. | Hearing: Date: March 11, 2013 Time: 9:30 a.m. Dept: Courtroom 740 |

1

# TABLE OF CONTENTS

**Page**

I.   Statement of Facts………………………………………....…1-10

II.  Summary of Defendants Arguments/Issues to be decided.………………………………………....…………1-10

III. Memorandum of Points and Authorities…………………….10-25

A.   Standard of Review………………………….………………...10

B.   THE MOTION SHOULD BE DENIED BECAUSE DEFENDANTS FAILED TO COMPLY WITH LOCAL RULE 7-3 (MEET AND CONFER OBLIGATION BEFORE FILING MOTIONS) AND THIS PROCEDURAL DEFECT WARRANTS DENIAL OF THEIR MOTION………………………………….................………………12-13

C.   PLAINTIFF HAS PROPERLY PLED CAUSES OF ACTION FOR THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. 1692 ET. SEQ. ("FDCPA") APPLIES AND DEFENDANT HAS VIOLATED THIS LAW………………………………………………….14-18

D.   VIOLATION OF CAL.BUS. & PROFESSIONS CODE §17200……………………………………………….18-20

E.   TORT IN SE……………………….……………...21-23

F.   INTRUSION ON SECLUSION (RIGHT OF PRIVACY)…..23-24

---

TABLE OF CONTENTS

(i)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G.    INTENTIONAL INFLICTION OF EMOTIONAL

DISTRESS........................................................................... 24-25

H.    DECLARATORY RELIEF / INJUNCTION......................…....….....25

IV.    Conclusion................................................................................25

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Page**

I.   CASES

*Murphy v. Walker*, 51 F.3d at 717. ......................................................11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ......................................11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).........................11

*Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517 C.A.9 (Cal. 1994)....11

*Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir.1990).......................11

*Love v. United States*, 871 F.2d 1488, 1491 (9th Cir.1989)........................11

*United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).......11

*Cucci v. Edwards*, 510 F.Supp.2d 479, 486 (CD. Cal. 2007) ......................................................................................12

*Nassirpour F.D.I.C*, No. CV08-7164-GHK (AJWx), 2008 U.S. Dist. LEXIS 105940, at 8-9, n.1 (C.D. Cal. Dec. 29, 2008) ......................................13

*Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 U.S. Dist. LEXIS 89204, at 3-5 (C.D. Cal. Oct. 7, 2008)..................................................13

*Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.,* No. CV 09-2140 PSG (JCx), 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) ...............13

*Valdovinos v. County of Los Angeles*, No. CV 06-7580 JVS (SHx), 2008 WL 2872648, at *2 (C.D. Cal., July 23, 2008) ...........................................13

*Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 211-12 (1 Cir. 1987)..................................................................................15

*Smale & Robinson, Inc. v. United States*, 123 F.Supp. 457, 463 (S.D.Cal.1954)..................................................................................15

*Peoples National Bank v. Manos Brothers, Inc.*, 226 S.C. 257, 84 S.E.2d 857, 870, 45 A.L.R.2d 1070 (1954)..................................................15

*Lebold v. Inland Steel Co.*, 125 F.2d 369, 375 (7th Cir. 1941)...................16

*City of Chetopa v. Board of County Com'rs.*, 156 Kan. 290, 133 P.2d 174, 177 (1943). ..............................................................................16

*California State Board of Equalization v. Coast Radio Products*, 9 Cir., 228 F.2d 520, 525.4..................................................................16

*U.S. v. Georgia-Pacific Co.*, 421 F.2d 92 (9th Cir. Ct. Appeals – 1970).........16

R*omea v. Heiberger & Associates*, 163 F.3d 111 (2d Cir. 1998) ................17

*Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56 (2d Cir. 2004)......................................................................17

*Hodges v. Sasil Corp.*, 915 A.2d 1 (N.J. 2007)....................................17

*Riley v. Giguiere* 2008 WL 436943 (E.D. Cal. Feb 14, 2008) ...................17

*Sanz v. Fernandez*, 633 F.Supp 2d 1356 (S.D.Fla.2009) .........................17

*Hawthorne v. Mac Adjustment, Inc.* 140 F.3d 1367, 1371 (11th Cir. 1998).....17

TABLE OF AUTHORITIES

(iv.)

*People v. Casa Blanca Convalescent Homes Inc.*, 159 Cal.App.3d 509, 206 Cal.Rptr. 164, 177 (1984)…………………………………………………….…..19

*Laczko v. Jules Meyers, Inc.*, 276 Cal.App.2d 293, 295, 80 Cal.Rptr. 798 (1969)…… …..…………………………….……………….…………..21

*South Bay Building Enterprises, Inc. v. Riviera Lend–Lease, Inc.*, 72 Cal.App.4th 1111, 1123, 85 Cal.Rptr.2d 647 (1999)……. …..……..……...22

*Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912)… ………....…23

*Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 238 F.Supp.2d 1158 (N.D. 2002)……. …..………………………………………….……….…..23

*State Rubbish Collectors Ass'n v. Siliznoff* (1952) 38 C2d 330, 337–339, 240 P2d 282, 285–286; CACI 1600–1604; BAJI 12.70–12.78]… ……….…....25

*Hernandez v. Hillsides*, Inc., supra, 47 C4th at 288, 97 CR3d at 287]…..…...25

## II.   STATUTES

Fed. R. Civ. P. 8(a)(2)……………………… …..………………………11
Central District CA Local Rule 7-3……………………………….12, 13
15 U.S.C. 1692……………………………………………...…..14
Cal. Bus. & Prof. Code § 17200………………………………18,19,20
Cal. B&P §6077.5……………………………………………….19, 23
Cal. Civ. Code §43……………………………………………..19, 22
Cal. Bus. & Prof. Code §§ 6000………………………………..19, 23
Cal. Civ. Code §1710…………………………………………..20, 23
Cal. Civ. Code §285…………………………………………… 20

TABLE OF AUTHORITIES

Rule 2-100……………….…….…………….……….……….……..…..20, 21, 23

CCP 684.020(a)…… …….…….……….…….…….…….……….……….....21

Civ.Code § 1708…….….…….…….…….….…….…….……….……..…...23

III.   MISC.

*Restatement (2d) of Torts* § 874A (1979)… …….…….…….……….…...…23, 24

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, COMES NOW LORI STEELE, ("PLAINTIFF" and/or "STEELE"), by and through its undersigned counsel, in opposition to Defendant SAM CHANDRA ("CHANDRA") and WEDGEWOOD COMMUNITY FUND II, LLC ("WEDGEWOOD") Motion to Dismiss.   This opposition is based upon this pleading, memorandum of points and authorities, documents on file with the Court, requests for judicial notice, declarations, and any oral evidence that may be taken at the hearing.  Oral argument is hereby requested.

# I.
## STATEMENT OF FACTS

Plaintiff STEELE is a foster mom who was facing foreclosure with her lender Wells Fargo.  When faced with foreclosure, Plaintiff hired the services of several firms which she was led to believe were credible in the field of foreclosure defense and who represented that they were capable of assisting her in saving her home and preserving equity that she had in her property.

Among the people Plaintiff hired to help her included an attorney that represented he could assist her in saving her home and saving the equity she had in her property.  Instead of assisting her however, the Attorney defrauded her and collected substantial advance fees (the attorney has since been disbarred).

STEELE'S property was sold at a private non-judicial foreclosure trustee sale on 5/29/12 to purchaser WEDGEWOOD, who is believed to be routinely engaged in the business of purchasing properties at non-judicial foreclosures

2

sales.   After WEDGEWOOD purchases foreclosure properties, they routinely engage CHANDRA'S office to handle the unlawful detainer and eviction process, and thereafter, to engage in what is believed to be a contingency-based debt collection service (See **Exhibit "C"** which is a true and correct copy of a page of CHANDRA'S website) whereby all damages and rent recovered in the unlawful detainer proceeding is collected by CHANDRA on a contingency fee basis.

CHANDRA is alleged to act on behalf of their principle, (and alleged joint venture partner), WEDGEWOOD who authorizes, instructs, ratifies, and sanctions the activities and conduct of CHANDRA.   See attached **Exhibit "A,"** which is a copy of a printout indicating the apparent extent of the working relationship in this regard between the parties on multiple prior transactions.

During the process of attempting to retain professional help on her behalf (which resulted in a significant out-of-pocket cost loss to STEELE) she was persuaded and advised to challenge the unlawful detainer process by filing a Demurrer.  Plaintiff also was advised to file a separate civil lawsuit challenging wrongful foreclosure and was advised that she would, for a fee, be placed into a *mass-joinder lawsuit* that was supposed to save her home from foreclosure and to protect her equity in the property.  Plaintiff was never placed into any mass joinder lawsuit, and instead was *scammed* out of a significant amount of money.

OPPOSITION TO MOTION TO DISMISS

Ultimately, Plaintiff wound up representing herself *in pro per* in an unlawful detainer ("UD") action filed on 6/19/12 in Los Angeles Superior Court in West Covina (Case#12U00920) by WEDGEWOOD with CHANDRA as counsel.   The complaint and summons was served on STEELE.   The summons represents that CHANDRA is a debt collector under the FDCPA by stating on the summons:

> "**Notice from the Law Offices of Sam Chandra, APC: Notice: Pursuant to the <u>Fair Debt Collection Practices Act</u>.   <u>If this or the attached documents demand any sum of money</u>, we hereby inform you that unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof this office will assume the debt is valid.**" (emphasis and underlining added).   (See Plaintiff's RJN#1 p.2)

The summons was a document ultimately filed with the Court following service on STEELE.   As such, CHANDRA is judicially estopped from now taking the contrary position in this litigation that the FDCPA does not apply.

**The complaint (See Plaintiff's RJN#2), which was attached to the summons and served on STEELE did in fact demand a sum of money on both pages 2 and 3, which in fact triggered the applicability of the FDCPA as asserted by CHANDRA in the summons.**   Page 2 of the complaint demanded money in the form of a "reasonable rental rate" of $2,500 per month and a daily rate of $83.33. Page 3 similarly demanded money in the amount of

4

$83.33 per day from 6/19/12 (the filing date of the complaint).  The face page of the complaint indicates "Demand does not exceed $10,000."

As such, CHANDRA clearly was demanding money in his complaint, and by his own words and admission used in the summons, the FDCPA applies to his collection of the debt.   Moreover, in a letter from CHANDRA to Plaintiff's counsel dated 12/18/12 (See **Exhibit "B"**)., CHANDRA admits that *"you will find the mini Miranda as required by the FDCPA printed on the Summons."* Defendants cannot now take a totally different position.

Page 4 of the UD complaint contains a verification, which indicates CHANDRA is "agent" for WEDGEWOOD.

In making the UD award on 8/22/12, the judge awarded $5,333.12 for "rent" + "damages" and $378.00 for "costs" (See **RJN#3**).   Rent is a debt covered by the FDCPA according to many courts.   The total amount of the judgment was thus **$5711.12** and entered on **8/22/12**.   There was no award of interest made by the UD judge.  Legal interest at 10% amounts to 1.56 per day as indicated by CHANDRA in his correspondence filed with the Court (See wage garnishment document as set forth in Plaintiff's **RJN#4**).

Then, on 12/11/12 (111 days after the judgment was entered in the UD case) CHANDRA sent a letter to STEELE - with full knowledge that STEELE was represented by counsel in regard to the debt at issue – indicating that the

OPPOSITION TO MOTION TO DISMISS

amount of the debt owed was $6,016.38 (See **Exhibit "D"**).  His letter also indicates it was an attempt to collect a debt.

This letter and demand for payment amounts to a clear OVERCHARGE (and a separate violation of the FDCPA) in the amount of $132.13.  The amount actually owed on 12/11/12, even with applying a legal rate of interest, is the amount of $5,884.  CHANDRA therefore seeks to collect on a debt on behalf of WEDGEWOOD seeking to collect amounts of money to which neither he nor WEDGEWOOD are legally entitled to and which manifests a predatory intent.  Portions of this debt claimed due were eventually extracted from the bank account of one of STEELE'S minor foster kids.

## EVIDENCE CHANDRA WAS AWARE PLAINTIFF WAS REPRESENTED BY COUNSEL IN REGARD TO THE DEBT.

As the exhibits to the complaint point out, CHANDRA as a California licensed attorney, was made aware on MULTIPLE OCCASIONS that STEELE was represented by counsel in relation to both the UD and in regard to collection of the debt.  Yet his chosen course of conduct was to completely ignore such notice and to proceed to contact STEELE at her place of employment to seek to collect on the debt just prior to Thanksgiving day.

By way of examples:

1.  A letter informing CHANDRA that STEELE was represented by Counsel was sent to CHANDRA on or around August 15, 2012 (6 days before

6

the UD Trial).  See attached **Exhibit "E"** which is a true and correct copy of the letter sent to CHANDRA at his office (fax confirmation included), which is incorporated herein by reference.  The letter informed CHANDRA:

> *"we would request that the eviction action (unlawful detainer) immediately halt and that my client be dismissed with prejudice from the eviction action (Case#CIT12U00920)"*

CHANDRA did not respond to the letter.  One or more phone calls were also made during this time to CHANDRA at his office, seeking to discuss the case with CHANDRA.  These calls were not returned by CHANDRA.

2.    On or around August 17th, 2012 (two days after the Exhibit "E" communication) a second letter was sent to CHANDRA'S office in reference to the unlawful detainer hearing, which made a written request to meet and confer with CHANDRA.  The August 17th letter is attached as **Exhibit "F"** and is a true and correct copy of the SECOND letter sent to CHANDRA at his office (fax confirmation included), which is incorporated herein by reference.  In this letter it was again made clear to CHANDRA that STEELE was represented by Counsel, and this letter specifically stated:

> *"As you are probably aware, my office represents Ms. Lori Steele, the foster mom who was recently foreclosed on by Wells Fargo and its agent Cal-Western Reconveyance."*

> *"I am hoping to speak to you regarding a potential settlement opportunity to the unlawful detainer case as set forth above"*

> *"I have left several phone message with your office and unfortunately, I*

7

1    *have not heard back from you*"

2    CHANDRA did not respond to the letter.  One or more phone calls were

3    also made during this time to CHANDRA at his office, seeking to discuss the

4    case with CHANDRA.  These calls were likewise not returned.  These two

5

6    letters were sent prior to the UD hearing.

7        3.    Counsel for STEELE was not specifically retained to attend the UD

8    hearing, but nevertheless sent an appearance attorney as a courtesy to the UD

9

10   court to attempt to make an appearance on behalf of STEELE and to object to

11   the award of damages and attorney fees.  The appearance attorney (Mr. Armen

12

13   Garabedian, Bar#260502 informed the Court of the representation of STEELE

14   and CHANDRA'S office was well aware, once again, that STEELE was

15   represented by counsel.  A copy of the minute Order for the UD hearing is

16

17   attached (Plaintiff's RJN#5) and confirms CHANDRA was personally present at

18   the hearing.  Mr. Garabedian's appearance provided ample notice and made

19   clear to CHANDRA that STEELE was represented by counsel even though the

20

21   Court did not formally recognize the appearance.

22        4.    Following the UD hearing, on or around August 23, 2012 a THIRD

23   written letter was sent to CHANDRA'S office which is attached as **Exhibit "G"**

24

25   and is a true and correct copy of the THIRD letter sent to CHANDRA at his

26   office (fax confirmation included) which is incorporated herein by reference.

27   This letter made it clear to CHANDRA that STEELE was represented by

28

8

OPPOSITION TO MOTION TO DISMISS

Counsel in regard to the money judgment obtained in the UD case and stated that STEELE:

> "*would request that your client waive the $5,332.00 judgment against her in the unlawful detainer case.*"

This letter was likewise not responded to, and calls made on or around this time were not returned. There is no question CHANDRA was aware STEELE was represented by counsel, both in regard to the UD action, and following the UD action in regard to collection of the debt.

On or around November 20, 2012, a representative of CHANDRA'S law office contacted Plaintiff at her place of employment by phone. This is the one thing STEELE wanted to avoid and she hired counsel to assist her with the legal judgment in the unlawful detainer matter, for the main reason being that she did not wish to be contacted at her office and place of employment, which she felt could risk employment opportunities, and risk her means of supporting her foster kids. There was no attempt to discuss this debt with Counsel, and instead a work-around to contact STEELE at her office.

As a result of this phone call, people at work started talking and STEELE has as a consequence suffered both monetary (lost income) and non-monetary damages (stress, humiliation, grief, trauma, embarrassment, mental anxiety) as set forth in her declaration filed with this motion. Plaintiff alleges that the phone call made to Plaintiffs place of employment on or around November 20, 2012

9

1  was made to harass, intimidate and embarrass her and to jeopardize her

2  employment opportunities.

## II.
## SUMMARY OF DEFENDANTS LEGAL ARGUMENTS/ISSUES TO BE DECIDED

1. The FDCPA does not apply to the UD debt for rent, damages, and costs even though he admits on several occasions (including in a pleading filed in another court) that the FDCPA applies;

2. CHANDRA, as an attorney, does not have to acknowledge, recognize, or respond to another attorney representing a client if the attorney does not formally substitute into a case;

3. There was only one phone call made to Plaintiff's place of employment while she was known to be represented, and such phone call should be overlooked.

4. The issue of overcharging Plaintiff (seeking to collect more than is actually owed) was not addressed in his motion to dismiss, and as such, should be deemed admitted.

## III.
## MEMORANDUM OF POINTS AND AUTHORITIES

## A. STANDARD OF REVIEW IN RULING ON MOTION TO DISMISS.

When considering a motion to dismiss under *Rule 12(b)(6)*, the Court

10

1   accepts as true all facts alleged in the complaint and construes all reasonable

2   inferences in favor of the plaintiff. See *Murphy v. Walker*, 51 F.3d at 717. To

3
4   state a claim upon which relief can be granted, a complaint must contain a "short

5   and plain statement of the claim showing that the pleader is entitled to relief."

6
7   Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the

8   plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief

9   that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

10
11  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

12       In *Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517 C.A.9

13  (Cal.),1994, the Court stated that "on a motion to dismiss we are required to read

14
15  the complaint charitably, to take all well-pleaded facts as true, and to assume

16  that all general allegations embrace whatever specific facts might be necessary

17  to support them." Citing *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th

18
19  Cir.1990).   In addition,   the Court must "accept the allegations as true and

20  construe them in the light most favorable to the plaintiff." *Love v. United States*,

21  871 F.2d 1488, 1491 (9th Cir.1989).  Even if the face of the pleadings suggests

22
23  that the chance of recovery is remote, the Court must allow the plaintiff to

24  develop the case at this stage of the proceedings. *United States v. City of*

25  *Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

26
27
28  Plaintiff's case should not be dismissed as she has adequately pled her case.

11

**B. THE MOTION SHOULD BE DENIED BECAUSE DEFENDANT'S UTTERLY FAILED TO COMPLY WITH LOCAL RULE 7-3 (MEET AND CONFER OBLIGATION BEFORE FILING MOTIONS) AND THIS PROCEDURAL DEFECT WARRANTS DENIAL OF THEIR MOTION.**

Plaintiff's motion is procedurally defective and should be rejected at the threshold because of the failure of Defendant's counsel to comply with Local Rule 7-3.  Local Rule 7-3 states, in pertinent part:

> "In all cases not listed as exempt in L.R. 16-12 ... counsel contemplating the filing of any motion ***shall first contact opposing counsel*** to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (e.g., a motion to dismiss pursuant to F.R.Civ.P. 12(b) ...), then this conference shall take place at least five (5) days prior to the last day for filing the motion...." (emphasis added).

Local Rule 7-3 also requires counsel to include a statement of compliance with Rule 7-3 in their notice of motion. Plaintiff has failed to satisfy either of these important requirements (*See* Declaration of Vondran).

These defects alone justify denying Plaintiff's motion as made clear by other courts in the Central District in both published and unpublished decisions.

**Published Decisions (involving Local Rule 7-3)**

1. *Cucci v. Edwards*, 510 F.Supp.2d 479, 486 (CD. Cal. 2007) (confirming that the court may deny motion on sole basis of failing to comply with Local Rule 7-3 alone).

12

**Unpublished Decisions (involving Local Rule 7-3)** (see Notice of Unpublished Case filed concurrently with this Opposition).

1. *Nassirpour F.D.I.C*, No. CV08-7164-GHK (AJWx), 2008 U.S. Dist. LEXIS 105940, at 8-9, n.1 (C.D. Cal. Dec. 29, 2008) (denying motion because defendant failed to comply with Local Rule 7-3). **(See Unp #1)**

2. *Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 U.S. Dist. LEXIS 89204, at *3-5 (C.D. Cal. Oct. 7, 2008) (where the Court denied a motion to dismiss when the moving party failed to meet and confer, even after expressing an intent to do so). **(See Unpublished #2)**

3. *Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*, No. CV 09-2140 PSG (JCx), 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) (denying motion to dismiss for failure to comply with Local Rule 7-3, noting that "[t]he meet and confer requirements of Local Rule 7-3 are in place for a reason, and counsel is warned that nothing short of strict compliance with the local rules will be expected in this Court") **(#3)**

4. *Valdovinos v. County of Los Angeles*, No. CV 06-7580 JVS (SHx), 2008 WL 2872648, at *2 (C.D. Cal., July 23, 2008) (denying County's motions in limine for failure to comply with Local Rule 7-3). **(#4).**

Given established legal precedent and the patent defect in bringing the motion to dismiss, the Court need not even reach the merits of the Motion because Plaintiff failed to comply with Local Rule 7-3, and the motion must be

13

dismissed with prejudice.   At no time prior to the filing of the Motion did Defendant contact Plaintiffs counsel — in person, by telephone or by email — to even indicate an intent to file such a motion, much less to discuss the substance of the Motion or any potential resolution. (See Vondran Declaration).

## C.   **PLANTIFF HAS PLED PROPER CAUSES OF ACTION**

(1) THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT - 15 U.S.C. 1692 ET. SEQ. ("FDCPA") APPLIES AND DEFENDANT HAS VIOLATED THIS LAW.

a.   CHANDRA admits he is a debt collector and that the FDCPA applies in his summons filed with the Court, and in other communications that recognize the FDCPA applicability and he is *estopped* (**both judicially and equitably**) from now asserting a contrary position.

As set forth above, CHANDRA states in his correspondence to counsel that his "*mini-miranda*" warning "*required by the FDCPA*" is contained in his summons (See Exhibit "B" p. 3).  A copy of the summons (which was filed with the Court) also evidences the language that CHANDRA admits the FDCPA applies to his activities (RJN#1).   The summons (which was filed with the UD Court) indicated on page two, that "*if you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.*" STEELE relied on the wording in the summons and her right to challenge the eviction (and the moneys claimed owed in the complaint), and she filed a

OPPOSITION TO MOTION TO DISMISS

1   Demurrer following receipt of the summons.  Her Demurer was a notice served

2   on CHANDRA'S office and was an objection and dispute of the alleged debt,

3

4   money owed, claim for rent, and the UD in general.  Following her dispute and

5   written objection, no verification of the debt or copy of any judgment was sent to

6   STEELE as represented it would be, and thus there was further reason not to

7

8   withdraw her UD demurrer, which ultimately resulted in increased damages to

9   STEELE who was forced to pay $83 per day in rent and damages.

10        Under these facts, Defendants are equitably and judicially estopped from

11

12   now asserting the FDCPA has no application to the case.  STEELE ultimately

13   suffered damages in reliance on Defendant's representations.   Courts have

14   understood this problem and have held that ***judicial estoppel*** should be

15   employed when "intentional self-contradiction is being used as a means of

16

17   obtaining unfair advantage in a forum provided for suitors seeking justice." See

18   *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 211-12 (1 Cir.

19

20   1987).

21        ***Equitable estoppel*** also fits the facts of the case at bar, and should

22

23   preclude Defendants from now asserting that the FDCPA does not apply.

24   Equitable estoppel is a doctrine adjusting the relative rights of parties based

25   upon consideration of justice and good conscience. See *Smale & Robinson, Inc.*

26

27   *v. United States*, 123 F.Supp. 457, 463 (S.D.Cal.1954); *Peoples National Bank v.*

28   *Manos Brothers, Inc.*, 226 S.C. 257, 84 S.E.2d 857, 870, 45 A.L.R.2d 1070

(1954).    Equitable estoppel prevents a party from assuming inconsistent positions to the detriment of another party, *Lebold v. Inland Steel Co.*, 125 F.2d 369, 375 (7th Cir. 1941). Equitable estoppel is a rule of justice, which, in its proper field, prevails over all other rules. *City of Chetopa v. Board of County Com'rs.*, 156 Kan. 290, 133 P.2d 174, 177 (1943).    Four elements must be present to establish the defense of estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury. See *California State Board of Equalization v. Coast Radio Products*, 9 Cir., 228 F.2d 520, 525.4 and *U.S. v. Georgia-Pacific Co.*, 421 F.2d 92 (9th Cir. Ct. Appeals – 1970).

Here, as mentioned above, STEELE relied on the summons representation that CHANDRA was a debt collector under the FDCPA and filed a dispute (within 30 days) in the form of Demurrer that was served on CHANDRA'S office as instructed in the FDCPA notice.   The validation was never sent to Plaintiff, and she thus proceeded on with her UD defense.   As a consequence, she incurred additional daily rent damages in the amount of $83.33 per day, which could have been prevented.   Defendants use the FDCPA clause in documents such as the Summons to give an air of legal authority to their actions. STEELE has no special knowledge as to whether the FDCPA applied or not and

16

the burden should fall on CHANDRA, the attorney, to make the proper representations and to follow through on conduct he says his office will undertake, and under these circumstances he should be judicially and equitably estopped from denying the FDCPA applies and their motion to dismiss must be denied on this ground.

Moreover, Courts have recognized that the FDCPA will apply when a creditor represents he is a debt collector bound by the FDCPA as set forth above. Finally, the collection of "rent" on behalf of a third party has also been recognized to fall within FDCPA protections.   See *Romea v. Heiberger & Associates*, 163 F.3d 111 (2d Cir. 1998) which held that collection of back-rent was a debt covered by the FDCPA.    See also see *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56 (2d Cir. 2004); *Hodges v. Sasil Corp.*, 915 A.2d 1 (N.J. 2007) and *Riley v. Giguiere* 2008 WL 436943 (E.D. Cal. Feb 14, 2008)(eviction attorney was debt collector) and *Sanz v. Fernandez*, 633 F.Supp 2d 1356 (S.D.Fla.2009) (landlord collection service seeking back rent subject to FDCPA).

It must be noted that in *Romea*, **no consumer transaction or extension of credit** was required to bring the case within FDCPA protections as CHANDRA argues in his motion to dismiss (See MTD P.8 ¶21-28) by citing the *Hawthorne v. Mac Adjustment, Inc. 140 F.3d 1367, 1371 (11th Cir. 1998)* case, which is distinguishable in that the holding was limited to determining that tort

17

damages following an auto accident are not consumer debts within the meaning of the FDCPA.

As set forth in the Complaint, and in this opposition motion, the judge in the UD action awarded "*rent* + damages" to WEDGEWOOD and the "rent" portion was calculated at *$83.33 per day* (See RJN#3). This is in the nature of back-rent and creates a triable issue of fact as to whether or not Defendant's collection activities come within the FDCPA. Defendant's contention that only "damages" were awarded is not genuine, and not consistent with the Court's final judgment. Any way you slice or dice it, Defendants should be held to the FDCPA that they represented applied. They violated the FDCPA as outlined herein including most notably (1) contacting of a person known to be represented by Counsel, (2) seeking payment of moneys to which Defendant's are not entitled to ($132.13), and (3) failing to properly validate the debt as set forth and adequately pled herein and in the complaint. The motion to dismiss as to the FDCPA must be denied.

(2)  VIOLATION OF CAL.BUS. & PROFESSIONS CODE §17200

The UCL prohibits "any <u>unlawful</u>, <u>unfair</u> or fraudulent business act or practice." *Cal. Bus. & Prof. Code § 17200*. Plaintiff has adequately alleged both statutory and unfair violations and has alleged both monetary and other damages

A. STATUTORY VIOLATIONS: **Plaintiff has** alleged violations of the FDCPA (15 U.S.C. 1692 et seq), B&P 6077.5 (**unfair** collection of debts by Chandra and his employee who contacted **STEELE** without identifying his job title for example)., Civil Code Section 43 (**right to be free** form personal insult, such as being contacted at work while known **to be represented** by counsel) and for other statutory violations embodied in the Rules of Professional Responsibility, the California Constitution (art. VI, § 9); and the State Bar Act (Cal. Bus. & Prof. Code §§ 6000 et seq.). **This is sufficient to survive dismissal.**

B. UNFAIR PRACTICES: An 'unfair' business practice occurs ***when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.***" *People v. Casa Blanca Convalescent Homes Inc.*, 159 Cal.App.3d 509, 206 Cal.Rptr. 164, 177 (1984). Plaintiff has alleged "unfair" conduct:

    a. Over-collecting on a debt in the amount of $132.13 (and collecting portions of this from a minor foster child in Plaintiff's care) is "unfair" and violates a statute, both sufficient to allege a 17200 claim.

As set forth above, Defendant's sent a letter to Plaintiff demanding amounts of money they are not legally entitled to (See Exhibit "D"). This is unfair and personally insulting. Plaintiff alleged this deceptive collection practice in the Complaint (See Complaint p.17 ¶26), yet Defendants have failed to address this precluding any right to dismiss the complaint.

19

1    Such attempts to collect monies not actually owed also violates statute

2    (FDCPA) which prohibits **"the false representation of—the character,**

3

4    **amount, or legal status of any debt and this** type of unfair debt collection

5    activity also violates other statutes for example the law of Deceit in California

6    (California Civil Code section 1710).

7

8    b. <u>Contacting a party known to be represented by counsel violates various</u>

9    <u>statute as set forth above, and is "unfair" and has caused damages.</u>

10   CHANDRA seeks to justify his contact with a party known to be represented

11

12   by citing Cal. Civ. Code §285 and he *selectively* cites section 285 of the code by

13   stating *"until substitution is filed, the former attorney must be recognized"*

14   (indicating he cannot talk to an attorney who represents a client, unless they

15

16   formally sub into a case). This is not what the statute says or means, and it is not

17   an exception to the California State Bar ethical rule 2-100 which prohibits

18   contacting persons *"known to be represented"*. Section 285 of the code of civil

19

20   procedure simply states:

21       "When an attorney is changed, as provided in the last section, written
         notice of the change and of the substitution of a new attorney, or of the
22       appearance of the party in person, must be given to the adverse party.
23       Until then he must recognize the former attorney."

24

25   CHANDRA fails to understand that this provision relates to "attorneys"

26   and recognizing former "attorneys". This section does not authorize him to

27
     contact STEELE at her office after receiving multiple letters of representation,
28

OPPOSITION TO MOTION TO DISMISS

an appearance in the UD acknowledging representation, and calls seeking to discuss the UD case and judgment with him. In addition, the phone call to STEELE'S place of employment was also not a *"writ, notice, order or other paper"* that is *"required to be served"* on the judgment debtor as he also argues in his Motion to Dismiss (See MTD P. 11 at 11-14 citing CCP 684.020(a)) as requiring him to contact STEELE. This is ludicrous. Neither statute cited provides any authority whatsoever for CHANDRA to contact STEELE while he was aware she was represented by counsel. Rather, Rule 2-100 (See RJN#6) is clear that an attorney cannot make these contacts and further clarifies that:

> "As used in paragraph (A), "the subject of the representation," "matter," and "party" are ***not limited to a litigation context.***" (emphasis added)

Plaintiff has properly pled a 17200 violation and the motion must be denied.

(3) TORT IN SE

Plaintiff has adequately pled tort in se. A "tort in se" is "the breach of a nonconsensual duty owed another." *Laczko v. Jules Meyers, Inc.*, 276 Cal.App.2d 293, 295, 80 Cal.Rptr. 798 (1969). "Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable [as a 'tort in se'] even though no specific civil remedy is provided in the statute itself." Id. "Any injured member of the public for whose benefit the statute was enacted may bring the action." Id. California courts have applied the "tort in se" doctrine only where a specific civil remedy is

21

1  unavailable for the violations of statutory duty. See, e.g., *South Bay Building*

2  *Enterprises, Inc. v. Riviera Lend–Lease, Inc.*, 72 Cal.App.4th 1111, 1123, 85

3

4  Cal.Rptr.2d 647 (1999) (allowing a tort in se claim for violations of *Cal.*

5  *Civ.Code § 2924h* where no statutory remedy was available.

6      Plaintiff has alleged grounds for applying the tort in se doctrine:

7

8      1. Violation of Cal. Civ. Code §43: At the very minimum Defendants, by

9  ignoring their ethical duties, and repeated attempts to discuss the debt at issue,

10

11  and yet contacting Plaintiff at her place of employment with the intent to harass,

12  belittle and insult her (as Plaintiff alleges – see declaration of STEELE) amount

13  to violations of Cal. Civ. Code §43 which makes actionable personal insult.  See

14

15  the attached **(See unpublished case #5)** of *Rhodes v. Placer County* 2011 WL

16  1302240 (E.D. Cal. 2011) which noted:

17          "the undersigned cannot conclude that California Civil Code § 43 does not
         create a private right of action warranting the claim's dismissal at the
18          pleading stage. Moreover, district courts within this circuit have not
         described violations of California Civil Code § 43 as unable to form the
19          basis of a self-supporting cause of action. E.g., *Davis v. Kissinger*, 2009
         WL 2043899, No. CIV S–04–0878 GEB DAD P, at *8 (E.D.Cal. July 14,
20          2009) (not reported) (holding that California Civil Code § 43 "codifies
         causes of action for assault, battery, ***and invasion of privacy***" and denying
21          summary judgment on state law claims, including those under that
         section); *Atilano v. County of Butte*, No. CIV. S–07–0384 FCD KJM,
22          2008 WL 4078809, at *6–7 (E.D.Cal. Aug.28, 2008) (not reported).
         (emphasis added).

23

24      Yet to the extent this section provides no remedy to Plaintiff, and to the

25  extent no other law provides a remedy, Defendant's conduct is actionable under

26  Tort in Se doctrine since **every person is bound by law not to injure the**

27

28

**person or property of another or infringe on any of his rights**. (Civ.Code §

1708; see *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912).

    2.  <u>Other violations alleged</u>:  Other causes of action giving rise to tort in

se. The State Bar Act, B&P 6077, Ethical Rule 2-100, the Rules of Professional

Conduct, and case law cited herein create a clear statutory duty for CHANDRA

and WEDGEWOOD to engage in fair and honest debt collection activities and

within the limits of the law.  These duties have been violated.  Under the Tort in

Se doctrine, any injured member of the public for whose benefit the statute was

enacted may bring the action." *Id.,* at 1123, 85 Cal.Rptr.2d 647 citing *Laczko.*

See *Restatement (2d) of Torts* § 874A (1979). See *Joseph v. J.J. Mac Intyre*

*Companies, L.L.C.,* 238 F.Supp.2d 1158 (N.D. 2002).  Here, Defendants

Defendant's violated multiple statutory duties that were each designed to protect

STEELE from the type of harm she suffered.  Given this, STEELE states a cause

of action for Tort in Se and the motion to dismiss must be overruled.

    (4) INTRUSION ON SECLUSION (RIGHT OF PRIVACY).

    The elements of an intrusion upon seclusion claim are: "(1) [t]he defendant

intentionally intruded, physically or otherwise, upon the solitude or seclusion,

private affairs or concerns of the plaintiff; (2)[t]he intrusion was substantial, and

of a kind that would be highly offensive to an ordinarily reasonable person; and

(3)[t]he intrusion caused [the] plaintiff to sustain injury, damage, loss or harm.'

"*Joseph v. J.J. Mac Intyre Cos.*, 238 F.Supp.2d 1158, 1169 (N.D.Cal.2002)

23

(quoting CA BAJI 7.20).    Plaintiff alleges that she had a reasonable expectation of privacy with respect to being contacted at her workplace while represented by counsel.   In fact, this is one of the main reasons she hired an attorney to assist her in trying to negotiate the debt with CHANDRA and the reason why multiple calls and letters were sent to him (each ignored).   Plaintiff has pled that under these circumstances, and given CHANDRA'S alleged purpose and intent of harassing, embarrassing her and causing her extreme mental and emotional distress seriously invaded Plaintiff's right to privacy in a manner which constitutes an egregious breach of social norms and would be highly objectionable to a reasonable person.

CHANDRA states it was just one call.  Yet his conduct must be examined "as a whole" and the circumstances suggest a motive and intrusion that would be highly objectionable to most any person.  This intrusion has damaged Plaintiff in both monetary terms (forced her to leave the office early following the call to her workplace and losing money), and in extreme stress, embarrassment, anxiety and other damages as set forth in her declaration. Plaintiff has adequately pled her claim, and the motion to dismiss must be denied.

(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The tort of intentional infliction of emotional distress is based on defendant's "unprivileged" commission of an "outrageous act" with the intent to inflict

24

mental suffering. See generally, *State Rubbish Collectors Ass'n v. Siliznoff* (1952) 38 C2d 330, 337–339, 240 P2d 282, 285–286; CACI 1600–1604; BAJI 12.70–12.78]. Here, Defendants have exceeded all bounds of decency and have concocted a bogus defense as to why they would contact a person known to be represented by her counsel, at her workplace, and during working hours. The fact that CHANDRA revealed *confidential information* (i.e. that she was involved in legal action) to her employer and co-worker must be considered. See *Hernandez v. Hillsides*, Inc., supra, 47 C4th at 288, 97 CR3d at 287]. The motion to dismiss must be denied.

(6) DECLARATORY RELIEF / INJUNCTION

Plaintiff has requested Declaratory Relief and Injunctive Relief in their Complaint. Since DEFENDANT'S have not contested this in their motion to dismiss, there is no grounds to dismiss the Complaint and Declaratory relief is proper where, as here, there is a need to declare what amounts are actually owed to Defendants and to declare that only that amount may be collected.

**CONCLUSION**

For the reasons set forth herein Defendant's motion to dismiss must be denied. Defendant failed to comply with local rule 7-3 (meet and confer) and Plaintiff has adequately pled her causes of action, and damages. Leave to amend is requested in the event the complaint is not clear.

OPPOSITION TO MOTION TO DISMISS

1

2     RESPECTFULLY SUBMITTED

3     Dated:        February 18, 2013          THE LAW OFFICES OF STEVEN C.
                                               VONDRAN, P.C.
4

5                                              By: _____ /s/ Steven C. Vondran_____
6                                                        Steven C. Vondran, Esq.

7
                                               620 Newport Center Drive, Suite
8                                              1100
                                               Newport Beach, CA 92660
9                                              Telephone: (949) 945-8700
                                               Facsimile: (888) 551-2252
10
                                               lawa@attorneysteve.net
11                                             Attorney for Plaintiff
                                               LORI STEELE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO DISMISS

EXHIBIT "A"

| | | | | |
|---|---|---|---|---|
| WEDGEWOOD COMMUNITY FUND II LLC | Mortgage Foreclosure (Unlimited) | 10/01/2012 | Stanley Mosk Courthouse | 27 |
| WEDGEWOOD COMMUNITY FUND II LLC | UNLAWFUL DETAINER (Limited) | 11/28/2012 | Chatsworth Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | Small Claims | 01/24/2013 | Chatsworth Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | UNLAWFUL DETAINER (Limited) | 11/20/2012 | Chatsworth Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | Mortgage Foreclosure (Unlimited) | 05/15/2012 | Stanley Mosk Courthouse | 31 |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 05/02/2012 | Santa Monica Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 07/25/2012 | Compton Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | UNLAWFUL DETAINER (Limited) | 05/29/2012 | Stanley Mosk Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC, | U.D.- RESIDENTIAL (Limited) | 05/14/2012 | Inglewood Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- FORECLOSURE (Limited) | 07/18/2012 | Inglewood Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 05/17/2012 | Pomona Courthouse North | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 10/09/2012 | Bellflower Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | Small Claims | 08/30/2012 | East Los Angeles Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 05/18/2012 | East Los Angeles Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 05/22/2012 | Pomona Courthouse North | |
| WEDGEWOOD COMMUNITY FUND II LLC | UNLAWFUL DETAINER (Limited) | 08/15/2012 | San Pedro Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | Writ-Mandate on Ltd Court Case (Unlimited) | 11/29/2012 | Stanley Mosk Courthouse | 3 |
| WEDGEWOOD COMMUNITY FUND II LLC | Writ-Mandate on Ltd Court Case (Unlimited) | 11/26/2012 | Stanley Mosk Courthouse | 3 |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 05/15/2012 | Downey Courthouse | |

| | | | |
|---|---|---|---|
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 05/08/2012 | Pomona Courthouse North |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 10/23/2012 | Santa Monica Courthouse |

1  2  ▶ Next

[ Print this page ]

LA℮COURTONLINE
# Civil Party Name Search
Case List

( Help )    Logout

**Disclaimer:**

The Los Angeles Superior Court and the County of Los Angeles declare that information provided by and obtained from this site, intended for use on a case-by-case basis, does not constitute the official record of the Court and cannot be used as evidence in Court.

Any user of the information and data is hereby advised that they are being provided "as-is" without warranty of any kind, and that they may be subject to errors or omissions. To the extent permitted by applicable law, the Los Angeles Superior Court disclaims all warranties, including, without limitation, any implied warranties of merchantability, accuracy and fitness for a particular purpose, and non-infringement. The user acknowledges and agrees that neither the Los Angeles Superior Court nor the County of Los Angeles is liable in any way whatsoever for the accuracy or validity of the information provided.

Specific copyright and other proprietary rights may apply to information in a case file obtained from this site, absent an express grant of additional rights by the holder of the copyright or other proprietary right, use of such information is permissible only to the extent permitted by law or court order, and any use inconsistent with proprietary rights is prohibited.

For questions or assistance, contact onlineServices@lasuperiorcourt.org.

The following list might contain records of different people/companies with the same name, and it may not contain records of the person/entity for whom you are searching.

## Result of query on Thursday, February 14, 2013 02:40:20 PM
## Company Name: WEDGEWOOD COMMUNITY FUND II LLC

Click on the name to view the case number and a summary of the case. You may select up to 10 names from the search results.

## To avoid any problems, DO NOT REFRESH OR RELOAD this page.

1  2  ▶ Next
(Total Pages: 2)

| Name | Case Type | Filing Date | Location | Available Imaged Documents |
|------|-----------|-------------|----------|----------------------------|
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 06/11/2012 | Santa Monica Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 11/27/2012 | Torrance Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | U.D.- RESIDENTIAL (Limited) | 11/27/2012 | Compton Courthouse | |
| WEDGEWOOD COMMUNITY FUND II LLC | Writ-Mandate on Ltd Court Case (Unlimited) | 10/29/2012 | Stanley Mosk Courthouse | 3 |

## Case Summary

**Case Number:** 12U01936
WEDGEWOOD COMMUNITY FUND II VS. HICKS, ROLAND W.

**Filing Date:** 06/11/2012
**Case Type:** U.D.- RESIDENTIAL (Limited Jurisdiction)
**Filing Court:** Santa Monica Courthouse
**Status:** CASE SET FOR COURT TRIAL

---

**Future Hearings**
None

---

History Information

**Parties**

**Plaintiff:** WEDGEWOOD COMMUNITY FUND II LLC
**Attorney:** LAW OFFICES OF SAM CHANDRA - SAM CHANDRA ESQ

**Defendant:** HICKS ROLAND W.
**Attorney:** LAW OFFICES OF NATHAN V. HOFFMAN - NATHAN V. HOFFMAN

**Defendant:** HICKS DEIDRE
**Attorney:** LAW OFFICES OF NATHAN V. HOFFMAN - NATHAN V. HOFFMAN

---

Party Information

**Histories ( Dates listed in descending order)**

**02/05/2013** DECLARATION RE: OF MAILING OF ORDER DATED 2/1/13; FILED.

**02/01/2013** ORDER CONCERNING APPELLANT'S PROPOSED STATEMENT ON APPEAL
FILED. A CORRECTED STATEMENT IS ATTACHED TO THIS ORDER.
THIS MODIFIED STATEMENT IS SENT TO ALL PARTIES. REPLY
DUE NO LATER THAN 2/25/13.

**01/29/2013** CASE FILE FORWARDED TO WES RE: PROPOSED SETTLED
STATEMENT ON APPEAL

**01/25/2013** APPELLANT'S NOTICE OF SUPPLEMENTAL ELECTION RE: RECORD OF
ORAL PROCEEDINGS; FILED.

**01/25/2013** CASE FILE FORWARDED TO JUDGE BIDERMAN RE: PROPOSED
SETTLED STATEMENT ON APPEAL

**01/10/2013** CLERK`S NOTICE OF DEFAULT RE: APPEAL (LIMITED CIVIL
APPEAL) FILED AND MAILED TO RESPECTIVE PARTIES/COUNSEL.

## Case Summary

**Case Number:** 12Z01505
WEDGEWOOD COMMUNITY FUND II, L VS. NAKAGAKI, MAYA

**Filing Date:** 11/27/2012
**Case Type:** U.D.- RESIDENTIAL (Limited Jurisdiction)
**Filing Court:** Torrance Courthouse
**Status:** PENDING

---

**Future Hearings**

**04/09/2013** at 08:30 AM in department 8 at 825 Maple Ave., Torrance, CA 90503
ORDER TO SHOW CAUSE

---

History Information

**Parties**

**Plaintiff:** WEDGEWOOD COMMUNITY FUND II LLC
**Attorney:** LAW OFFICES OF SAM CHANDRA - SAM CHANDRA

**Defendant:** NAKAGAKI MAYA
**Attorney:** None

**Defendant:** FERNANDEZ MARIO CID
**Attorney:** None

---

Party Information

## Histories ( Dates listed in descending order)

**01/08/2013** NOTICE OF RULING FILED .

**12/31/2012** CAUSE CALLED AT 08:30A M, IN DEPT. 008 , HON. DOUGLAS
G. CARNAHAN PRESIDING FOR COURT TRIAL. PLAINTIFF(S)
APPEARING WITH ATTORNEY JUSTIN EISER . DEFENDANT(S)
FAILING TO APPEAR.

**12/31/2012** STIPULATION AND ORDER APPOINTING TEMPORARY JUDGE SIGNED
AND
FILED.

**12/31/2012** PROCEEDINGS ELECTRONICALLY RECORDED. INDEX NUMBER CD
12/31/12 .

**12/31/2012** JUDGMENT PURSUANT TO STIPULATION SIGNED AND FILED.

**12/31/2012** MATTER SET FOR HEARING ON ORDER TO SHOW CAUSE ON

Case 2:13-cv-00005-GAF-SH   Document 10   Filed 02/18/13   Page 39 of 80   Page ID #:170

## Case Summary

**Case Number:** 12H04335
WEDGEWOOD COMMUNITY FUND II LLC VS WILLIAMS, LAWRENCE

**Filing Date:** 11/28/2012
**Case Type:** UNLAWFUL DETAINER (Limited Jurisdiction)
**Filing Court:** Chatsworth Courthouse
**Status:** Disposed

**Future Hearings**
None

History Information

**Parties**

**Plaintiff:** WEDGEWOOD COMMUNITY FUND II LLC
**Attorney:** CHANDRA, SAM

**Defendant:** WILLIAMS LAWRENCE
**Attorney:** None

Party Information

## Histories ( Dates listed in descending order)

**01/18/2013** WRIT OF POSSESSION OF REAL PROPERTY ISSUED TO LA COUNTY

**01/03/2013** DEFAULT JUDGMENT BY CLERK

**01/03/2013** APPLICATION FOR ISSUANCE OF WRIT OF POSSESSION FILED

**12/26/2012** SUBMISSION FOR DEFAULT AND JUDGMENT PENDING

**12/26/2012** REQUEST FOR DEFAULT FILED AND ENTERED

**12/20/2012** NOTICE OF REJECTION - PROOF OF SERVICE

**12/18/2012** REQUEST FOR DEFAULT FILED AND NOT ENTERED

**12/18/2012** DEFAULT ENTERED AS TO UNNAMED OCCUPANTS.

**12/18/2012** SUBMISSION FOR DEFAULT AND JUDGMENT PENDING

**12/17/2012** PROOF OF SERVICE AS TO ALL UNKNOWN OCCUPANTS

**12/17/2012** PROOF OF SERVICE TO COMPLAINT FILED

# Case Summary

**Case Number:** 12Q01250
WEDGEWOOD COMMUNITY FUND II, L VS. GARCIA, MARGARITA

**Filing Date:** 07/25/2012
**Case Type:** U.D.- RESIDENTIAL (Limited Jurisdiction)
**Filing Court:** Compton Courthouse
**Status:** DISPOSED BY JUDGMENT

**Future Hearings**
None

History Information

**Parties**

**Plaintiff:** WEDGEWOOD COMMUNITY FUND II LLC
**Attorney:** LAW OFFICES OF SAM CHANDRA APC - SAM CHANDRA

**Defendant:** GARCIA MARGARITA
**Attorney:** CORREA & OSUNA LAW FIRM - CLAUDIA C. OSUNA

Party Information

**Histories ( Dates listed in descending order)**

**09/24/2012** WRIT OF POSSESSION ISSUED TO LOS ANGELES COUNTY. BS .
RECEIPT # PAID .

**09/17/2012** APPLICATION FOR WRIT OF POSSESSION FILED. DAILY RENTAL
VALUE OF PROPERTY, $ 60.00 PER DAY.

**09/11/2012** CAUSE CALLED AT 09:00A M, IN DEPT. 00N , HON. DIANA
SUMMERHAYES, COMMISSIONER PRESIDING FOR COURT TRIAL.
PLAINTIFF(S) APPEARING ATTY. WILLIAM FITCH (X) .
DEFENDANT(S) APPEARING ATTY. CLAUDIA OSUNA (X) .

**09/11/2012** JUDGMENT ENTERED AS A FINAL DISPOSITION ON 09/11/12 ,
FOR (WEDGEWOOD COMMUNITY FUND II, LLC) , AGAINST
(GARCIA, MARGARITA) , PAST DUE RENT + DAILY DAMAGES $
00.00 , ATTORNEY FEES $ 00.00 , COSTS $ 00.00 . TOTAL
$ .00 , AND FOR RESTITUTION OF PREMISES LOCATED AT 171
EAST 230 STREET, CAROSN, CA 90745 , AND THIS JUDGMENT OF
POSSESSION APPLIES TO ANY AND ALL UNNAMED OCCUPANTS OF
THE PREMISES PURSUANT TO C.C.P. 415.46. A WRIT OF
POSSESSION MAY BE ISSUED FORTHWITH, BUT NO FINAL LOCKOUT
PRIOR TO 09/26/12.

# Case Summary

**Case Number:** 12C02863
WEDGEWOOD COMMUNITY FUND II VS. HALLAM, IRENE E

**Filing Date:** 10/09/2012
**Case Type:** U.D.- RESIDENTIAL (Limited Jurisdiction)
**Filing Court:** Bellflower Courthouse
**Status:** DISPOSED BY JUDGMENT

---

**Future Hearings**
None

---

History Information

**Parties**

**Plaintiff:** WEDGEWOOD COMMUNITY FUND II LLC
**Attorney:** LAW OFFICES OF - SAM CHANDRA

**Defendant:** HALLAM IRENE E
**Attorney:** None

**Defendant:** HALLAM DONALD L
**Attorney:** None

---

Party Information

## Histories ( Dates listed in descending order)

**11/09/2012** WRIT OF POSSESSION RETURNED FROM LOS ANGELES COUNTY
UNSATISFIED WITH COSTS OF $ 110.00 .

**11/05/2012** REJECT SHEET SENT TO (WEDGEWOOD COMMUNITY FUND II) LLC
FOR REJECTION OF DISMISSAL...JUDGMENT ENTERED SUBMITTED
ON 11/05/12

**11/01/2012** REQUEST FILED AND DEFAULT ENTERED OF (HALLAM, IRENE E) ,
(HALLAM, DONALD L) . DECLARATION UNDER 585.5 CCP;
DECLARATION PURSUANT TO 587 CCP FILED. MEMO OF COSTS IN
THE SUM OF $ 62.50 , AND DECLARATION OF NON-MILITARY
STATUS FILED.

**11/01/2012** JUDGMENT DEFAULT BY CLERK, CCP 1169, RESTITUTION OF THE
PREMISES ONLY ENTERED AS FOLLOWS:

**11/01/2012** JUDGMENT ENTERED ON 11/01/12 , FOR (WEDGEWOOD
COMMUNITY
FUND II) LLC , AGAINST (HALLAM, IRENE E) , (HALLAM,

# Case Summary

**Case Number:** 12U00549
WEDGEWOOD COMMUNITY FUND II, L VS. RODRIGUEZ, MAURICIO CAMACHO

**Filing Date:** 05/08/2012
**Case Type:** U.D.- RESIDENTIAL (Limited Jurisdiction)
**Filing Court:** Pomona Courthouse North
**Status:** DISPOSED BY JUDGMENT

---

**Future Hearings**
None

---

History Information

## Parties

**Plaintiff:** WEDGEWOOD COMMUNITY FUND II LLC
**Attorney:** LAW OFFICES OF SAM CHANDRA - SAM CHANDRA

**Defendant:** RODRIGUEZ MAURICIO CAMACHO
**Attorney:** None

**Defendant:** CAMACHO BERNADETTE
**Attorney:** None

---

Party Information

## Histories ( Dates listed in descending order)

**12/10/2012** CASE FILE RETURNED TO MASTER FILING CABINET.

**11/28/2012** CASE FILE FORWARDED TO HABEEBA RE: WRIT RETURN

**11/20/2012** WRIT OF POSSESSION RETURNED FROM LOS ANGELES COUNTY
UNSATISFIED WITH COSTS OF $ 125.00 .

**06/11/2012** JUDGMENT ENTERED ON 06/11/12 , FOR (WEDGEWOOD COMMUNITY
FUND II, LLC) , AGAINST (RODRIGUEZ, MAURICIO CAMACHO) ,
(CAMACHO, BERNADETTE) , FOR RESTITUTION OF THE PREMISES
LOCATED AT: 1414 LORANNE AVENUE, POMONA, CA 91767 , AND
POSSESSION APPLIES TO ANY AND ALL UNNAMED OCCUPANTS IN
THE PREMISES PURSUANT TO C.C.P. 415.46.

**06/11/2012** APPLICATION FOR WRIT OF POSSESSION FILED. DAILY RENTAL
VALUE OF PROPERTY, $ 66.67 PER DAY.

**06/11/2012** WRIT OF POSSESSION ISSUED TO LOS ANGELES COUNTY.

## Case Summary

**Case Number:** 12D00775
WEDGEWOOD COMMUNITY FUND II, LLC, VS BERG,MICHAEL JOHN

**Filing Date:** 08/15/2012
**Case Type:** UNLAWFUL DETAINER (Limited Jurisdiction)
**Filing Court:** San Pedro Courthouse
**Status:** Disposed

---

**Future Hearings**
None

---

History Information

**Parties**

**Plaintiff:** WEDGEWOOD COMMUNITY FUND II LLC
**Attorney:** CHANDRA, SAM

**Defendant:** BERG MICHAEL JOHN
**Attorney:** None

**Defendant:** CAMPOS MELANIE MARIE
**Attorney:** CAMPOS, MELANIE MARIE

---

Party Information

## Histories ( Dates listed in descending order)

**11/29/2012** MOTION RULING ISSUED

**11/13/2012** NOTICE OF PLAINTIFF'S MOTION TO AMEND JUDGMENT OFF
CALENDAR FILED

**11/01/2012** MOTION FILED: MISCELLANEOUS MOTION HEARING SET FOR
11/29/12

**10/03/2012** WRIT OF POSSESSION OF REAL PROPERTY ISSUED TO LA COUNTY

**10/02/2012** APPLICATION FOR ISSUANCE OF WRIT OF POSSESSION FILED

**09/27/2012** JUDGMENT BY STIPULATION

**09/27/2012** STIPULATION JUDGMENT

**09/27/2012** WRITTEN STIPULATION FOR JUDGMENT FILE

**09/27/2012** DEFAULT JUDGMENT BY COURT

EXHIBIT "B"

# LAW OFFICES OF SAM CHANDRA, APC

710 S. Myrtle Ave., # 600, Monrovia, CA 91016

Tel. (626) 305-0555
Fax (626) 305-0556

### FACSIMILE TRANSMISSION SHEET

Date:  December 18, 2012

To:  Steven C. Vondran, Esq.

Telephone:                             Facsimile No.:  (888)551-2252

From:  Law Offices of Sam Chandra

Re:  12U00920, Wedgewood Community Fund II, LLC, judgment entered 08/22/2012

## TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET: 9

The information contained in this transmission is confidential. It is intended only for the use of the individual or entity named above. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU ARE NOT AUTHORIZED TO REVIEW THE FOLLOWING PAGES AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage. Thank you.

If an error occurs during the transmission of this fax, or if you do not receive all of the pages as indicated, please contact the sender at (626) 305-0555

# LAW OFFICES OF SAM CHANDRA, APC

710 S. Myrtle Ave. # 600
Monrovia, CA 91016

Tel. (626) 305-0355
Fax: (626) 305-0556

December 18, 2012

The Law Offices of Steven C. Vondran, P.C.
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660

Via U.S. Mail and
Via Fax to 888-551-2252

Re:     12U00920, Wedgewood Community Fund II, LLC v Steele, judgment entered 8/22/2012.

Mr. Vondran:

I have received your letter dated December 13, 2012 in which you make a wide litany of accusations against me and this firm. Said accusations boil down to a few relevant claims by you:

1. This office contacted a represented party, your client, directly;
2. This office failed to provide the "mini Miranda" as required under the FDCPA.
3. This office cannot validate the debt and no such validation was provided to your client.

The remainder of the accusations all stem from and are dependent upon the above. I respond as follows:

First and foremost, I have attached three documents. They are: a. The Summons in case number 12U00920 ( I apologize that I do not have a conformed copy of the Summons immediately available, but it available to the parties at the clerk's office); b. Your client's Answer in case number 12U00920; c. The Judgment (and attached proof of service) entered on 8/22/12 in case number 12U00920.

Now let me address the above accusations:

1. You accuse this office of contacting a represented party, your client, directly. This issue is addressed by those two documents. In each document your client is acting in proper has her own attorney. You will note the clerk's proof of service as to the judgment. It reflects notice sent to your client directly as she is the party entitled to receive notice.

   At this point I am going to ask that you formally substitute into this action before making any further attempts to contact this office. It is unfair to demand that we not contact your client and at the same time maintain your client's right to be noticed. Moreover, if I were to fail to contact your client as the attorney of record for any issue required in this matter, I

would be in breach of my duty to notice a party. So please, become the attorney of record and eliminate this issue.

2. You allege that this office failed to provide the "mini Miranda". You also are quick to point out that the five days runs from the first contact. The first contact regarding any debt that I am aware of was the Summons. I have attached an uninformed copy, scanned before the document went out for filing. You will find the "mini Miranda" as required by the FDCPA printed on the Summons. Please note that the same "mini Miranda" is also incorporated into the verification page of the complaint. As your client answered (in pro per) service of the documents is conceded. As service is conceded, so is delivery of the "mini Miranda" warning.

3. You allege that this office cannot validate the debt and no such validation was provided to your client. I would ask that you please turn your attention to the Clerk of the Court's proof of service as to the Judgment entered against your client acting as her own attorney in pro per. You will note that the Clerk of the Court independently insured that your client was served with the ultimate validation of the debt, the reduction to judgment.

I hope this clears up all the confusion. If you wish to discuss this case any further I will ask again that you file a substitution of attorney.

Very Truly Yours,

Law Offices of Sam Chandra, APC
By: Sam Chandra, Esq.
cc: Client

SC: kem

EXHIBIT "C"

# Law Offices of Sam Chandra
### A Professional Corporation

EVICTIONS AND COLLECTIONS IN CALIFORNIA

Home | About Us | Log In

**Affiliates**



California Apartment Association

AAGLE

Apartment Association of Greater Indian Family

Apartment Association of California Southern Cities



Apartment Association of Orange County

**Contact Info.**

**Address:**
710 S. Myrtle Ave. #600
Monrovia CA 91016

**Telephone:**
626-305-0555

**Fax:**
626-305-0556

FAQ

Chandra's

Collections

Interviews

Meet Sam Chandra

Seminar

## Collections

After lockout your case is not over. If the evicted tenant owes you money, our Collection Department takes action to recover funds owed to you. This includes rents, hold-over damages, court costs and attorney's fees. We typically conduct collection work on a contingency basis. If there is no recovery, you pay no fees.

**WE MOVE SWIFTLY TO COLLECT BEFORE THE TENANT INSULATES ITSELF**

1. Our Collection Department begins with an application for Money Judgment (if not already entered at trial).
2. A search is made for the assets of the Debtor, employer or other valuable information.
3. Simultaneously our Collection Department will both negotiate with or demand funds from the Debtor and instruct the Sheriff to seize any assets we were able to locate.
4. After receipt of the monies, our Collection Department will send you, on a monthly basis, a collection check along with a report of collection activities.

*Acknowledged...*

*Tenacious...*

*Established...*

**A Result Oriented Firm**

EXHIBIT "D"

Law Offices of Sam Chandra, APC
710 S. Myrtle Ave. # 600
Monrovia, CA 91016
(626) 256-4999



12/11/2012

REGARDING YOUR ACCOUNT WITH OUR CLIENT:

Wedgewood Community Fund LLC

Lori Steele
641 Crestview Drive
Glendora, CA 91741
ACCOUNT # 15061
CASE NUMBER: 12000920

TOTAL AMOUNT DUE: $6016.38

ATTENTION: Lori Steele

The Superior Courts of California entered a money judgment against you. Amount accrues interest at the legal rate of 10% per year. Respond within 10 days of receipt of this letter to avoid possible further legal action(i.e. Wage Garnishments, Bank Levies,Court Appearances or Property liens). If you can not tender a payment in full contact this office to arrange payment immediately. Said payments shall be made to Sam Chandra Client Trust and delivered to 710 S. Myrtle Ave #600 Monrovia CA, 91016. Upon total payment, this office will file a satisfaction of judgment with the Superior Court of California.

This is to notify you that this account is past due. Unless you notify this office within 30 DAYS after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 DAYS from receiving this notice, this office will; obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 DAYS after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
-------------------------------------------------------------------
THANK YOU IN ADVANCE FOR YOUR ATTENTION TO THIS MATTER

ACCOUNT # 15061
    Lori Steele                      DATE:    12/11/2012
    641 Crestview Drive              ACCOUNT #: 15061
    Glendora, CA  91741              BAL DUE:  $   6016.38

                    AMT ENCLOSED: $_____
ALL PAYMENTS MUST BE MADE DIRECTLY TO THIS OFFICE TO INSURE PROPER CREDIT TO THIS ACCOUNT

            Return this portion to:
            Law Offices of Sam Chandra, APC
            710 S. Myrtle Ave. # 600
            Monrovia, CA 91016
            (626) 256-4999

OFFICE HOURS: Monday - Friday 10:00 a.m. to 4:00 p.m. Our telephone number is (626) 256-4999

EXHIBIT "E"



## THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

August 15th, 2012

Anglin, Flewelling, Rasmussen,
Campbell & Trytten, LLP
199 South Los Robles Avenue, Suite 600
Pasadena, CA 91101-4529
C/O Andrew Wheaton, Esq.
FAX: (626) 577-7764

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

VIA FACSIMILE: (FAX: (626) 577-7764  / FAX: (626) 305-0556)

**Re: Trustee Sale#1330499-55 and request for reversal of trustee sale for
Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.**

THIS IS A CONFIDENTIAL SETTLEMENT OFFER UNDER STATE AND FEDERAL
RULES OF EVIDENCE AND IS NOT ADMISSIBLE IN ANY LEGAL PROCEEDING FOR
ANY PURPOSE – CENTRAL DISTRICT COURT CASE#2:12-CV-02531.

Gentleman,

Please be advised that my firm has been retained by Ms. Lori Steele, the above
referenced former homeowner in regard to assisting her in trying to save her house
*(the same house her mother died in, and where her mother's ashes are buried)
so that she can keep a roof over the head of her foster kids.* This is therefore a
proposal to set aside a foreclosure sale for the above referenced property. I would
ask you each to please forward a copy of this letter to your respective clients for
consideration. I believe you are both generally aware of the facts of this case so I
will only summarize them briefly here and ask you each to urge your client to do the
right thing.

**Phoenix:** 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | **Beverly Hills:** 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212
**Newport Beach:** 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660 | **San Diego:** 8880 Rio San Diego Drive, 8th Floor, San Diego CA 92108
**San Francisco:** 101 California, Suite 2450, San Francisco, CA 94111

AZ Lic. #025911    **CA Lic.** #232337    **Phone:** (877) 276-5084    **Fax:** (888) 551-2252

- My Client is a single Foster Mom who was the victim of the "pick-a-pay" loan. When I say victim, it is because no person without a PHD in finance and economics could ever truly understand these types of loans, the disclosures under which it is marketed, and including the various monthly and escrow statements that are provided to the borrower. Just by way of example, see **Exhibit "A"** and compare that with **Exhibit "B"**.

Exhibit "A" was sent to my Client on 4/1/12. This statement indicated my client owed a monthly payment of $1,500.66 (w/o escrow payments) and this statement indicated the monthly payment would not change, although the interest rate could. (See the underlined portion of this representation made in the statement). Then, FOUR DAYS LATER on 4/05/12 my client gets another statement (Exhibit "B") which this time informs her 'YOUR HOME LOAN PAYMENT MAY BE CHANGING" and now indicates that her monthly payment (the one that was not supposed to change) was now $1,395.97 plus escrow ($104.88), making her new payment $1,500.85. This contradicts the previous statement. These are the kind of things you deal with when you have a "pick-a-pay" loan.

- At some point, my client sought *legal assistance* to help her in dealing with Wachovia/Wells Fargo, and she hired not one, but two different law firms plus a company that claimed to be a law firm but instead turned out to be a scam company, to assist her. This is where her fortunes took a turn for the worse. Instead of helping her, these entities made matters worse and took substantial amounts of money from her to try to "help her stop foreclosure."

- Please keep in mind the main reasons my client sought legal assistance was:

(1) she did not understand why her loan amount went from $325,000 as set forth in her "pick-a-pay" note (See **Exh. "C"**), to an "unpaid debt" of $380,720.67 as set forth in (See **Exh. "D"**) the trustee's deed upon sale recorded on 6/12/12. This is a $55,760 discrepancy.

Moreover, it must be noted that on 7/15/11 (roughly 9 and a ½ months before the trustee sale on 5/29/12) the recorded Notice of Default indicated there were only arrears in the amount of **$8,311.04** [See **Exhibit "E"**]. **However, the Notice of Sale [just 6 months later, recorded on 2/27/12 – see Exhibit "F"] indicated the total amount of the unpaid balance was $377,241.92.**

So, somehow, magically, my client's arrearages went from $8,311.04 on 7/15/11 (at the time of the Notice of Default) to over $52,000 in a 6-month period. In other words, how did she go from being $8,311.00 in default on 7/15/11 and then another $44,000 delinquent in just 6 months at the time the Notice of Sale recorded on 2/27/12. This, on average, means she

incurred approximately $7,000 in new arrearages each and every month leading up to the Notice of Sale (even at the stated payment amount of $1,500 per month makes absolutely no sense). This is false, fraudulent, and predatory and literally designed to force her out of the house and into foreclosure (chewing up her equity in the property) and is the reason she sought legal assistance.

(2) The other reason for seeking legal assistance, was she was *instructed by Wells Fargo NOT TO MAKE HER SCHEDULED LOAN PAYMENTS* in order to be considered for a loan modification/loan workout. My client relied on this, and followed Wells advice and literally watched the arrearages rack up each month - which on information and belief appears to have been part of the master to strip my client of her equity cashing out on a host of junk fees following foreclosure, and following the trustee sale which yielded $403,000 apparently paid by Wedgewood Community Fund II, LLC., who know seeks to evict my client from the property.

- Seeking out legal assistance to address the above issues provided no relief to my client, and only led to more misery. She relied on various persons and companies to assist her and was literally *skinned and fleeced* by each company. By way of examples:

  (A) **Gordon Law Firm** – whom my client hired to help her with a modification. To my knowledge, there assets have been frozen and they are under investigation for their peculiar activities (See **Exhibit "G"**)

  (B) **Twin Builder's Foundation Corp** – Which my client was falsely informed was a law firm. They were the company that filed lawsuits on her behalf, lawsuits which as you are probably both aware, were not worth the paper they were written on. Again, my client is not sophisticated and she was paying in excess of $10,000 to assist her in filing the lawsuits, and filing a chapter 13 bankruptcy on her behalf (and then not showing to defend her, not filing the required documents etc.). In short, although she was merely seeking assistance to try to work out a resolution, what she go instead, was a series of shams designed to take her money. (Our information shows this company is now in Chapter 11 seeking to save its own hide) – See **Exhibit "H"**).

  (C) **Attorney Linda Z. Voss** (Attorney at Law) was also being paid. In reviewing Ms. Voss, who was also being paid by my client, she is currently facing investigation by Alameda County District Attorney's office (indictment filed on 29 counts along with 4 other people). Ms. Voss was apparently being paid through Twin Builder's Foundation Corporation (See **Exhibit "I"**).

3

(D) **Attorney Peter Nisson** – This attorney was also hired to assist my client in reorganizing her financial affairs in a chapter 13. Mr. Nisson substituted into the bankruptcy case on or around 6/6/12 and then was suspended by the state bar only a month later, on or around July Fourth (See **Exhibit "J"**). This is more money spent in reliance on attorneys, and another serious loss to my client.

(E) **Another Attorney** - During the Chapter 13 bankruptcy adversary proceeding, there was also an attorney (whom for the mean time will not be named) who made a declaration to the Bankruptcy judge (Judge Zumzolo) on or around 5/31/12 that my client could not be reached for a meet and confer and **had "no answering machine or voicemail."** This in an obvious effort to thwart the adversary and allow the recent foreclosure sale to stand. In fact my client <u>did</u> have and answering machine and <u>did</u> have voicemail, and in fact the attorney <u>did</u> leave a phone message which has been preserved as evidence. This is another example of an attorney breaching his oath, violating ethical duties, and breaching the ultimate duty to the Court to be candid and forthright, and will be raised as an issue if civil litigation is necessary. This merely highlights our belief that Wells Fargo was willing to do anything or say anything to ensure my client's equity was stripped through the non-judicial foreclosure process.

Gentleman, I know it is easy for everyone to say my client should have "just paid her bills." *Yet keep in mind she was told not to make her loan payments by Wells Fargo foreclosure specialist representatives.* In fact, it is fairly well-known and understood that this is a tactic pursued not only by Wells Fargo, but many other banks as identified in various Attorney General settlements, OCC and HUD findings and the like. In other words, fairly common and standard bank practices in the loss mitigation field.

>>>

>>>

4

## OUR PROPOSAL TO SETTLE THE FEDERAL CIVIL LAWSUIT

Given that my client has foster kids, and is merely seeking to keep a roof over her head in the house where her mom died, we would request the following, in good faith, in order to resolve the lawsuit which is currently pending in the Federal District Court, Central District Court of California, (again, a civil lawsuit filed by one of the so-called "attorneys" that were supposed to help my client), which complaint, of course, would need to be amended to add all the proper claims outlined above):

(1) We would request that the eviction action (unlawful detainer) immediately halt and that my client be dismissed with prejudice from the eviction action (Case#C1T12U00920), with no demand for costs or attorney fees;

(2) We would request that Wells Fargo re-purchase the property from Wedgewood (and pay them any compensation/profit as required and negotiated by and between them);

(3) Title would be put back in the name of my Client, whereafter my Client would seek to negotiate directly with Wells Fargo to achieve resolution. My firm will not be handling that piece of it as we are retained only to respond to the civil litigation on record with the Central District Court, and to advance and resolve this case as needed.

(4) My Client would agree to dismiss her case with prejudice and bear all costs and fees associated with the above case.

(5) My client hereby requests a full, detailed, and complete life of loan accounting under RESPA, as she disputes the amount of her monthly payment, each of the charges assessed and collected against her, and disputes the amounts sent to her as her "equity" following the foreclosure sale. This response can be sent to me directly, and in compliance with RESPA section 6. Please keep in mind this request was also sent to Wells Fargo on 12/13/10 by the Gordon Law Firm, and to my knowledge, there has never been a formal or proper response.

5

Please present this offer to your respective clients. Time is of the essence, and I would request a response to this offer by day's end tomorrow, 8/16/12. If an acceptable response is not obtained we will have no choice but to go public with the case and amend the civil lawsuit as necessary, and, a forensic accounting examination will be performed and other appropriate action taken. In a sense of fairness and decency I make this plea to your conscience. If necessary, we will take the legal aspects to Court and litigate accordingly. This is also a demand to preserve all evidence relevant to this case. Should you wish to discuss, I can be reached at (877) 276-5084.

Very truly yours,

Steven C. Vondran, Esq.

Cc: Ms. Lori Steele

# The Law offices of Steven C. Vondran, P.C.

**From:** MetroFax <faxbounce@fax.metrohispeed.com>
**Sent:** Wednesday, August 15, 2012 11:09 AM
**To:** lisa@vondranlaw.com
**Subject:** Your fax has been successfully sent to 626-305-0556. RE: Attn: Mr. Sam Chandra



**From:**          **lisa@vondranlaw.com**

**To Name:**

**To Number:**     **626-305-0556**

**Subject:**       **Attn: Mr. Sam Chandra**

**Attempt 1:**
**Date/Time:**            **8-15-2012 11:18:19 AM (GMT-06:00)**
**Pages:**                **73**
**Transmission Time:**    **50:32**
**Reason:**               **Successful Send**

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

EXHIBIT "F"

# THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

620 Newport Center Drive, Suite 1100 Newport Beach, CA 92660

August 17th, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

VIA FACSIMILE: (626) 305-0556

*Re: Unlawful detainer hearing #CIT12U00920 and request to meet and confer regarding potential settlement for Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.*

Dear Mr. Chandra,

As you are probably aware, my office represents Ms. Lori Steele, the foster mom who was recently foreclosed on by Wells Fargo and its agent Cal-Western Reconveyance. I have left several phone messages with your office and unfortunately, I have not heard back from you.

I am hoping to speak to you regarding a potential settlement opportunity to the unlawful detainer case as set forth above. Here is what my client is willing to offer:

    (1)   SHE WILL AGREE TO SETTLE THE UNLAWFUL DETAINER CASE WITH YOUR CLIENT OBTAINING A WRIT OF POSSESSION;

    (2)   SHE WOULD SEEK EACH PARTY TO BEAR ITS OWN COSTS AND ATTORNEY FEES;

    (3)   SHE WOULD LIKE TO DISCUSS LEASING THE PROPERTY BACK FROM YOUR CLIENT FOR EITHER THE SHORT TERM, OR FOR A LONGER TERM DEPENDING UPON YOUR CLIENT'S PLANS;

    (4)   IN THE EVENT YOUR CLIENT IS SEEKING TO "FLIP" THE PROPERTY, WE WOULD LIKE TO DISCUSS A "CASH-FOR-KEYS" SCENARIO THAT WOULD ALLOW FOR A GRACEFUL EXIT FROM THE PROPERTY.

As you may know from my previous letter to your firm, my client has been *schwamboozled* by no less than three attorneys whom she paid substantial sums to assist her in dealing with Wells Fargo, who informed her not to make her loan payments leading to the final default. There are also issues involved with putting foster kids on the street if a deal cannot be worked out here.

Please contact me to discuss. A reasonable settlement would resolve the unlawful detainer case, and bring closure to what has been a huge nightmare for my client. It would also be a strong demonstration of humanity by both you and your client and, although I cannot guarantee it, would likely bring "good karma" to everyone involved.

We ask respectfully request that you present this offer to your client immediately and give it serious consideration. My client also has other items that she would be willing to barter, if needed, such as a valuable old 1908 George Ames Alrich painting and small parcels of land in Alabama. She is willing to do whatever it takes to keep a roof over her head in this devastating period in her life. Hopefully you can see fit to accommodate a fair resolution to this matter.

Please contact me at your earliest convenience to discuss, I can be reached directly at (949) 945-8700.

Very truly yours,

/s/ Steven C. Vondran

Steven C. Vondran, Esq.

Cc: Ms. Lori Steele

2

## The Law offices of Steven C. Vondran, P.C.

| | |
|---|---|
| **From:** | MetroFax <faxbounce@fax.metrohispeed.com> |
| **Sent:** | Friday, August 17, 2012 4:54 PM |
| **To:** | lisa@vondranlaw.com |
| **Subject:** | Your fax has been successfully sent to 626-305-0556. RE: Attn: Mr. Sam Chandra, Esq. |



From:          **lisa@vondranlaw.com**

To Name:

To Number:     **626-305-0556**

Subject:       **Attn: Mr. Sam Chandra, Esq.**

**Attempt 1:**
Date/Time:            **8-17-2012 5:43:21 PM (GMT-06:00)**
Pages:                **0**
Transmission Time:    **00:00**
Reason:               **Fax number busy**

**Attempt 2:**
Date/Time:            **8-17-2012 5:53:35 PM (GMT-06:00)**
Pages:                **2**
Transmission Time:    **00:31**
Reason:               **Successful Send**

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

EXHIBIT "G"



## THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

August 23, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

<u>VIA FACSIMILE:</u> (626) 305-0556

*Re: Cash for keys offer for Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.*

Dear Mr. Chandra,

I am writing to inform you that my client has found a place she will be moving to (it was not easy to find a place that would accept foster kids) but the property is not available until **Friday, September 14th**. As such, we are respectfully requesting that your client not seek eviction until this date. My client will peacefully vacate the premises if she can get this amount of time.

In addition, she is not requesting any money as part of a "cash-for-keys" offer, but she **would request that your client waive the $5,332.00 judgment** against her as she needs this money to pay her new rent. Again, please realize she was "talked into" filing the demurrer by a Pseudo-law firm that has ripped her off so we respectfully ask that your client take this into consideration and allow Ms. Steele to start her new life without a cloud hanging over her head.

Please present this to your client and contact me at your earliest convenience to discuss, I can be reached directly at (949) 945-8700.

Very truly yours,

Steven C. Vondran, Esq.

Cc: *Ms. Lori Steele*

Phoenix: 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | Beverly Hills: 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212
Newport Beach: 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660 | San Diego: 8880 Rio San Diego Drive, 8th Floor, San Diego CA 92108
San Francisco: 101 California, Suite 2450, San Francisco, CA 94111

AZ Lic. #025911    CA Lic. #232337    Phone: (877) 276-5084    Fax: (888) 551-2252

## The Law offices of Steven C. Vondran, P.C.

**From:**          MetroFax <faxbounce@fax.metrohispeed.com>
**Sent:**          Thursday, August 23, 2012 4:41 PM
**To:**            lisa@vondranlaw.com
**Subject:**       Your fax has been successfully sent to 626-305-0556. RE: Attn: Mr. Sam Chandra, Esq.



From:              **lisa@vondranlaw.com**

To Name:

To Number:         **626-305-0556**

Subject:           **Attn: Mr. Sam Chandra, Esq.**

**Attempt 1:**
Date/Time:                    **8-23-2012 5:40:03 PM (GMT-06:00)**
Pages:                        **1**
Transmission Time:            **00:45**
Reason:                       **Successful Send**

Thank you for using MetroFax®. If you have any questions,
please contact support@metrofax.com.

1

EXHIBIT "H"

September 4, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
FAX: (626) 305-0556

VIA FACSIMILE: (626) 305-0556

**Re: Right to take possession, location of keys for Ms. Lori Steele, 641 Crestview Drive, Glendora, CA 91741-2945.**

Dear Mr. Chandra,

I have left multiple phone calls, and letters to your office over the past few weeks, each call being unreturned and letters ignored. As you know, as a lawyer, you have a *professional obligation to cooperate and act with civility with other attorneys.* Apparently this is not your top priority. For the purposes of reference, I have attached a printout showing what the state bar expects of us as Attorneys. As they mention on their website, *extending civility to opposing counsel is not a sign of weakness* and in fact makes the profession more respectable. In other words, you can still be a power eviction attorney and extend courtesy to opposing counsel at the same time.

**At any rate, I am writing to inform you that my client has left the keys to her house in her mailbox, and your client may now take possession of the property.** Should you wish to discuss resolving the judgment recorded against my client, I can be reached directly at (949) 945-8700. Please let me know if your office has been retained for that purpose, (resolving the judgment). If not, and if I do not hear from you within 7 days of this letter, I will assume you do not handle that aspect of the case, and I will accept your silent as consent to contact the judgment creditor directly. Thank you for your anticipated cooperation.

Very truly yours,

Steven C. Vondran, Esq.

Cc: Ms. Lori Steele

## The Law offices of Steven C. Vondran, P.C.

**From:** MetroFax <faxbounce@fax.metrohispeed.com>
**Sent:** Tuesday, September 04, 2012 11:54 AM
**To:** lisa@vondranlaw.com
**Subject:** Your fax has been successfully sent to 626-305-0556. RE: 641 Crestview Drive, Glendora, CA 91741



From: **lisa@vondranlaw.com**

To Name:

To Number: **626-305-0556**

Subject: **641 Crestview Drive, Glendora, CA 91741**

**Attempt 1:**
Date/Time:                **9-4-2012 12:52:05 PM (GMT-06:00)**
Pages:                    **2**
Transmission Time:        **01:47**
Reason:                   **Successful Send**

Thank you for using MetroFax®. If you have any questions, please contact **support@metrofax.com**.

1

EXHIBIT "I"



## THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

December 13, 2012

Law Offices of Sam Chandra, APC
710 S. Myrtle Street
#600
Monrovia, CA
91016-2171
Attn: Sam Chandra

FAX: (626) 305-0556

VIA FACSIMILE AND CERTIFIED MAIL: (626) 305-0556)

*Re: Violation of the Fair Debt Collection Practices Act (FDCPA) against Ms. Lori Steele and contacting a represented client. DEBT VALIDATION LETTER.*

Dear Mr. Chandra,

Your office has been previously advised, both in writing and by phone, that my firm represents Ms. Lori Steele. Nevertheless, a representative of your firm ("Michael") contacted my client over the telephone at her office on or around November 21st, 2012 seeking to collect on a legal judgment obtained in an unlawful detainer court that relates to a consumer debt (relates to money awarded as *back rent* which is recognized as a consumer debt). See *Romea v. Heiberger & Associates*, 163 F. 3d 111 - Court of Appeals, 2nd Circuit (1998). As you may recall my client was charged $83 a day for rent totaling $5,332.00 for this back rent. There are several problems with the acts taken by your firm

First off, you are not permitted to contact my client directly as you were at all times aware that she is represented by a law firm.

## CALIFORNIA RULES OF PROFESSIONAL CONDUCT (RULE 2-100)

**"(A) While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."**

Phoenix: 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | Beverly Hills: 9701 Wilshire Blvd., Suite 1000, Beverly Hills, CA 90212
Newport Beach: 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660 | San Diego: 8880 Rio San Diego Drive, 8th Floor, San Diego CA 92108
San Francisco: 101 California, Suite 2450, San Francisco, CA 94111

AZ Lic. #025911    CA Lic. #232337    Phone: (877) 276-5084    Fax: (888) 551-2252

We at all times have represented Ms. Steele, and made this clear to you and your firm via several prior correspondences, both oral and written. Your representative "Michael", (and your office vicariously), never had my consent to speak directly with my Client for any purpose or under any circumstance. It is believed that "Michael" is a California licensed attorney. As such, your firm as principle, and Michael as agent, have violated your professional obligations and duties due to the overly aggressive actions you have taken to seek to collect on the above referenced debt. YOU ARE HEREBY DEMANDED TO STOP CONTACTING MY CLIENT, AND TO STOP CONTACTING HER AT HER PLACE OF EMPLOYMENT. ANY COMMUNICATIONS IN REGARD TO COLLECTING ON THIS DEBT MUST COME THROUGH MY OFFICE.

Next, in acting as a debt collector of a consumer debt for back rent, you have failed to provide the proper notices to my client. Your website admits to the fact that you are a debt collector:

"After we have regain possession of property, we seek a Money Judgment for the rent costs and attorney fees owed to the Landlord by the tenant. From there our In-house Collection Department will begin the process of tracking down the tenant's employer or assets and collect the monies using proven channels and techniques.

After lockout your case is not over. If the evicted tenant owes you money, our Collection Department takes action to recover funds owed to you. This includes rents, hold-over damages, court costs and attorney's fees. We typically conduct collection work on a contingency basis. If there is no recovery, you pay no fees. WE MOVE SWIFTLY TO COLLECT BEFORE THE TENANT INSULATES ITSELF

1.  Our Collection Department begins with an application for Money Judgment (if not already entered at trial).

2.  A search is made for the assets of the Debtor, employer or other valuable information.

3.  Simultaneously our Collection Department will both negotiate with or demand funds from the Debtor and instruct the Sheriff to seize any assets we were able to locate.

4.  After receipt of the monies, our Collection Department will send you, on a monthly basis, a collection check along with a report of collection activities."

2

A *"debt collector"* is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c); see *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). There is no question you are a debt collector, and you are collecting this debt on behalf of your client who took possession of Ms. Steele's property. The call by Michael to my client constitutes an initial debt collection communication with my client, and yet you firm failed to send her the required notices under the FDCPA. As case law dictates:

> "A Debt collector's **telephone call to consumer, rather than its letter sent to consumer, was "initial communication"** within meaning of FDCPA, *requiring collector to send written notice to consumer at valid address within five days of initial communication*, where collector's letter was sent to address at which consumer had not lived for over eight months." See Fair Debt Collection Practices Act, § 809(a); 15 U.S.C.A. § 1692g(a); *Ponce v. BCA Financial Services, Inc.*, 467 Fed. Appx. 806 (11th Cir. 2012).

Under the *Fair Debt Collection Practices Act* ("FDCPA"):

## § 1692G. VALIDATION OF DEBTS

(a) Notice of debt; contents. *Within five days after the initial communication* with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty–day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty– day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

My client has not received any of these required notices. This is a violation of the Act. In addition, "Michael", your agent, made false and deceptive representations to me stating your client wished to negotiate the judgment, this came only after he was notified of his improper attempt to contact my client while she was represented. This is a failure to supervise the acts of your agent, and is a false and deceptive collection practice, which was an untrue statement when made, and is prohibited by the FDCPA.

3

Today I have learned that your firm has moved forward to garnish my client's wages instead of negotiating the judgment, and has also levied on her bank account in the amount of $700. As this account was strictly private, it is not clear how you obtained her account information, (which we believe to be in violation of the law, and a violation of her right to financial privacy) and which will also be alleged as a cause of action against all appropriate parties.

Given the foregoing, your firm is subject to civil liability under the FDCPA and under other statutes. As you are obviously engaged in a *joint venture with the new owner of the property*, (working on a contingency fee basis to collect the debt) you will both be held liable for your legal violations as set forth herein.

## DEBT VALIDATION LETTER

In addition, this letter is a DEBT VALIDATION LETTER under *15 U.S.C. 1692g* and you are hereby demanded to respond to this letter by providing written response to my Newport Beach office set forth below.

As referenced above, this demand is being sent to you in response to recent communications made to my Client that seek to collect on the consumer debt for back rent payments. Be advised that this letter should not be construed as a refusal to pay any amounts claimed owed, but rather, a notice sent pursuant to the Fair Debt Collection Practices Act, *15 USC 1692g Sec. 809 (b)* that your claim is disputed and that validation is hereby demanded.

This is NOT a request for "verification" or proof of my Client's mailing address, but a request for VALIDATION made pursuant to the above named legal authorities of which your compliance is required.

## *IN COMPLYING WITH THIS LEGAL DEMAND, WE HEREBY DEMAND THAT YOU PROVIDE WITH EACH OF THE FOLLOWING REQUESTED ITEMS:*

(1) Provide an itemized breakdown of the total amount of money you claim my Client owe your company/entity and/or its agents in the form of a *"life of loan" accounting* that represents the total amount claimed owed, and deducting any amounts actually paid and/or collected by you and/or your agents.

(2) Provide me with legally sufficient proof that a legal obligation exists to pay money to your company/entity and/or its agents.

(3) Identify who the legal owner of the alleged debt is, and when that person became the legal owner of the debt.

(4) If you are acting as an agent to collect the debt on behalf of another party/entity, provide legally sufficient proof of the agency arrangement in the form of a signed written document to this effect;

4

(5) Identify the original creditor of my Client's obligation, and any intermediary creditors, if any for all loan(s) identified above;

(6) Prove with legal sufficiency that the Statute of Limitations has not expired on this claim;

(7) Provide proof that you are legally licensed to act as a debt collector in the State of California including providing me with your applicable license numbers and the names and addresses of any registered agents you may have in California;

**NOTE: If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.**

If your offices fail to respond to this debt validation request within 30 days from the date of your receipt, all references to this account, and all collection efforts (including but not limited to any further acts of wage garnishment) must immediately cease and stop. In addition, all negative and improperly reported credit must be immediately deleted and completely removed from my Client's credit file and a copy of such compliance with this deletion request shall be sent to me at the address below.

Please forward all of the above-requested information in LEGIBLE hard copy format, to my California office address as follows:

*The Law Offices of Steven C. Vondran, P.C.*
*620 Newport Center Drive, Suite 1100*
*Newport Beach, CA 92660*

## REMEDIES RECOGNIZED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT FOR YOUR WILLFUL FAILURE TO RESPOND TO THIS LAWFUL REQUEST

### Civil Liability - 15 U.S.C. § 1641 (f)(2) / Section 813

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of

(1) Any **actual damage** sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such **additional damages** as the court may allow, but not exceeding **$1,000**; or

(B) In the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a **reasonable attorney's fee** as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors --

(1) In any individual action under subsection (a)(2)(A), **the frequency and persistence** of noncompliance by the debt collector, the **nature of such noncompliance,** and the **extent to which such noncompliance was intentional.**

You should also note that Courts have also recognized *punitive damages* for blatant violations of the Act. See *Rubin v. Account Control Technology,* 865 F. Supp. 1443 (D. Nev. 1994). In addition, following a nine day trial in the United States District Court for the Northern District of California, the jury awarded Plaintiffs, Manuel and Luz Fausto, $500,000 in their suit against Credigy Services Corporation. The verdict consisted of $100,000 in actual damages and $400,000 in punitive damages. An important win and it appears to be the largest under the FDCPA for a consumer that had debt.

At any rate, I will be expecting your response within the time frames required by law. If you fail to respond in a timely manner, and/or fail to produce the requested information, we will add these violations to the civil lawsuit. In the event your office wants to follow through on negotiating the judgment, in addition to responding to this debt validation letter, you may set forth any proposal you have in writing.

<<<

<<<

6

If not, we will set forth our violations, including a violation of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), which likewise prohibits creditors and debt collectors from, among other acts, making false, deceptive, or misleading representations in an effort to collect a debt. *Cal. Civ. Code § 1788, et seq.* My client also reserves the right to reopen her bankruptcy case to include the alleged debt, and/or to file a new chapter 13 case as may be warranted.

Regards,

Steven C. Vondran, Esq.

Cc: Ms. Lori Steele

7

**Lisa vondran**

**From:** MetroFax <faxbounce@fax.metrohispeed.com>
**Sent:** Thursday, December 13, 2012 1:32 PM
**To:** lisa@vondranlaw.com
**Subject:** Your fax has been successfully sent to 626-305-0556.



From: **lisa@vondranlaw.com**

To Name:

To Number: **626-305-0556**

Subject:

**Attempt 1:**
Date/Time: **12-13-2012 1:29:30 PM (GMT-07:00)**
Pages: **8**
Transmission Time: **02:27**
Reason: **Successful Send**

Thank you for using MetroFax®. If you have any questions, please contact support@metrofax.com.

# PROOF OF SERVICE

**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

  I am employed by The Law Offices of Steven C. Vondran. P.C. in the County of Orange, State of California. I am over the age of 18 and not a party to the above-captioned action. My business address is 620 Newport Center Drive, Suite 1100, Newport Beach, CA, 92660. I also have an office at 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016.

  On February 18, 2013 I served the foregoing document(s) in the within action, described as:

**OPPOSITION TO MOTION TO DISMISS; DECLARATON OF LORI STEELE AND STEVEN C. VONDRAN, REQUEST FOR JUDICIAL NOTICE, AND NOTICE OF UNPUBLISHED CASES.**

  On the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

[ ] **BY MAIL:** By placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepared, in the U.S. Mail at Newport Beach, CA. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on the same day with postage thereon fully prepaid at Newport Beach, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

[ ] **BY OVERNIGHT COURIER:** I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as forth above, with fees for overnight delivery paid or provided for.

[ ] **BY FAX:** By use of a facsimile machine I transmitted a true copy of the foregoing document(s) to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee(s) listed above.

[X] **BY ELECTRONIC SERVICE:** The document will be served upon e-filing, via the United States District Court-Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the assigned judge and any party who is a registered user in the case.

[ ] **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2013 at Phoenix, Arizona

Dated:      February 18, 2013        THE LAW OFFICES OF STEVEN C.
                                     VONDRAN, P.C.

                                     By:    /s/ Steven C. Vondran
                                            Steven C. Vondran, Esq.

## SERVICE LIST (Electronic filing)

Law Offices of Sam Chandra
710 S. Myrtle Ave., #600
Monrovia, CA 91016-2171
SAM CHANDRA

Email: sam@samchandra.com

Wedgewood Community Fund II, LLC

Law Offices of Sam Chandra
710 S. Myrtle Ave., #600
Monrovia, CA 91016-2171
SAM CHANDRA

Email: sam@samchandra.com