| | |
|---|---|
| 1 | THE LAW OFFICES OF STEVEN C. VONDRAN PC |
|   | Steven C. Vondran, Esq. (SBN# 232337) |
| 2 | law@attorneysteve.net |
|   | 620 Newport Center Drive, Suite 1100 |
| 3 | Newport Beach, California 92660 |
|   | Telephone: (877) 276-5084 |
| 4 | Facsimile: (888) 551-2252 |
| 5 | Attorney for Plaintiff: LORI STEELE |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| LORI STEELE, an individual | Case No.: 2:13-cv-00005 GAF |
| Plaintiff, | Assigned to Hon. Judge Gary Allen Fee |
| v. | **DECLARATION OF STEVEN C. VONDRAN, ESQ. IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** |
| LAW OFFICES OF SAM CHANDRA, a professional corporation; and WEDGEWOOD COMMUNITY FUND II, LLC, a California limited liability company and DOES 1 through 10 Inclusive, | Hearing:<br>Date: March 11, 2013<br>Time: 9:30 a.m.<br>Dept: Courtroom 740 |
| Defendants. | |

1

DECLARATION OF STEVEN C. VONDRAN

## DECLARATION OF STEVEN C. VONDRAN, ESQ.

I have personal knowledge of the following, and if called to testify, I could and would testify as follows:

2. My name is STEVE VONDRAN and I am the attorney for Plaintiff in this action.

3. I was retained by my Client, Ms. Lori Steele to represent her to help her resolve a civil lawsuit, and to help her deal with the unlawful detainer proceeding she was involved in.

4. I was not specifically retained to sub into the unlawful detainer case, but I was retained to help her resolve any claims for damages or attorney fees that might arise in either her civil case, or unlawful detainer case.

5. Plaintiff was financially abused by several "loss mitigation" companies including attorneys who advised her that she qualified to be submitted into a "mass joinder" lawsuit to help her save her home and her equity in the property from foreclosure.

6. Plaintiff was completely scammed and misadvised, and the attorney who represented her has been since disbarred.

7. On several occasions I tried to contact Defendant Sam Chandra's office, to discuss the unlawful detainer case, and to later try to negotiate the monetary judgment entered against Steele in the unlawful detainer case that she was advised to challenge.

8. Each of my multiple calls and letters went unreturned, and it was clear to me that Mr. Chandra would not be willing to discuss the debt. I eventually assumed they were not going to pursue the judgment.

9. As an example of the multiple written letters that I sent Chandra are letters attached to the complaint and referenced as exhibits "E", "F" and "G" respectively. Each of these exhibits represent true and correct copies of the

letters I sent to Chandra's office, complete with fax confirmations indicating his office had received them. These letters were not responded to.

10. On or around 11/20/12 I received a phone call from my client, who was distressed, stating that Chandra's office had contacted her at work during work hours. She was extremely embarrassed and distraught. I tried to call her down, and informed her that I would try once again to contact Chandra's office to discuss the purpose of their call, and to inform them that Steele was represented by counsel in regard to the judgment in the UD case.

11. I was informed that Chandra's office would call me later in the week (after Thanksgiving) but that call never happened, and instead Chandra's office moved forward to seek to enforce their judgment.

12. I can also testify to the fact that it is believed, on information and belief, that given Exhibit "A" to the complaint (which is a true and correct copy of the printout from the superior court website) that Defendant's routinely engage in unlawful detainer actions, and on information and belief routinely engage in the debt collection business.

13. At no time prior to the filing of the motion to dismiss did Chandra or anyone at his office contact me to meet and confer, as required by local rule 7-3 to discuss the merits of the complaint, and there was no meaningful opportunity to discuss the case. As such, Chandra continues to evince an attitude that he does not have to comply with legal requirements and such, among others things, should preclude his motion to dismiss.

14. I can also attest that according to my calculations, there were 111 days in between the date the judgment was entered on 8/22/12 to the date of Chandra's letter to Steele on 12/18/12 (Exhibit "B") and that given this amount of days, multiplied by the legal rate of interest Chandra is charging, that his 12/18/12 letter seeks to overcharge Steele in the amount of $132.13. He did not

address this issue in his motion to dismiss, which should also preclude granting his motion.

15. The Court is respectfully requested to deny his motion to dismiss with prejudice.

16. I am prepared to testify if need to be any of the matters contained in this declaration.

I have reviewed the foregoing and the foregoing is true and correct to the best of my knowledge and hereby attested to under penalty of perjury under the laws of the United States of America and the State of California.

RESPECTFULLY SUBMITTED

Executed on February 18, 2013 by _____[signature]_____ at __Phoenix, AZ__ (place).