THE LAW OFFICES OF STEVEN C. VONDRAN PC
Steven C. Vondran, Esq. (SBN# 232337)
law@attorneysteve.net
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084
Facsimile: (888) 551-2252

Attorney for Plaintiff: LORI STEELE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LORI STEELE, an individual<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF SAM CHANDRA, a professional corporation; and WEDGEWOOD COMMUNITY FUND II, LLC, a California limited liability company and DOES 1 through 10 Inclusive,<br><br>Defendants. | Case No.: 2:13-cv-00005 GAF<br><br>Assigned to Hon. Judge Gary Allen Fees<br><br>**DECLARATION OF PLAINTIFF LORI STEELE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing:<br>Date: March 11, 2013<br>Time: 9:30 a.m.<br>Dept: Courtroom 740 |

1

DECLARATION OF LORI STEELE

# DECLARATION OF LORI STEELE, PLAINTIFF

I have personal knowledge of the following, and if called to testify, I could and would testify as follows:

2. My name is LORI STEELE and I am the Plaintiff in this action.

3. I am a foster mom of 3 kids in the State of California. The kids are wards of the state.

4. I am also a physical therapist making approximately $13 per hour at my job, with a place of employment being E.T. Physical Therapy

5. I was facing foreclosure of my property (which had equity in the property) and so I hired several loss mitigation companies including law firms to assist me in handling my case. I was informed that I had a good case for predatory lending and that I would be placed into a "mass joinder lawsuit". This never happened.

6. One of the attorneys I hired was eventually disbarred.

7. In having these companies represent me to stop foreclosure, I spent approximately $17K which resulted in out-of-pocket losses to me.

8. I feel I was totally scammed and let down in the process.

9. After the foreclosure sale on 5/29/12, I was informed that WEDGEWOOD COMMUNITY FUND, II, LLC purchased my property and I was served with a summons and complaint in an unlawful detainer action.

10. The summons contained a disclosure that the FDCPA applied.

11. In reliance on the summons and complaint, I was then informed to challenge the unlawful detainer action by filing a demurrer, and was informed that I had good grounds to win. Again, I trusted what I thought were professionals who were out to supposedly help me. Instead, they took my money leaving me vulnerable.

2

DECLARATION OF LORI STEELE

12. I am not well educated in financial or legal matters and trusted that my best interests would be protected.

13. I filed a Demurrer in the unlawful detainer case, and eventually a hearing was set.

14. It was around this time I contacted the Law Offices of Steven C. Vondran, and Steve Vondran my attorney and retained him to look into my case to see where I stood.

15. Mr. Vondran informed me that I had been taken advantage of, and scammed by the loss mitigation companies and attorneys and that a civil lawsuit was filed, and that I was not placed on any type of mass joinder lawsuit.

16. I retained Mr. Vondran to clean up the civil lawsuits, and to try to seek my money back from the perpetrators of the scam.

17. These companies informed me that I should fight the Unlawful Detainer case. Mr. Vondran thought otherwise, and figured I would be wasting more money.

18. I retained him for the purpose of protecting my interests, and to try to resolve the cases that were filed in the manner he thought best, and to try to prevent any collectors from coming after me in the event and judgments or attorney fees were awarded against me based on what I was advised to do.

19. When I filed the Demurrer, I was disputing both the charges being sought in the unlawful detainer complaint, and the UD itself as I was informed they foreclosure was unlawful. I was also trying to protect my equity in the property.

20. Mr. Vondran sent an appearance attorney to the UD case to object to any fees being awarded, and I wanted him to represent me so that I did not have my employer find out about either the foreclosure, the civil lawsuit filed, or the unlawful detainer lawsuit filed.

DECLARATION OF LORI STEELE

21. I trusted that the other attorney (Mr. Sam Chandra) would honor the fact that I was represented by counsel, and would deal directly with Mr. Vondran if there were any issues that needed to be resolved.

22. This did not happen, and on or around November 20th, or the 21st, a person from Sam Chandra's law office called my place of employment and asked to speak with me. He said he was from a law firm and this led everyone in the office to start discussing my issues, and forced me to explain what was going on. This was the exact problem I was trying to prevent in hiring a lawyer.

23. I then called Mr. Vondran and asked him why they were contacting me, and that I could not take calls at work.

24. The phone call was devastating and opened up a can of worms that led to my leaving work early on the day of the call in an extreme state of grief, anxiety, depression, humiliation and other trauma.

25. I also lost approximately $25 as I was forced to leave work early out of humiliation and a loss of focus that would have prevented me from performing my duties as a physical therapist.

26. This situation has also added tension to my work condition as it is now apparent to everyone that I was in foreclosure, and was being evicted.

27. The phone call has made it difficult for me to sleep and has given me headaches and great anxiety. I simply cannot lose my job as this is how I support my foster kids.

28. After the judgment was entered in the unlawful detainer case, Mr. Chandra garnished the wages from a bank account of one of my foster kids. This child is a ward of the state and had nothing to do with the foreclosure action or eviction action, and now she is suffering as well.

4
DECLARATION OF LORI STEELE

29. Mr. Chandra is continuing his efforts to garnish my wages, and to take personal property from me, and I fear he may continue to try to take things from my foster kids.

30. I find the whole course of conduct, including his phone call to my office as being an intentional attack on me, and intentional means to cause me extreme distress. This is very unfair that a lawyer can do this to someone and to not even return any calls from Mr. Vondran who simply sought to help me keep this a private affair.

31. I further believe this to be a personal insult as the Defendants have tried to collect amounts of money from me, in addition to contacting me while represented by Mr. Vondran, that are not even owed. I believe they are seeking over $132 more than the judgment even entitles them to. I kindly and respectfully ask the Court to please put that to a stop and to only collect what is actually owed. I have had Mr. Vondran ask for validation of the debt and that apparently has not been forthcoming, other than a copy of the judgement.

32. I am prepared to testify if need to be any of the matters contained in this declaration.

33. I have reviewed the foregoing and the foregoing is true and correct to the best of my knowledge and hereby attested to under penalty of perjury under the laws of the United States of America and the State of California.

RESPECTFULLY SUBMITTED

Executed on 2/17/13 (date) by _____ at Ventura (place)

5
DECLARATION OF LORI STEELE