THE LAW OFFICES OF STEVEN C. VONDRAN PC
Steven C. Vondran, Esq. (SBN# 232337)
law@attorneysteve.net
620 Newport Center Drive, Suite 1100
Newport Beach, California 92660
Telephone: (877) 276-5084
Facsimile: (888) 551-2252

Attorney for Plaintiff: LORI STEELE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LORI STEELE, an individual<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF SAM CHANDRA, a professional corporation; and WEDGEWOOD COMMUNITY FUND II, LLC, a California limited liability company and DOES 1 through 10 Inclusive,<br><br>Defendants. | Case No.: 2:13-cv-00005 GAF<br><br>Assigned to Hon. Judge Gary Allen Fee<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPPORT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT.**<br><br>Hearing:<br>Date: March 11, 2013<br>Time: 9:30 a.m.<br>Dept: Courtroom 740 |

PLEASE TAKE NOTICE THAT PLAINTIFF LORI STEELE by and through their respective counsel hereby **request that the Court take JUDICIAL NOTICE** of the following exhibits #1-6.

The request for judicial notice is made under *Federal Rules of Evidence Section 201* and case law that interprets that section, and is based on the memorandum of points and authorities set forth below.

## POINTS AND AUTHORITIES

"A court may take judicial notice of a document filed in another court." See *United States v. Jones*, 29 F.3d 1549, 1553 (9th Cir. 1994) (internal quotations and citations admitted). In addition, as to Request for Judicial Notice #6, Courts are turning more frequently to the Internet as a source for readily ascertainable facts under FRE 201(b). [See *O'Toole v. Northrop Grumman Corp.* (10th Cir. 2007) 499 F3d 1218, 1225 (collecting cases); *Yusupov v. Attorney General of U.S.* (3rd Cir. 2011) 650 F3d 968, 985, fn. 23].

Also, Courts may take judicial notice of the official acts of the *legislative, executive and judicial* departments of the United States, or of any state or political subdivision thereof, or of other public entity in the United States. Finally, judicial notice of agency action may be proper where the action is officially published and thus ascertainable and verifiable. [*Kitty Hawk Aircargo, Inc. v. Chao* (5th Cir. 2005) 418 F3d 453, 457 & fn. 9

Accordingly, the court should take Judicial Notice of Defendant's Request for Judicial Notice (RJN Exhibits 1-6).

**Exhibits:**

**(RJN#1)** A true and correct copy of the summons in unlawful detainer case.

**(RJN#2)** A true and correct copy of the complaint filed in the unlawful detainer.

**(RJN#3)** A true and correct copy of Notice of Entry of Judgment in the amount of $5,711.12 entered on 8/22/12.

**(RJN#4)** A true and correct copy of wage garnishment showing 1.56 per day interest.

**(RJN#5)** A true and correct copy of Minutes of UD hearing on 8/21/12 confirming CHANDRA was present and aware STEELE was represented by counsel.

**(RJN#6)** A true and correct copy of State Bar Rule 2-100 on contacting persons known to be represented by counsel from the California State Bar website.

Respectfully Submitted

Dated:        February 18, 2013           THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

                                          By:    /s/ Steven C. Vondran
                                                 Steven C. Vondran, Esq.
                                          ATTORNEY FOR LORI STEELE

EXHIBIT RJN "1"

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:** Lori Steele
**(AVISO AL DEMANDADO):**

and Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:** WEDGEWOOD COMMUNITY
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** FUND II, LLC,

**FOR COURT USE ONLY**
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 19 2012

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA,
   (El nombre y dirección de la corte es): COUNTY OF LOS ANGELES

   **CASE NUMBER:** (Número del caso): 12U00920

   1427 West Covina Parkway
   West Covina, CA 91790
   EAST JUDICIAL DISTRICT

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
   Sam Chandra SBN 203942
   (626) 256-4999
   Law Offices of Sam Chandra, APC
   710 S. Myrtle Ave., # 600
   Monrovia, CA 91016-2171

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: JUN 19 2012
(Fecha)

John A. Clarke
Executive Officer
(Secretario)

Marla L. Defoort, Deputy
Deputy Clerk (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)   [ ] other (specify):
5. [ ] by personal delivery on (date):

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

SUM-130

| PLAINTIFF (Name): Wedgewood Community Fund II, LLC, | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Lori Steele, et al | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:

   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date)*:

Notice from the Law Offices of Sam Chandra, APC: Notice: Pursuant to the Fair Debt Collection Practices Act. If this or the attached documents demand any sum of money, we hereby inform you that unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for this purpose.

EXHIBIT RJN "2"

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

1 | SAM CHANDRA (# 203942)
LAW OFFICES OF SAM CHANDRA, APC
2 | 710 S. MYRTLE AVE., # 600
MONROVIA, CA 91016
3 | (626) 256-4999

JUN 19 2012

John A. Clarke, Executive Officer/Clerk

By_____, Deputy

4 | ATTORNEYS FOR PLAINTIFF

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| WEDGEWOOD COMMUNITY FUND II, LLC, | Case No. 12U00920 |
| Plaintiff, | COMPLAINT FOR UNLAWFUL DETAINER |
| vs. | Action based on Code of Civil Procedure Section 1161a |
| LORI STEELE | |
| | LIMITED CIVIL |
| and Does 1 to 10, | DEMAND DOES NOT EXCEED $10,000.00 |
| Defendants. | |

Plaintiff alleges as follows:

1. Plaintiff is a: Limited Liability Co

2. Plaintiff alleges a cause of action against the following person(s) hereinafter "Defendants" for Unlawful Detainer: Lori Steele

3. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information

COMPLAINT FOR UNLAWFUL DETAINER
-1-

and belief alleges, that each of the Defendants designated herein as DOE was legally responsible in some manner for the events and happenings herein referred to and legally caused damages approximately thereby to Plaintiff as herein alleged.

4. On 05/29/12, Plaintiff became the owner of real property by purchasing said property at a foreclosure sale.

5. Title under this sale has been duly perfected.

6. Pursuant to the recitations contained within the Trustee's Deed Upon Sale, the foreclosure sale, and all required notices were accomplished in compliance with CC §2294 et. seq..

7. The Real Property as stated above bears the APN number of: 8648030018

8. The Real Property as stated above is located at: 641 Crestview Drive, Glendora, CA 91741, County of LOS ANGELES

9. No landlord/tenant relationship exists between the purchaser and the Defendants.

10. Since the date of sale, and continuing to present, Defendants have occupied said premises without the consent or authorization of the purchaser.

11. Defendants' title, if any, to said premises, that existed prior to the date of sale, was extinguished by said sale.

12. On 06/15/12, Plaintiff caused to be served on the Defendants a written notice in compliance with the Code of Civil Procedure, Section 1161a et seq., requiring and demanding that Defendant(s) quit and deliver up possession of the premises within 3 days.

13. More than 3 days have elapsed since the service of said notice. The notice has expired, but Defendants have failed and refused, and continues to fail and refuse, to quit and deliver up possession of the premises, Defendant(s) now being in possession thereof.

14. The reasonable rental rate of the premises is $ 2,500.00 per month. The daily rate based upon a 30 day month is $ 83.33.

15. Plaintiff is being damaged by the detention of this property in the sum of not less than $ 83.33 per day for the use and occupancy of said premises, and will continue to sustain damages at said rate for so long as Defendants remain in possession of the premises.

COMPLAINT FOR UNLAWFUL DETAINER
-2-

16. Plaintiff has not received any rents or other compensation from the Defendant(s).

17. The Defendants hold-over and continue in possession of the premises. Said hold-over and continued possession is willful, intentional, deliberate, and without permission or consent of Plaintiff. Plaintiff is entitled to immediate possession of the premises.

18. The premises are located in the above-entitled judicial district.

19. Defendants have had use and enjoyment of the premises, at the detriment of Plaintiff from the date of the service of the notice through today and will continue to enjoy the same through the date of entry of judgment or the date Plaintiff is finally able to recover possession of the premises.

WHEREFORE, Plaintiff prays against Defendants, and each of them, as follows:

1. For restitution and possession of the premises;
2. For damages in the amount of $83.33 per day or as allowed by law from 06/19/12 to the date of entry of judgment, or recovery of possession of the premises;
3. For Plaintiff's costs of suit;
4. For such other and further relief as the Court may deem just and proper.

Executed 06/19/12

Sam Chandra, Esq
Attorney for Plaintiff

EXHIBIT LIST:

The following exhibits are attached and incorporated into the complaint by reference:

1. Verification to Complaint
2. Deed
3. Notice and proof of service.

## VERIFICATION of the Complaint:

I am:
[ ] the Plaintiff;
[ ] an Officer of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.
[ ] a partner of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.
[x] an agent of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

The matters stated in the forgoing document are true of my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I request that a facsimile whether by traditional fax or by "scan and e-fax or e-mail" be accepted as an original pursuant to CRC 2.305(d).

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed in El Segundo, California. Pursuant to Code of Civil Procedure, Sections 2015.5 and 396a.

Olivia Reyes                06/19/12            (Signature)
(Name, printed or typed)    (Date)

Pursuant to Evidence Code, § 1521 and Calif. Rules of Court, Rule 2.305(d), a signature hereon, in any, produced by facsimile transmission is admissible as an original.

Declaration of Attorney re Verification: My client has indicated to me that they are unable to proceed to my office to deliver a "wet ink signature", as such this document is either a faxed copy of the original or a scanned and e-mailed copy of the original. I request the court to accept it as an original per CRC 2.305(d). Sam Chandra  6/19/12,

Notice: Pursuant to the Fair Debt Collection Practices Act. If this document demands any sum of money, we hereby inform you that unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for this purpose.

- COMPLAINT FOR UNLAWFUL DETAINER -
-4-

EXHIBIT RJN "3"

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
EAST DISTRICT, WEST COVINA COURTHOUSE (-19430- )
1427 WEST COVINA PKWY., WEST COVINA, CA 91790
TELEPHONE: (626) 813-3336

WEDGEWOOD COMMUNITY FUND II    vs.                    Case Number: 12U00920
STEELE, LORI

**CLERK'S NOTICE OF ENTRY OF JUDGMENT AND NOTICE RE EXHIBITS/DEPOSITIONS**

To the parties and their attorneys of record; You are hereby notified that pursuant to section CCP 664.5, the attached copy of the judgment in the above entitled case was entered on 08/22/2012 . Further, Exhibits/Depositions, if any, will be destroyed at the end of 60 days from expiration of appeal time.

JOHN A. CLARKE, Executive Officer/Clerk

By MATTHEW TORRES , Deputy
Clerk of the above named Court

*Costs determined by Memorandum of Costs (1033 CCP et seq.)

**CLERK'S CERTIFICATE OF MAILING**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Clerk's Notice of Entry upon each party or counsel named below by depositing in the United States mail at the courthouse in WEST COVINA, CALIFORNIA, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

STEELE, LORI

641 CRESTVIEW DRIVE
GLENDORA, CA 91741

SAM CHANDRA
LAW OFFICES OF SAM CHANDRA, APC
710 S. MYRTLE AVE., #600
MONROVIA, CA 91016

JOHN A. CLARKE, Executive Officer/Clerk

BY MATTHEW TORRES , Deputy

Dated 08/22/2012

12U00920

JUDGMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
EAST DISTRICT, WEST COVINA COURTHOUSE (-19430- )
1427 WEST COVINA PKWY., WEST COVINA, CA 91790
Telephone: (626) 813-3236

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT JUDGMENT BE ENTERED AS FOLLOWS:

FOR: WEDGEWOOD COMMUNITY FUND II LLC

AGAINST: STEELE, LORI

$ 5333.12  Rent+Damages,
$ 378.00   costs as provided by law (as taxed or ascertained.)

FOR A TOTAL OF: $     5711.12

RESTITUTION AND POSSESSION OF THE PREMISES LOCATED AT:
641 CRESTVIEW DRIVE,
GLENDORA, CA 91741

THIS JUDGMENT OF POSSESSION APPLIES TO ANY AND ALL UNNAMED OCCUPANTS OF THE PREMISES
PURSUANT TO C.C.P. 415.46,
AND THAT THE LEASE OR AGREEMENT UNDER WHICH THE AFORESAID PROPERTY IS HELD BE, AND
THE SAME IS HEREBY DECLARED, FORFEITED.

This judgment conforms to the order of the court.

DATED: 08/22/2012

MATTHEW TORRES
DEPUTY CLERK

I CERTIFY THE FOREGOING MINUTES, AND ALL CIVIL
JUDGMENTS AS SHOWN THEREIN, WERE DULY ENTERED
ON _____ AUG 22 2012 _____, DEPUTY CLERK
M. TORRES
DEPUTY CLERK

FILED AND ENTERED ON: 08/22/2012
BY MATTHEW TORRES
DEPUTY CLERK

JOHN A. CLARKE
Executive Officer/Clerk

CIV 4

JUDGMENT

EXHIBIT RJN "4"

| Attorney or Party without Attorney: | Levying Officer: |
|---|---|
| LAW OFFICES OF SAM CHANDRA, APC | Sheriff's Department |
| | Los Angeles County |
| 710 S MYRTLE AVE #600 | Sheriff's Office |
| MONROVIA, CA 91016-2171 | 350 W. MISSION BLVD., RM. 109 |
| TEL: (626)256-4999 | POMONA |
| | CA 91766 |
| | TEL: (909)620-3230 |

| L.A. SUPERIOR COURT, WEST COVINA 19430 | Court Case: 12U00920 |
|---|---|
| EAST DISTRICT | Levy.Ofcr.File.No: 3311212110174 |

| Plaintiff: WEDGEWOOD COMMUNITY | Defendant: STEELE, LORI |
|---|---|

EARNINGS WITHHOLDING ORDER (WAGE GARNISHMENT)

Employee: Keep your copy of this legal paper.
Empleado: Guarde este papel oficial.

Employer: Enter the following date to assist your record keeping.
Date this order was received by employer (specify the date of personal delivery by levying officer or the date mail receipt was signed).

TO THE EMPLOYER REGARDING YOUR EMPLOYEE:
Name and address of employer                Name and address of employee
E.T. PHYSICAL THERAPY                       STEELE, LORI
ATTN: PAYROLL
1111 W COVINA BLVD #100                     641 CRESTVIEW DR
SAN DIMAS, CA 91773                         GLENDORA, CA 91741
                                            SSN XXX-XX-4510

1. A judgment creditor has obtained this order to collect a court judgment against your employee. You are directed to withhold part of the earnings of the employee (see instructions on attached form). Pay the withheld sums to the LEVYING OFFICER:
   LOS ANGELES COUNTY SHERIFF DEPARTMENT
   PO Box 843580  Los Angeles, CA 90084-3580
   Include Levying Officer File No: 3311212110174 on payments.
   If the employee works for you now, you must GIVE THE EMPLOYEE A COPY OF THIS ORDER AND THE EMPLOYEE INSTRUCTIONS within 10 days after receiving this order.
   COMPLETE ALL COPIES OF THE FORM EMPLOYER'S RETURN AND MAIL THEM TO THE LEVYING OFFICER within 15 days after receiving this order, whether or not the employee works for you.

2. THE TOTAL AMOUNT DUE IS $ 5866.84    PLUS $ 1.56    INTEREST PER DAY

   Count 10 calendar days from the date when you received this order. If your employee's pay period ends before the tenth day, DO NOT withhold earnings for that pay period. Do withhold from earnings that are payable for any pay period ending on or after that tenth day. Continue withholding for all pay periods until you withhold the amount due. The levying officer will notify you of an assessment you should withhold in addition to the amount due. Do not withhold more than the total of these amounts. Never withhold any earnings payable before the beginning of the earnings withholding period.
   PLEASE CALL LEVYING OFFICER PRIOR TO MAKING FINAL PAYMENT.

3. The judgment was entered in the court on: 08/22/12
   The judgment creditor (if different from the plaintiff) is:

4. The employer's instructions on the attached form tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

   LEROY D. BACA, SHERIFF
   Date: 12/11/12
           Levying officer, by: _____
                                                P. ESTRELLA, Deputy

EARNINGS WITHHOLDING ORDER (WAGE GARNISHMENT)
Form adopted by the Judicial Council of California         CCP706.022, 706.125, 706.022
WG-002 (Rev. January 1, 2012)

EXHIBIT RJN "5"

# SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES
### WEST COVINA COURTHOUSE

Civas/Scot

| PLAINTIFF: WEDGEWOOD COMMUNITY | DEFENDANT: STEELE, LORI |
|---|---|
| **UD MINUTES WORKSHEET** | CASE NUMBER: 12U00920 |

Hon: MICHAEL RAPHAEL, Judicial Officer    Clerk: STEVEN PARRAL    Dept: 002

☐ Stipulation and Order Appointing Temporary Judge filed.    On 8-21-12    at 8:30 a.m.

Plaintiff(s) appearing by         SAM CHANDRA
Defendant(s) appearing by        NO APPEARANCE (ARMEN GARABEDIAN APPEARS BUT THE DEFENDANT IS
☐ Court Trial (as to)            NOT PRESENT AND NO SUBSTITUTION OF ATTORNEY HAS BEEN FILED.)
☐ Court Trial defendant failing to appear (as to)
☒ Default Prove-up (as to)       LORI STEELE, ANY AND ALL OCCUPANTS
☐ Judgment pursuant to:    ☐ oral    ☐ written stipulation (as to)

Witness(es) sworn for plaintiff(s):    DONALD ROBERTSON
Exhibit(s) received in evidence for plaintiff(s):    1 (TRUSTEE'S DEED UPON SALE) AND 2 (3 DAY NOTICE TO PAY
                                                    RENT OR QUIT/POS/COVER SHEET) BY REFERENCE.
Witness(es) sworn for defendant(s):    NONE
Exhibit(s) received in evidence for defendant(s):    NONE

The court, after considering the evidence, rules as follows:
Plaintiff(s):    WEDGEWOOD COMMUNITY FUND II, LLC
                                                                                                recover from
Defendant(s)    LORI STEELE, ANY AND ALL OCCUPANTS

☒ THE RESTITUTION AND POSSESSION OF THOSE PREMISES situated in the County of Los Angeles, State of
California, and more particularly described as:    641 CRESTVIEW DRIVE, GLENDORA, CA 91741
COUNTY OF LOS ANGELES

and that the lease agreement under which the property is held be, and the same is hereby declared, forfeited.
☒ $5,333.12    Principal/Damages; $ 0.00    Attorney Fees; $ 0.00    Interest;
$ 378.00    Costs as provided by law (as taxed or ascertained); $ 5,711.12    TOTAL

☒ Judgment pursuant to Code of Civil Procedure section 415.46.

☐ Execution stayed as follows:

☐ See written stipulation for further terms and conditions.
☐ Execution stayed pursuant to written stipulation.
☐ Written stipulation filed and copy of stipulation given/mailed to each party.

The foregoing minutes are correct and the judgment conforms to the decision of the Court.

Costs as taxed or ascertained $ 0.00    STEVEN PARRAL
                                        John A. Clarke, Court Executive Officer/Clerk of    Deputy Clerk
                                        Superior Court, State of California, County of Los
                                        Angeles, certify the foregoing instrument consisting of
                                        ___ page(s) to be a correct copy of the original
                                        on file in this court.
                                        this 14th day of February, 20 13
                                        KENDRA HIRANO
                                        By _____ Deputy
                                        DEPUTY CLERK

EXHIBIT RJN "6"

CURRENT RULES

*Rules of Professional Conduct*

Rule 2-100 Communication With a Represented Party

(A) While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.

(B) For purposes of this rule, a "party" includes:

   (1) An officer, director, or managing agent of a corporation or association, and a partner or managing agent of a partnership; or

   (2) An association member or an employee of an association, corporation, or partnership, if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

(C) This rule shall not prohibit:

   (1) Communications with a public officer, board, committee, or body; or

   (2) Communications initiated by a party seeking advice or representation from an independent lawyer of the party's choice; or

   (3) Communications otherwise authorized by law.

*Discussion:*

Rule 2-100 is intended to control communications between a member and persons the member knows to be represented by counsel unless a statutory scheme or case law will override the rule. There are a number of express statutory schemes which authorize communications between a member and person who would otherwise be subject to this rule. These statutes protect a variety of other rights such as the right of employees to organize and to engage in collective bargaining, employee health and safety, or equal employment opportunity. Other applicable law also includes the authority of government prosecutors and investigators to conduct criminal investigations, as limited by the relevant decisional law.

Rule 2-100 is not intended to prevent the parties themselves from communicating with respect to the subject matter of the representation, and nothing in the rule prevents a member from advising the client that such communication can be made. Moreover, the rule does not prohibit a member who is also a party to a legal matter from directly or indirectly communicating on his or her own behalf with a represented party. Such a member has independent rights as a party which should not be abrogated because of his or her professional status. To prevent any possible abuse in such situations, the counsel for the opposing party may advise that party (1) about the risks and benefits of communications with a lawyer-party, and (2) not to accept or engage in communications with the lawyer-party.

Rule 2-100 also addresses the situation in which member A is contacted by an opposing party who is represented and, because of dissatisfaction with that party's counsel, seeks A's independent advice. Since A is employed by the opposition, the member cannot give independent advice.

As used in paragraph (A), "the subject of the representation," "matter," and "party" are not limited to a litigation context.

Paragraph (B) is intended to apply only to persons employed at the time of the communication. (See *Triple A Machine Shop, Inc. v. State of California* (1989) 213 Cal.App.3d 131 [261 Cal.Rptr. 493].)

Subparagraph (C)(2) is intended to permit a member to communicate with a party seeking to hire new counsel or to obtain a second opinion. A member contacted by such a party continues to be bound by other Rules of Professional Conduct. (See, e.g., rules 1-400 and 3-310.) (Amended by order of Supreme Court, operative September 14, 1992.)