JS - 6   **LINK: 9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers)**

## ORDER RE: MOTIONS TO DISMISS

### I.
### INTRODUCTION

   This Fair Debt Collection Practices Act ("FDCPA") action arises out of the allegedly abusive and unfair debt collection practices of Defendants Law Offices of Sam Chandra ("Chandra") and Wedgewood Community Fund II, LLC ("Wedgewood").  Plaintiff Lori Steele brings this action alleging violation of the FDCPA and numerous state claims in conjunction with Defendants' unlawful detainer action and attempts to collect the subsequent judgment.  Plaintiff alleges that Chandra, with the full knowledge, and acting on behalf of Wedgewood, brought an unlawful detainer action and attempted to collect the resulting judgment while using abusive debt collection practices, like contacting Plaintiff directly though knowing she was represented by counsel and contacting Plaintiff at her place of employment.

   Before the Court is Defendants' motion to dismiss Plaintiff's Complaint on the basis that it fails to state sufficient factual allegations to support any of her various claims.  (Docket No. 9, [Mot. to Dismiss ("Mem.")].)  The question that most concerns the Court is whether Plaintiff has alleged sufficient facts to support her FDCPA claim - her only federal claim.  The Court finds that the debt Defendants' attempted to collect is not a debt within the meaning of the FDCPA.  Accordingly, the Court **DISMISSES** Plaintiff's FDCPA claim **with prejudice**.  Because the action was before the Court solely on the basis of federal question jurisdiction, and now because there is no longer a federal question, the Court declines to exercise jurisdiction over the remaining state law claims and **DISMISSES** those claims **without prejudice**.

JS - 6    LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

**II.
BACKGROUND**

Plaintiff was the owner of real property located in Glendora, California. [Docket No. 1, [Compl.] ¶ 3.) On May 29, 2012, Plaintiff's property was sold pursuant to a foreclosure sale to Wedgewood. (Docket No. 9-1, [Defendants' Request for Judicial Notice ("DRJN")], Ex. 1 [Compl. for Unlawful Detainer ("CUD")] ¶ 4.)[1] An unlawful detainer action was filed June 19, 2012 by Wedgewood, represented by Chandra. (Id.) Defendants subsequently served process on Plaintiff, which Plaintiff alleges was an "initial communication" within the meaning of the FDCPA. (Compl. ¶ 22.) Plaintiff further alleges that the summons did not reference any amount of money owed by Plaintiff and that she did not owe a debt at the time of service. (Id. ¶¶ 25-26.) The summons included the following language:

> Notice from [Chandra] . . . Pursuant to the Fair Debt Collection Practices Act. If this or the attached documents demand any sum of money, we hereby inform you that unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for this purpose.

(Compl., Ex. A; DRJN, Ex. 1.) Plaintiff alleges that the aforementioned quote estops Chandra from denying that it is a debt collector under the FDCPA. (Compl. ¶ 28.)

Plaintiff alleges that in or around August 2012, Plaintiff retained counsel to represent her, and on or around August 15, 2012, Plaintiff's counsel sent Chandra a letter informing Chandra

---

[1] The Court takes judicial notice, pursuant to Federal Rule of Evidence 201, of the documents requested by Defendants as they are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'"). Moreover, the Court may properly consider judicially noticeable documents on a motion to dismiss, without converting the motion to a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Lee, 250 F.3d 668 at 689. The Court may not take judicial notice of any disputed facts stated in the documents. Lee, 250 F.3d at 688–90. Plaintiff does not dispute any of the facts in the documents submitted in Defendants' RJN.

JS - 6     **LINK: 9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

of Plaintiff's representation in the unlawful detainer action. (Id. ¶¶ 37-38.) Plaintiff further alleges Chandra failed to respond to this letter. (Id. ¶ 43.) Plaintiff faxed a second letter on or around August 17, 2012, a third letter on or around August 23, 2012, and made several phone calls in an attempt to contact Chandra. (Id. ¶¶ 44, 48, 53.) A fourth letter was faxed September 4, 2012. (Id. ¶ 68.) Plaintiff received no response. (Id. ¶¶ 51, 73.)

On August 22, 2012, the Court ordered judgment against Plaintiff in the unlawful detainer action in the amount of $5,333.12 for rent and damages and $378.00 in costs, for a total of $5,711.12. (Compl., Ex. G; DRJN, Ex. 5.) The damages were calculated as daily rent at $83.33 per day for 64 days. (Compl. ¶ 66; DRJN, Ex. 4.) Though Plaintiff alleges that at the final hearing in the unlawful detainer action an attorney attempted to make a special appearance for Plaintiff's counsel, the superior court docket reflects that Plaintiff acted in pro per throughout the unlawful detainer action. (Id. ¶ 63; DRJN, Ex. 4.)

After obtaining judgment, Plaintiff alleges that Wedgewood engaged Chandra to collect on the judgment, which she characterizes as a "debt." (Id. ¶ 74.) Plaintiff alleges that on or around November 20, 2012, a representative of Chandra, identified as Michael, contacted Plaintiff by phone at her place of employment in an attempt to collect the judgment, even though Chandra knew that she was represented by counsel. (Id. ¶¶ 77, 85-86.) According to Plaintiff, the phone call constituted an initial communication within the meaning of the FDCPA. (Id. ¶ 86.) Plaintiff further alleges that she did not receive any of the requisite written notices from Chandra pursuant to the FDCPA, and Michael failed to identify himself as a debt collector. (Id. ¶¶ 87-88.)

Plaintiff alleges that on or around December 18, 2012, she was contacted directly again by Chandra by letter demanding payment of $6,016.38. (Id. ¶ 93.) Plaintiff alleges that this letter constitutes a violation of the FDCPA because Chandra knew Plaintiff was represented and it overstated the debt owed. (Id. ¶¶ 97-98.) Language in that letter, Plaintiff alleges, estops Chandra from denying it is a debt collector with the meaning of the FDCPA. (Id. ¶¶ 95-96.) Plaintiff further alleges that Chandra failed to properly respond to a debt validation request sent by Plaintiff's counsel on or around December 13, 2012. (Id. ¶ 99.)

On the basis of the aforementioned facts Plaintiff brings the following causes of action: (1) violation of the FDCPA; (2) violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; (3) tort in se; (4) violation of the right of privacy; and (5) intentional infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

**III**
**DISCUSSION**

**A. LEGAL STANDARD FOR F.R.C.P. 12(B)(6) MOTION TO DISMISS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678-79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. THE FDCPA**

JS - 6   LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

*1. The Standard for Liability*

To be liable for a violation of the FDCPA, a defendant must fall within the FDCPA's definition of "debt collector." Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Furthermore, in order to be liable for a violation of the FDCPA, a defendant must have been trying to collect a "debt" falling within the FDCPA's definition. See Turner v. Cook, 362 F.3d 1219, 1228 (9th Cir. 2004); Mazzaferro v. Stanaland, 2011 U.S. Dist. LEXIS 130011, at *8-9 (N.D. Cal. Nov. 9, 2011). The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

*2. Discussion*

Defendants do not challenge the characterization of Chandra as a debt collector within the purview of the FDCPA, but they do challenge the characterization of the judgment against Plaintiff as a "debt" within the FDCPA definition. (Mem. at 8-10.) Defendants aver that the debt did not arise out of a specific "transaction," rather it involved holdover damages, and accordingly is not covered by the FDCPA. (Id.) Plaintiff argues that Defendants are judicially and equitably estopped from denying that the FDCPA applies. (Docket No. 10, [Opp. to Mot. to Dismiss ("Opp.")] at 14-18.)[2]

This issue is significant because Plaintiff brings this case in federal court on the basis of federal question jurisdiction which in turn is based on the lone federal claim under the FDCPA. However, jurisdiction is based primarily on the assertion that Chandra is estopped from arguing that the FDCPA does not apply, which amounts to an argument that the estoppel confers jurisdiction on the Court. But federal subject matter jurisdiction cannot be based on an estoppel. Supreme Court precedent teaches, "no action of the parties can confer subject-matter jurisdiction upon a federal court," and "[t]hus, the consent of the parties is irrelevant, . . . principles of

---

[2] It is unbeknownst to the Court why Plaintiff believes judicial estoppel applies; Plaintiff points to no relevant prior representation made by Defendants that a court relied on. Presumably the applicability of the FDCPA was irrelevant to the Superior Court in the unlawful detainer action in any event.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

estoppel do not apply, . . . and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702 (1982). Whether or not Chandra's correspondence can be read to constitute his opinion or an admission that the FDCPA applies in this case is irrelevant. If the debt is not covered by the FDCPA, no communication otherwise could make it so. Just as surely as the Parties could not stipulate to apply copyright law to this action, a party cannot be estopped from denying the existence of subject matter jurisdiction.[3] In any event, the Court views Chandra's communication with Plaintiff as amounting at most to an admission that he is a debt collector, which he does not deny.

The Court therefore turns to the question of whether the unlawful detain judgment constitutes a "debt."[4] Having reviewed the applicable authorities, the Court concludes that Chandra was not attempting to collect a "debt" as that term is defined by the FDCPA. Here Chandra's client obtained a judgment in its unlawful detainer action against Plaintiff and was awarded possession of the property and damages. The damages included "rent" during the holdover period, (DRJN, Ex. 5); that is an element of the measure of damages and not an indication that the foreclosing party was in a landlord-tenant relationship with Plaintiff. See MCA, Inc. v. Universal Diversified Enterprises Corp., 103 Cal. Rptr. 522, 528 (Cal. App. 2d Dist. 1972). Indeed, they were not. As the CUD makes clear, Wedgewood did not become the owner of the Glendora property until foreclosure on May 29, 2012. (CUD ¶¶ 4, 9.) The daily "rental rate" cited in the CUD of $83.33 was, therefore, not an obligation arising out of a contractual relationship between the parties, but rather a method of computing Wedgewood's loss of its possessory interest in the property when Plaintiff refused to vacate. This is a distinction with a difference.

While the Ninth Circuit has not yet evaluated whether rent and unpaid residential tenancy obligations are debts within the FDCPA, at least one circuit has, and, where parties have been in a landlord/tenant relationship, "conclude[d] that back rent is a debt." Romea v. Heiberger & Assocs., 163 F.3d 111, 115 (2d Cir. 1998); see also Leasure v. Willmark Cmtys., Inc., 2011 U.S.

---

[3] The Court is also cognizant of authority finding that "a disclaimer identifying [a communication] as an attempt to collect a debt . . . does not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance." Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 386 n.3 (7th Cir. 2010); see also Boosahda v. Providence Dane LLC, 462 Fed. Appx. 331, 334 (4th Cir. 2012).

[4] The Court notes that though Plaintiff alleges numerous facts regarding events prior to when the unlawful detainer judgment was entered, Plaintiff's FDCPA claim concerns only conduct that occurred after the judgment was entered. (See Compl. at 18-21.) Accordingly, the only conceivable debt at issue, and thus the only debt attempted to be collected in the FDCPA claim, is the unlawful detainer judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

Dist. LEXIS 60986, at *6-7 (S.D. Cal. June 6, 2011). Romea predicated its holding on the following rationale:

> Back rent by its nature is an obligation that arises only from the tenant's failure to pay the amounts due under the contractual lease transaction. In this respect, back rent is much like the obligation arising out of a dishonored check where a service has been rendered or goods sold on the premise of immediate payment. The obligation to pay the bounced check, like the duty to pay back rent, does not derive from an extension of credit but rather because the payor breached its payment obligations in the contract between the parties. Virtually all circuits that have addressed the issue of dishonored checks have held such checks to fall under the plain language of the FDCPA's definition of 'debt.'

Romea, 163 F.3d at 115; cf. Charles v. Lundgren & Assocs., P.C., 119 F.3d 739, 741-42 (9th Cir. 1997).

Damages arising out of a judgment are a different matter. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (tort judgment). Efforts to collect such a judgment do not turn it into a covered consumer debt. See Turner, 362 F.3d at 1227-1228 (9th Cir. 2004); Turner v. Cook, 2002 U.S. Dist. LEXIS 28540, at *7-8 (N.D. Cal. Mar. 22, 2002). The Ninth Circuit in Turner found persuasive the Eleventh Circuit's reasoning in Hawthorne v. Mac Adjustment, 140 F.3d 1367 (11th Cir. 1998). Hawthorne held:

> By the plain terms of the statute, not all obligations to pay are considered 'debts' subject to the FDCPA. . . . Rather, the FDCPA may be triggered only when an obligation to pay arises out of a specified 'transaction.' Although the statute does not define the term 'transaction,' we do not find it ambiguous. A fundamental canon of statutory construction directs us to interpret words according to their ordinary meaning. . . . The ordinary meaning of 'transaction' necessarily implies some type of business dealing between parties. . . . In other words, when we speak of 'transactions,' we refer to consensual or contractual arrangements, not damage obligations thrust upon one as a result of no more than her own negligence. . . . Because Hawthorne's alleged obligation to pay Mac Adjustment for damages arising out of an accident does not arise out of any consensual or business dealing, plainly it does not constitute a 'transaction' under the FDCPA."

140 F.3d at 1371; see also Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir. 1997) ("[T]the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or

JS - 6    LINK: 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-00005 GAF (SHx) | Date | February 28, 2013 |
|---|---|---|---|
| Title | Lori Steele v. Law Offices of Sam Chandra et al | | |

services.")

The California courts have made clear that an unlawful detainer action sounds in tort, and that the judgment, like that in Fleming and Turner is a tort judgment, not a consumer debt.

> If the right to recover realty emanates from the breach of a lease provision occurring during an unexpired term of a lease, then the right to recover has its inception in a contractual arrangement between the parties. If the right to recovery is based upon a civil wrong such as possession of property by a trespasser ab initio, or by a holdover tenant as a resulting trespasser, or by an encroacher then the right to recover possession of the property by way of the summary and statutory procedure of unlawful detainer has its inception in tortious conduct.

Fragomeno v. Ins. Co. of the W., 255 Cal. Rptr. 111, 116 (Cal. App. 2d Dist. 1989) (overruled on other grounds by Vandenberg v. Superior Court, 982 P.2d 229, 244 (Cal. 1999)); Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc., 70 Cal. Rptr. 3d 9, 15, 18 (Cal. App. 4th Dist. 2007). Thus, Plaintiff was a trespasser on property that no longer belonged to her and the damages recovered from her fall outside the scope of the FDCPA. Plaintiff's FDCPA claim must fail as a matter of law and is **DISMISSED with prejudice**.

## 2. REMAINING CLAIMS

The Court has dismissed Plaintiff's only federal claim. This case was before the Court solely on federal question jurisdiction. Plaintiff's remaining claims are premised on California state common and statutory law. The Court has only supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), and will therefore **DISMISS** them **without prejudice**, pursuant to § 1367(c)(3).

## IV.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. Plaintiff's FDCPA claim is **DISMISSED with prejudice** and Plaintiff's state claims are **DISMISSED without prejudice**. The hearing presently scheduled for March 11, 2013 is hereby **VACATED**.

**IT IS SO ORDERED.**